IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>　　　　　Defendants. | CIVIL NO. 20-00270 LEK RT<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY OR RECUSE THE HON. LESLIE E. KOBAYASHI** |

**ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY OR RECUSE THE HON. LESLIE E. KOBAYASHI**

Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott (collectively, "Defendants") seek disqualification or recusal of United States District Judge Leslie E. Kobayashi pursuant to 28 U.S.C. §§ 144 and 455. ECF No. 37. The matter was assigned to this Court on December 22, 2020. ECF No. 39. The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful consideration of the pleadings and filings in this case, the Motion is DENIED.

## BACKGROUND

Defendants move to disqualify or recuse Judge Kobayashi based on Judge Kobayashi's rulings and one statement in a separate civil action over which Judge Kobayashi presided in which Galindo was also a defendant, *Auld-Susott v. Galindo*, Civil No. 16-00450 LEK-WRP (the "First Case").[1] ECF No. 37-1 at 2. Galindo asserts in her declaration in support of the Motion, ECF No. 37-2, that eight instances in the First Case evince Judge Kobayashi's bias against her:

1. Judge Kobayashi initially ruled that Galindo could not call witnesses at trial due to her counsel's failure to timely file direct examination testimony, but, upon reconsideration, allowed Galindo to testify as to her defenses, but disallowed other witnesses from testifying. *Id.* at 3–4.

2. Judge Kobayashi did not allow Galindo's counsel to cross-examine the plaintiff in the First Case using the plaintiff's judgment debtor examination. *Id.* at 5.

3. Judge Kobayashi made a finding of a certain badge of fraud relating to a fraudulent transfer claim using a preponderance of the evidence standard,

---

[1] Defendants incorrectly identify the First Case as "Civil No. 19-00350 LEK RLP." ECF No. 37-1 at 2.

rather than the clear and convincing evidence standard that Judge Kobayashi used in examining other badges of fraud. *Id.* at 6.

4. Judge Kobayashi found that there was no consideration for the fraudulent transfer. *Id.* at 6–7.

5. Judge Kobayashi found that Galindo knew that the transfer was done in fraud of the transferor's creditors. *Id.* at 7.

6. Judge Kobayashi declined to reconsider certain rulings she made at the summary judgment phase at trial. *Id.*

7. Judge Kobayashi held that the plaintiffs' claims were brought within the statute of limitations. *Id.* at 7–8.

8. Judge Kobayashi described Galindo's conduct as "reprehensible" in her Order Denying Plaintiffs' Relief from Judgment. *Id.* at 8.

## LEGAL STANDARD

Disqualification of a judge is mandated where his or her impartiality may be reasonably questioned. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Moreover, personal bias or prejudice concerning a party also requires disqualification. *See id.* § 455(b)(1) ("He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party[.]"). Plaintiff also invokes 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

## DISCUSSION

The "substantive standard" for the disqualification or recusal of a judge under 28 U.S.C. §§ 144, 455(a), and 455(b) "is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (alteration in original) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

The Supreme Court has provided the following guidance as to when a judge's rulings or statements can form the basis for disqualification:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of

4

> favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted).

The first seven decisions that Defendants argue reflect Judge Kobayashi's bias against Galindo are each an attempt to second-guess various procedural, evidentiary, and substantive rulings that Judge Kobayashi issued in the First Case. Nothing in Galindo's declaration regarding these seven instances reflects any evidence of "favoritism or antagonism" on Judge Kobayashi's part. *Id.* Defendants' proper remedy is therefore to file an appeal (which they did)—not to seek Judge Kobayashi's disqualification in a separate case.

The final instance upon which Defendants rely is a statement Judge Kobayashi made in a written order describing certain of Galindo's actions as "reprehensible." ECF No. 37-2 at 8. Although Defendants did not provide the full statement in its moving papers here, that sentence reads: "In short, while

[Galindo]'s actions are reprehensible and not condoned, this Court cannot grant Plaintiffs relief under Rule 60." Civ. No. 16-00450 LEK-WRP, ECF No. 192 at 13.

While Judge Kobayashi's statement was strongly worded, it does not reflect bias or prejudice sufficient to warrant her disqualification.[2] *Liteky* recognizes that a judge may arrive at just such a conclusion based on evidence adduced at trial:

> *The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person.* But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings.* It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Liteky*, 510 U.S. at 550–51 (emphasis added) (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)). Thus, that Judge Kobayashi viewed Galindo's

---

[2] Indeed, the fact that the challenged statement was part of a sentence *denying Plaintiff's* Motion for Relief from Judgment demonstrates Judge Kobayashi's lack of bias or prejudice.

conduct as "reprehensible" following the trial in the First Case does not preclude Judge Kobayashi from presiding over a second case involving Galindo.

Defendants' argument that Judge Kobayashi's conduct is similar to the type of conduct that Justice Kennedy viewed as requiring recusal in his concurring opinion in *Liteky* is unavailing. In his concurrence, Justice Kennedy explained that if "a judge presiding over a retrial should state, based upon facts adduced and opinions formed during the original cause, an intent to ensure that one side or the other shall prevail, there can be little doubt that he or she must recuse." *Id.* at 558 (Kennedy, J., concurring). As an example of such egregious conduct, Justice Kennedy cited *Rugenstein v. Ottenheimer*, 152 P. 215 (Or. 1915), in which the Supreme Court of Oregon reversed a judgment because of the "judge's failure to disqualify himself on retrial, where [the] judge had stated: 'This case may be tried again, and it will be tried before me. I will see to that. And I will see that the woman gets another verdict and judgment that will stand.'" *Id.* (some internal quotation marks omitted) (quoting *Rugenstein*, 152 P. at 216). Unlike the judge in *Rugenstein*, Judge Kobayashi did not indicate any intent whatsoever to predetermine or influence the outcome of either the First Case or this case.

Defendants have therefore failed to set forth a legally valid reason for Judge Kobayashi's disqualification or recusal.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Disqualify or Recuse the Hon. Leslie E. Kobayashi is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, December 23, 2020.

Jill A. Otake
United States District Judge

Civil No. 20-00270 LEK-RT, *Evan Auld-Susott, et al. v. Lauryn Galindo, et al.*; ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY OR RECUSE THE HON. LESLIE E. KOBAYASHI