UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT, <br><br>  Plaintiffs, <br><br>  vs. <br><br> LAURYN GALINDO and DANIEL C. SUSOTT, <br><br>  Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' MOTION**
**FOR A STAY OF FURTHER PROCEEDINGS**

Before the Court is Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott's ("D. Susott" and collectively "Defendants") Motion for a Stay of Further Proceedings ("Motion"), filed on November 4, 2020. [Dkt. no. 25.[1]] Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD

---

[1] Defendants also filed an errata to the Motion on December 3, 2020. [Dkt. no. 33.]

8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott ("Plaintiffs") filed their memorandum in opposition on November 18, 2020, and Defendants filed their reply on December 2, 2020.  [Dkt. nos. 29, 33.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Defendants' Motion is hereby denied for the reasons set forth below.

## BACKGROUND

This case harkens back to a transfer of real estate from D. Susott to Galindo in April 2010 (the "April 2010 Transfer").  [Complaint, filed 6/12/20 (dkt. no. 1), at ¶¶ 12-14; Mem. in Supp. of Motion at 2; Mem. in Opp. at 3.]  Plaintiffs, in a prior suit, alleged that transaction was fraudulent and was engaged in solely to prevent Plaintiffs from using the property to satisfy outstanding monetary judgments against D. Susott.  [Auld-Susott as Tr., et al. v. Galindo, CV 16-00450-LEK-WRP ("CV 16-00450"), Complaint, filed 8/10/16 (dkt. no. 1).]  On February 28, 2019, this Court concluded that the April 2010 Transfer was, in fact, fraudulent.  CV 16-00450, Findings of Fact and Conclusions of Law, filed 2/28/19 (dkt.

2

no. 167), at 43, *available at* 2019 WL 993620.  Accordingly, this Court voided the transaction, and title to the property reverted back to D. Susott.  2019 WL 993620, *17.  The Judgment in a Civil Case was entered on March 1, 2019 ("CV 16-00450 Judgment").  [CV 16-00450, dkt. no. 168.]  Galindo filed her notice of appeal on March 23, 2019.  [Id., dkt. no. 175.]

According to the Complaint in the instant case, just days after this Court entered the CV 16-00450 Judgment, D. Susott again – notably, before Plaintiffs could execute on the CV 16-00450 Judgment – transferred the same property to Galindo (the "March 2019 Transfer").  [Complaint at ¶¶ 19-20.] In the instant case, Plaintiffs ask this Court to find the March 2019 Transfer fraudulent, void the transaction, and impose a constructive trust over the property.  [Id. at pgs. 5-8.]  In the Motion, Defendants ask this Court to stay the proceedings in the instant case, pending the outcome of Galindo's appeal in CV 16-00450, which Defendants argue "could be dispositive of" the instant case.  [Mem. in Supp. of Motion at 7.]

## STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706

(1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citation omitted)).

Where pending proceedings bear on the case at hand, a district court may issue a stay if it determines such a stay is in the interest of judicial efficiency and fairness to the parties.  See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  The Ninth Circuit has set out the following framework for analyzing motions to stay pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)); see also Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007).

The party seeking to stay the proceedings carries "the burden of establishing its need."  Clinton, 520 U.S. at 708 (citing Landis, 299 U.S. at 255); see also Fed. Home Loan Mortg.

4

Corp. v. Kama, Civil No. 14-00137 ACK-KSC, 2014 WL 4980967, at *4 (D. Hawai`i Oct. 3, 2014).  "'[I]f there is even a fair possibility that the stay will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'"  Dependable Highway Express, 498 F.3d at 1066 (ellipse omitted) (quoting Landis, 299 U.S. at 255, 57 S. Ct. 163).

## DISCUSSION

Ultimately, Defendants are attempting to stay the execution of the CV 16-00450 Judgment by doing an end-run around the Federal Rules of Procedure.  Such actions will not be sanctioned, and the Motion must be denied.

Defendants argue that, absent a stay, the "hardship" they would suffer by "having to expend extensive attorney's fees and costs in defending in this case" is substantial, while any delay would only minimally impact Plaintiffs because any delay could be compensated in "appropriate prejudgment interest." [Mem. in Supp. of Motion at 6-7.]  While weighing the effect of a stay on **each** party is often quite relevant in determining whether to stay proceedings, in this case it misses the point. Because the Court agrees with Plaintiffs that the present case is "completely of Defendants' own creation," see Mem. in Opp. at

5

4, any effect that a refusal to stay proceedings may have on Defendants is irrelevant.[2]

There was no need for D. Susott to re-transfer the property to Galindo to maintain the status quo ante during the appeal of CV 16-00450.[3]  As Plaintiffs point out, Defendants could have simply sought to stay the CV 16-00450 Judgment pending appeal.  See Fed. R. App. P. 8(a).  They had thirty days to do so.  See Fed. R. Civ. P. 62(a) (stating the execution of most district court judgments are automatically stayed for thirty days, unless ordered otherwise).  During those thirty days, Defendants managed to execute a re-transfer of the property and file an appeal.  See Mem. in Opp., Decl. of Peter Knapman, Esq. ("Knapman Decl."), Exh. 1 (Quitclaim Deed recorded 3/6/19) & Exh. 2 (Quitclaim Deed recorded 4/26/19); CV 16-00450, Defendant Lauryn Galindo's Notice of Appeal, filed 3/23/19 (dkt. no. 175).  Thus, they were acutely aware of the CV 16-00450 Judgment and their rights, and yet refused to follow the normal

---

[2] Even if the Court considered Defendants' claimed hardship if a stay is not granted, the Ninth Circuit is clear that "'being required to defend a suit . . . does not constitute a clear case of hardship or inequity'" counseling in favor of a stay.  Dependable Highway Express, 498 F.3d at 1066 (some internal quotation marks omitted) (quoting Lockyer, 398 F.3d at 1112).

[3] In fact, it is hard to imagine any reason for the March 2019 Transfer other than a bad faith attempt to undermine the CV 16-00450 Judgment, prolong litigation, or extend the time that Defendants remain in possession of the property.

course of procedure to extend the stay of the execution of the judgment.

Instead, D. Susott transferred the same property to Galindo for the same consideration. See Knapman Decl., Exhs. 1 & 2; Complaint at ¶ 21 (alleging the 3/5/19 conveyance and the 4/25/19 conveyance were not supported by any consideration). In other words, they executed the same property transfer that had just been found invalid by this Court. A single motion or, if denied by this Court, two motions — one to this Court and one to the Ninth Circuit - could have resulted in the relief now sought by Defendants. See Fed. R. App. P. 8(a). That is, what Defendants really seek is a stay of the execution of the CV 16-00450 Judgment. This Court will not grant Defendants relief from their obligation to litigate this suit when it was their own **unnecessary** actions that precipitated the need to litigate the March 2019 Transfer in the first place.[4]

---

[4] Defendants argue that, because D. Susott was not a party to the prior lawsuit, the validity of the April 2010 Transfer must be relitigated in this case. [Mem. in Supp. of Motion at 2-3.] They argue this to make it appear as if the CV 16-00450 appeal bears directly on an issue in this case, making their argument to stay proceedings more compelling. See id. But both res judicata and collateral estoppel may be used against a party in privity with a party to a prior case. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 322 F.3d 1064, 1081–82 (9th Cir. 2003) (explaining privity with regard to res judicata); In re Gottheiner, 703 F.2d 1136, 1139–40 (9th Cir. 1983) (explaining same with regard to collateral estoppel). "Privity exists when there is substantial identity between
(. . . continued)

7

Finally, Defendants fail to demonstrate that "the orderly course of justice" weigh in favor of a stay. See Lockyer, 398 F.3d at 1110. If these proceedings are stayed and the Ninth Circuit rules against Defendants in the appeal of CV 16-00450, there is nothing to suggest that Defendants would not engage in the same tactics to further prolong litigation and remain in possession of the property. That is, once the CV 16-00450 appeal is decided, this case would resume. If this Court concludes that the March 2019 Transfer was fraudulent, there is no reason to believe that D. Susott would not then re-transfer the property to Galindo again while a second appeal is pending. This Court will not allow Defendants to keep Plaintiffs and this Court on this hamster wheel.

## CONCLUSION

If Defendants wanted to save on court costs and attorney's fees, they should have followed the applicable rules of procedure and filed a motion to stay the execution of the CV 16-00450 Judgment. Because they failed to do so, equity demands that Defendants' Motion for a Stay of Further Proceedings, filed November 4, 2020, be DENIED.

---

parties, that is, when there is sufficient commonality of interest." Gottheiner, 703 F.2d at 1140 (citation and internal quotation marks omitted); see also Tahoe-Sierra Pres. Council, 322 F.3d at 1081. D. Susott's and Galindo's interests in CV 16-00450 were identical; each wanted the transfer of property found valid.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 27, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO; CV 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' MOTION FOR A STAY OF FURTHER PROCEEDINGS**