# MINUTE ORDER

CASE NUMBER:   CIVIL NO. 20-00270 LEK-RT
CASE NAME:     Evan Auld-Susott et al., vs. Lauryn Galindo et al.,

JUDGE:   Leslie E. Kobayashi      DATE:   07/01/2021

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On June 9, 2021, Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") filed their Motion for Summary Judgment ("Motion"). [Dkt. no. 60.] On June 29, 2021, Defendants Lauryn Galindo and Daniel Susott ("Defendants") filed their *Ex Parte* Application to Strike Plaintiffs' Motion for Summary Judgment, as well as an erratum thereto (collectively "Application"). [Dkt. nos. 71, 72.] This Court finds the Application suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

In the Application, Defendants ask this Court to strike Plaintiffs' Motion because Plaintiffs did not comply with Local Rule 7.8. Local Rule 7.8 states (subject to exceptions which do not apply to Plaintiffs' Motion) that

> counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential partial or complete resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a motion, counsel for the movant shall include in the motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to LR7.8 which took place on [date]."

Plaintiffs' counsel states that he "met and conferred with [Defendants' counsel,] Wayson Wong, Esq. on multiple occasions to discuss the background material facts and

the potential motion for summary judgment.  No agreement was reached on any issues relevant to this motion." [Separate & Concise Statement of Material Facts in Supp. of Pltfs.' Motion for Partial Summary Judgment, filed 6/9/21 (dkt. no. 61), Decl. of Peter Knapman, Esq. at ¶ 5.]

  While this statement in Mr. Knapman's declaration does not include the specific language that Local Rule 7.8 directs a filing party to include in a motion, this Court FINDS that the statement is sufficient evidence that Plaintiffs have complied with the pre-filing conference requirement.  Defendants' Application is therefore DENIED.  The previously issued briefing schedule for the Motion remains in effect, and the hearing on the Motion will proceed as scheduled on **July 23, 2021, at 10:30 a.m.**  See Minute Order - EO: Court Order Setting Briefing Schedule, filed 6/14/21 (dkt. no. 62).

  Although this Court has denied Defendants' Application, Plaintiffs are CAUTIONED that future motions must include the specific language directed in Local Rule 7.8.  Further, while this Court acknowledges that Local Rule 7.8 does not require a filing party to include the pre-filing conference language in a particular place within a motion, this Court believes that the best practice would be to include the language in a prominent location, such as in a separate certification attached to the motion.

  IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager