UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT, | CIVIL 20-00270 LEK-RT |
| Plaintiffs, | |
| vs. | |
| LAURYN GALINDO and DANIEL C. SUSOTT, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

On June 9, 2021, Plaintiffs Evan Auld-Susott ("E. Auld-Susott" or "Evan"), as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott ("Trusts"); and John L. Susott ("J. Susott" or "John" and collectively "Plaintiffs") filed their Motion for Summary Judgment ("Motion"). [Dkt. no. 60.] Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott ("D. Susott" or

"Daniel" and collectively "Defendants") filed their memorandum in opposition on July 2, 2021, and Plaintiffs filed their reply on July 9, 2021.  [Dkt. nos. 74, 76.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  On July 20, 2021, an entering order was issued informing the parties of this Court's rulings on the Motion ("7/20/21 EO Ruling").  [Dkt. no. 79.]  The instant Order supersedes the 7/20/21 EO Ruling.  For the reasons set forth below, Plaintiffs' Motion is hereby granted, and summary judgment is granted in favor of Plaintiffs as to their fraudulent transfer claim and their constructive trust claim.

## BACKGROUND

The instant case follows after the proceedings in Auld-Susott, et al. v. Galindo, CV 16-00450 LEK-WRP ("CV 16-450").  Plaintiffs here were also the plaintiffs in CV 16-450, but Galindo was the only defendant in CV 16-450; D. Susott was not a party in CV 16-450.  A bench trial in CV 16-450 was held on July 10 and 11, 2018, and this Court issued its Findings of Fact and Conclusions of Law on February 28, 2019 ("CV 16-450 FOF/COL").  [CV 16-450, dkt. no. 167.[1]]  Judgment pursuant to the

---

[1] The CV 16-450 FOF/COL is also available at 2019 WL 993620.

CV 16-450 FOF/COL was entered on March 1, 2019, and Galindo filed a notice of appeal on March 23, 2019.  [CV 16-450, dkt. nos. 168, 175.]  The judgment in CV 16-450 was affirmed by the Ninth Circuit in a memorandum disposition on July 9, 2021. [CV 16-450, dkt. no. 194.[2]]  On July 26, 2021, the memorandum disposition was amended and superseded when Galindo's petition for panel rehearing was denied, and the mandate was issued on August 3, 2021.  [CV 16-450, dkt. nos. 195,[3] 196.]

CV 16-450 arose from D. Susott's April 8, 2010 transfer of certain real property located at 3880 Wyllie Road, Apartment 6A, Princeville, Hawai`i 96722 ("the Property") by quitclaim deed to Galindo ("the 2010 Transfer").  CV 16-450 FOF/COL, 2019 WL 993620, at *1.  After the bench trial in CV 16-450, this Court found, by clear and convincing evidence, that Galindo did not provide reasonable consideration to D. Susott in exchange for the 2010 Transfer.  Id. at *8.  Ultimately, this Court ruled that the 2010 Transfer was fraudulent under Haw. Rev. Stat. § 651C-4(a)(1), and therefore Plaintiffs were entitled to avoidance of the 2010 Transfer to satisfy their

---

[2] The CV 16-450 memorandum disposition is also available at 2021 WL 2885842.

[3] The Ninth Circuit's order and amended memorandum disposition are available at 854 F. App'x 217.

claims.  Id. at *17.  In the CV 16-450 FOF/COL, this Court
specifically found that:

> 9.   Non-party Kathryn C. Susott
> ("K. Susott") is J. Susott and D. Susott's
> mother, and E. Auld-Susott's grandmother.
>
> 10.  K. Susott died in February 2009.  Her
> life insurance proceeds funded the Trusts.
>
> 11.  D. Susott is the income beneficiary of
> the Trusts and was the original trustee of the
> Trusts.  E. Auld-Susott and his sister are
> remainder beneficiaries of the Trusts, and
> E. Auld-Susott is the successor trustee of the
> Trusts.
>
> . . . .
>
> 13.  By November 2, 2009, D. Susott had
> removed nearly all of the Trusts' principal,
> which was about $1,000,000.
>
> 14.  On January 26, 2011, E. Auld-Susott
> filed In re: ILIT of Susott, Case No. MP 20193
> ("MP20193"), in the Superior Court of Monterey
> County, State of California ("California state
> court"), in which he demanded D. Susott provide a
> financial accounting for the Trusts.
>
> 15.  On December 9, 2011, J. Susott filed
> Susott v. Susott, Case No. M115348 ("M115348"),
> in the California state court . . . .
>
> 16.  On November 13, 2012, in MP20193, the
> California state court issued an order: removing
> D. Susott as trustee of the Trusts; appointing
> E. Auld-Susott as successor trustee; surcharging
> D. Susott $1,500,917 for breach of trust and
> fiduciary duties; and authorizing E. Auld-Susott,
> as successor trustee, to take collection actions
> against D. Susott ("Surcharge Order").
>
> 17.  Pursuant to the Surcharge Order and
> since November 13, 2013, E. Auld-Susott has
> attempted to recover assets from D. Susott to

4

satisfy the Surcharge Order.  E. Auld-Susott
performed an accounting of the amount recovered
and the amount still owed to the Trusts pursuant
to the Surcharge Order.  As of June 26, 2018, the
amount D. Susott owes the Trusts is $841,407.68.

18.  The Surcharge Order has not been fully
satisfied.

19.  On April 17, 2013, in M115348, the
California state court issued J. Susott a
judgment against D. Susott in the amount of
$1,624,125.07.  On October 24, 2015, J. Susott
filed a copy of the judgment issued in M115348 in
Hawai`i state court pursuant to the Uniform
Enforcement of Foreign Judgments Act, Haw. Rev.
Stat. Chapter 636C ("J. Susott's Judgment").

20.  J. Susott has not received full payment
from D. Susott for the amount owed on J. Susott's
Judgment.

21.  The Court finds that J. Susott's
Judgment has not been fully satisfied.

CV 16-450 FOF/COL, 2019 WL 993620, at *3-4 (citations omitted).

The Quitclaim Deed executed on April 8, 2010 and
recorded in the State of Hawai`i Bureau of Conveyances ("BOC")
on April 26, 2010 as Document Number 2010-056095 ("2010 Deed"),
and the 2010 Transfer that it effected, were ultimately declared
void.  The Property therefore reverted to D. Susott.  Id. at
*17.

The Complaint in the instant case was filed on
June 12, 2020, based on diversity of citizenship.  [Dkt. no. 1
at ¶¶ 2-6.]  The Complaint alleges the Surcharge Order and
J. Susott's Judgment still have not been satisfied.  [Id. at

¶¶ 9-11.]  Plaintiffs further allege that, within days after the
entry of the CV 16-450 FOF/COL, D. Susott again transferred the
Property to Galindo, without consideration ("2019 Transfer").
[Id. at ¶¶ 19-21.]  Plaintiffs argue the 2019 Transfer violated
the CV 16-450 FOF/COL and was intended to prevent Plaintiffs
from executing their judgments on the Property.  [Id. at ¶ 23.]
The Complaint alleges the following claims: a fraudulent
conveyance claim, pursuant to the Hawai`i Uniform Fraudulent
Transfer Act ("HUFTA"), Haw. Rev. Stat. Chapter 651C
("Count I"); unjust enrichment ("Count II"); and constructive
trust ("Count III").

          In support of the instant Motion, Plaintiffs present:

-a Quitclaim Deed for the Property by D. Susott as grantor and
    Galindo as grantee, dated March 5, 2019, and recorded with
    the BOC on March 6, 2019 as document number A-70040724
    ("March 2019 Quitclaim Deed"); [Separate and Concise
    Statement of Material Facts in Supp. of Pltfs.' Motion for
    Summary Judgment ("CSOF"), filed 6/9/21 (dkt. no. 61),
    Decl. of Peter Knapman, Esq. ("Knapman Decl."), Exh. 8;]
    and

-a Quitclaim Deed for the Property by D. Susott as grantor and
    Galindo as grantee, dated April 25, 2019, and recorded with
    the BOC on April 26, 2019 as document number A-70550771
    ("April 2019 Quitclaim Deed"), [Knapman Decl., Exh. 9].

Plaintiffs state they do not know why D. Susott executed two
quitclaim deeds to effectuate the same transfer.  [Mem. in Supp.
of Motion at 4 n.3.]  Plaintiffs argue the purported
consideration for the 2019 Transfer was the same as the
purported consideration for the 2010 Transfer; the 2019 Transfer

was not supported by any new consideration.  [CSOF at ¶ 16 (citing Knapman Decl., Exh. 7 (Decl. of Daniel C. Susott with Exhibits "1-2" to It, dated 3/4/19 ("D. Susott Decl.")))].  Plaintiffs argue that, because of the 2019 Transfer, they are unable to enforce the CV 16-450 judgment.  [Mem. in Supp. of Motion at 5.]

Plaintiffs emphasize that they both hold unsatisfied judgments against D. Susott.  [Id. (citing CSOF, Decl. of John L. Susott ("J. Susott Decl."), Exh. 3 (J. Susott's Judgment)).]  Plaintiffs argue the M115348 judgment was entered based on claims that J. Susott brought, in part, in his individual capacity.  [Id. (citing J. Susott Decl., Exh. 6 (Second Amended Complaint in M115348)).]

A Settlement Agreement and Mutual Release of Claims, effective August 1, 2016 ("Settlement Agreement"), was entered into between:

-E. Auld-Susott, individually, as Trustee of the Trusts, and as General Partner of the Susott Family Limited Partnership ("Family LP");

-J. Susott, individually, as Executor of K. Susott's Estate, as Trustee of The Kathryn C. Susott Living Trust Under Agreement dated May 2, 1997, the John L. Susott Exempt Marital Trust Under Agreement dated May 27, 1985, the John L. Susott Non-Exempt Marital Trust under Agreement dated May 27, 1985, and the John L. Susott Exempt Residuary Trust II FBO John L Susott, Jr., and as Limited Partner of the Family LP; and

-D. Susott, individually and as the named beneficiary of the Trusts and of the Kathryn C. Susott Living Trust.

7

[CSOF, Decl. of Evan Auld-Susott ("E. Auld-Susott Decl."), Exh. 4 (Settlement Agreement).]   The Settlement Agreement contained the following exceptions:

> The Parties expressly and unequivocally agree that this Agreement explicitly excludes from this Agreement or any present settlement, Case No. M115348, except to the extent expressed herein concerning the charging order of paragraph 4(e) and judgment liens of paragraphs 13(a) and 13(b) as set forth in below; or Case No. 16CV001555, currently pending in Monterey County Superior Court, or which may be hereafter transferred by motion or stipulation to another venue; and the contemplated action in U.S. District Court, Hawaii, to impress a constructive trust on certain Princeville, Hawaii property. John and/or Evan shall not seek any affirmative relief whatsoever or judgment from Daniel, in the Hawaii action, providing he is not in material default in any term, provision or obligation under this Agreement nor shall he be personally liable for any judgment amount, if any, awarded in 16CV001555 providing he is not in material default in any term, provision or obligation under this Agreement.   Judgment awards in either or both cases shall be credited to the respective case judgments against Daniel.

[Id. at 7, ¶ 12.]   Plaintiffs argue this provision allowed J. Susott's individual claims and his claims as Trustee of various trusts could be pursued against the Property.   [Mem. in Supp. of Motion at 6.]

In the instant Motion, Plaintiffs argue that, based on the rulings in CV 16-450, there is no genuine issue of fact as to: their status as creditors of D. Susott; and the lack of reasonably equivalent value for the 2019 Transfer.   Plaintiffs

therefore argue they are entitled to summary judgment as to Counts I and III.  The Motion does not seek summary judgment as to Count II.

## DISCUSSION

### I.   Effect of CV 16-450

At the outset, it must be determined what effect, if any, the rulings in CV 16-450 have in the instant case.  "The preclusive effect of a federal-court judgment is determined by federal common law."  Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion,[4] which are collectively referred to as "res judicata."  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  New Hampshire v. Maine, 532 U.S. 742, 748 (2001).  Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  Id., at 748-749.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by

---

[4] Claim preclusion is sometimes referred to as merger or bar, Taylor, 553 U.S. at 892 n.5, as well as res judicata, see Brownback v. King, 141 S. Ct. 740, 747 n.3 (2021).  Issue preclusion is sometimes referred to as collateral, or direct, estoppel.  See Taylor, 553 U.S. at 892 n.5.

> minimizing the possibility of inconsistent
> decisions." <u>Montana v. United States</u>, 440 U.S.
> 147, 153–154 (1979).

<u>Id.</u> at 892 (some alterations in <u>Taylor</u>) (footnote omitted).  As

the party asserting that the CV 16-450 rulings have a res

judicata effect, Plaintiffs bear the burden of establishing all

of the elements.  <u>See</u> <u>Garity v. APWU Nat'l Labor Org.</u>, 828 F.3d

848, 855 (9th Cir. 2016) (some citations omitted) (quoting

<u>Taylor v. Sturgell</u>, 553 U.S. 880, 907, 128 S. Ct. 2161, 171 L.

Ed. 2d 155 (2008)).

This Court concludes that the res judicata analysis

applicable to this case is issue preclusion.

> For issue preclusion to apply, four conditions
> must be met: "(1) the issue at stake was
> identical in both proceedings; (2) the issue was
> actually litigated and decided in the prior
> proceedings; (3) there was a full and fair
> opportunity to litigate the issue; and (4) the
> issue was necessary to decide the merits."
> <u>Oyeniran v. Holder</u>, 672 F.3d 800, 806 (9th Cir.
> 2012), *as amended* (May 3, 2012) . . . .

<u>Janjua v. Neufeld</u>, 933 F.3d 1061, 1065 (9th Cir. 2019).

Both CV 16-450 and the instant case involved

fraudulent transfer claims under HUFTA.  Although the two claims

are not identical because they address two different transfers,

only the issues need to be identical for purposes issue

preclusion.  In the CV 16-450 FOF/COL, this Court stated:

> 14.  To establish liability on their Count I
> claim, Plaintiffs must show that D. Susott made
> the Transfer "[w]ith actual intent to hinder,

delay, or defraud any creditor of [his]." <u>See</u>
§ 651C-4(a)(1).

. . . .

17.   Liability under § 651C-4(a)(1) depends
only on the debtor-transferor's intent.  [<u>Schmidt</u>
<u>v. HSC, Inc.</u> ("]<u>Schmidt II</u>[")] 136 Hawai`i [158,]
170–71, 358 P.3d [727,] 739-40 [(Ct. App. 2015)].
"The transferees' fraudulent intent, lack
thereof, or even good faith acceptance of the
transferred asset, is not at issue." <u>Id.</u> at 171,
358 P.3d at 740.  "In other words, first, the
fact-finder must determine whether there is clear
and convincing evidence of the transferor's
fraudulent intent.  Then, the fact-finder may
examine [the transferee's affirmative defense of
taking] in good faith **and** for reasonably
equivalent value." <u>Id.</u> at 167, 358 P.3d at 736
(emphasis in original).

CV 16-450 FOF/COL, 2019 WL 993620, at *13 (emphasis and some

alterations in CV 16-450 FOF/COL).  Evidence regarding the issue

of whether the transferee paid reasonably equivalent value is

also "'germane to a finding of actual intent.  A determination

that a debtor did not receive reasonably equivalent value is

probative, circumstantial evidence tending to prove that the

debtor actually intended to defraud its creditors.'" <u>Id.</u> at *15

(brackets omitted) (quoting <u>In re Agric. Research & Tech. Grp.,</u>

<u>Inc.</u> ("<u>Agretech</u>"), 916 F.2d 528, 537 (9th Cir. 1990)).

A.   <u>**Creditor Status**</u>

Whether Plaintiffs were creditors of D. Susott as to

the 2010 Transfer was litigated in CV 16-450, and this Court

granted summary judgment on the issue in Plaintiffs' favor.  <u>See</u>

11

CV 16-450, Order Granting Plaintiffs' Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment, filed 6/27/18 (dkt. no. 122) ("CV 16-450 6/27/18 Order"), at 14 ("Plaintiffs are entitled to judgment as a matter of law that J. Susott is a creditor of D. Susott."); id. at 16-17 ("Plaintiffs are entitled to judgment as a matter of law that E. Auld-Susott, as trustee of the Trusts, is a creditor of D. Susott").[5]

In CV 16-450, Plaintiffs filed a motion seeking partial summary judgment on the issue of whether they had standing to pursue their fraudulent conveyance claim challenging the 2010 Transfer because they were creditors of D. Susott. Galindo opposed Plaintiffs' motion, and she also filed a motion for summary judgment, arguing that Plaintiffs were not creditors of D. Susott and therefore lacked standing to pursue a fraudulent conveyance claim.[6]  See CV 16-450 6/27/18 Order, 2018 WL 3148095, at *1.  Thus, the issue of whether Plaintiffs were creditors of D. Susott as to the 2010 Transfer was "actually litigated [because it was] raised, contested, and submitted for

---

[5] The CV 16-450 6/27/18 Order is also available at 2018 WL 3148095.

[6] Plaintiffs' motion and Galindo's motion were both filed on January 31, 2018.  [CV 16-450, dkt. nos. 78, 80.]  Plaintiffs filed their memorandum in opposition to Galindo's motion on April 2, 2018.  [Id., dkt. no. 85.]  Galindo filed her memorandum in opposition to Plaintiffs' motion on April 3, 2018. [Id., dkt. no. 87.]

determination" in CV 16-450.  See Janjua, 933 F.3d at 1066 (citations omitted).  After the parties' submission of written memoranda, a hearing on the motions was held on May 21, 2018, and this Court issued its decision on the motions in the CV 16-450 6/27/18 Order.  2018 WL 3148095, at *1.  Thus, the issue of whether Plaintiffs were creditors of D. Susott as to the 2010 Transfer was decided in a prior proceeding after a full and fair opportunity to litigate the merits of the issue.  Further, the determination of the issue was necessary to the merits of CV 16-450 because Plaintiffs' status as creditors of D. Susott was critical to their standing to bring the fraudulent transfer claim in that case.  See 6/27/18 Order, 2018 WL 3148095, at *6 ("Both E. Auld-Susott, as trustee of the Trusts, and J. Susott are creditors of D. Susott under § 651C-1.  Plaintiffs therefore have standing to pursue their Count I claim against [Galindo].").

Similarly, in order to prevail on their fraudulent transfer claim in the instant case, Plaintiffs must establish that they were creditors of D. Susott as to the 2019 Transfer. See generally Complaint at ¶¶ 25-32 (Count I); see also CV 16-450 6/27/18 Order, 2018 WL 3148095, at *4 ("Plaintiffs are only entitled to relief on their HUFTA claim if they are presently creditors of D. Susott." (citing Haw. Rev. Stat. § 651C-7)). The debts that Plaintiffs now assert render them creditors of

13

D. Susott as to the 2019 Transfer are the same as the debts that they asserted in CV 16-450 rendered them creditors of D. Susott as to the 2010 Transfer.  Compare E. Auld-Susott Decl., Exh. 1 (Surcharge Order); id., Exh. 4 (Settlement Agreement); and J. Susott Decl., Exh. 3 (J. Susott's Judgment), with CV 16-450 FOF/COL, 2019 WL 993620, at *3-4 (Findings of Fact ¶¶ II.16-21). This Court found that neither the Surcharge Order nor J. Susott's Judgment had been fully satisfied.  CV 16-450 FOF/COL, 2019 WL 993620, at *4 (Findings of Fact ¶¶ II.18, 21).

Similarly, Plaintiffs have presented evidence that there has been no satisfaction of those debts since the conclusion of CV 16-450.  See E. Auld-Susott Decl. at ¶¶ 6-7 & Exh. 2 (accounting of monies received by the Trusts in E. Auld-Susott's collection efforts against D. Susott); E. Auld-Susott Decl. at ¶ 12 (stating nothing has been recovered on J. Susott's Judgment).  Even construing the record in the light most favorable to Defendants as the non-moving parties,[7] there are no genuine issues of material fact, and this Court concludes, as a matter of law, that the issue of whether Plaintiffs are

---

[7] See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).  Further, even in under this standard, this Court rejects Defendants' argument that the J. Susott's Judgment does not reflect any liability by D. Susott to J. Susott, in his individual capacity.  Their argument is belied by the plain language of the relevant documents in M115348.  See J. Susott Decl., Exh. 3 (J. Susott's Judgment), Exh. 6 (Second Amended Complaint in M115348).

14

currently creditors of D. Susott is identical to an issue that was addressed in CV 16-450, whether Plaintiffs were creditors of D. Susott at that time.  See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Thus, the first requirement for issue preclusion is satisfied.  For the reasons set forth above, the other issue preclusion requirements are also satisfied.  There are no genuine issues of material fact, and this Court concludes, as a matter of law, that the ruling in CV 16-450 that Plaintiffs were creditors of D. Susott has a preclusive effect in the instant case.  This Court therefore rules that Plaintiffs were creditors of D. Susott as to the 2019 Transfer.

B.  **Value Received**

During the CV 16-450 trial, the parties presented evidence regarding the issue of whether D. Susott received consideration that was constituted reasonably equivalent value for the Property.  CV 16-450 FOF/COL, 2019 WL 993620, at *7-8 (Findings of Fact § III.I).  This Court found "by clear and convincing evidence that [Galindo] did not provide reasonable consideration to D. Susott in exchange for the Transfer, *i.e.*, taking title by quitclaim deed to the Property.  This factor weighs heavily in favor of actual fraudulent intent."  Id. at *8

15

(Findings of Fact ¶ III.I.71).  Based on this and other findings, this Court found that "Plaintiffs have shown by clear and convincing evidence that D. Susott made the Transfer '[w]ith actual intent to hinder, delay, or defraud' Plaintiffs in their capacity as creditors of D. Susott." Id. at *15 (Conclusions of Law ¶ E.26) (alteration in CV 16-450 FOF/COL) (quoting § 651C-4(a)(1)).  In addition, this Court concluded that Galindo failed to "prove[] that she took the Property in good faith and provided D. Susott with a reasonably equivalent value, [and therefore] she fail[ed] to establish the affirmative defense applicable to good faith transferees under [Haw. Rev. Stat.] § 651C-8(a)." Id. at *16 (Conclusions of Law ¶ F.30).

Plaintiffs' fraudulent transfer claim in the instant case also requires the determination of the issue of whether Galindo provided D. Susott with reasonably equivalent value in exchange for the Property.  Plaintiffs present a declaration by D. Susott, dated March 4, 2019, signed "under penalty of perjury[.]" [D. Susott Decl. at pg. 3.]  He recognizes that, as a result of CV 16-450, the deed effecting the 2010 Transfer was set aside, and he became the owner of the Property again.  [Id. at ¶ 5.]  However, because he "believe[s] that the set aside was incorrect and wrongful and causes [him] liability to Lauryn Galindo for the amounts she paid and/or provided to [him] under

the sales agreement[,]" to settle Galindo's potential claims against him, he effected the 2019 Transfer.  [Id. at ¶¶ 6-7.]

### 1.   Identical Consideration

To the extent that the 2019 Transfer is based on the same purported consideration that was allegedly provided for the 2010 Transfer, the issues whether the transfer of the Property in exchange for that purported consideration indicates actual fraudulent intent and whether that purported consideration was reasonably equivalent value for the Property are identical to issues in CV 16-450.  Thus, the first requirement for issue preclusion is satisfied.

The issues were actually litigated and decided, after a full and fair opportunity to litigate those issues during the trial for CV 16-450.  See CV 16-450 CV FOF/COL, 2019 WL 993620, at *7-8 (Findings of Fact § III.I), *15 (Conclusions of Law ¶ E.26), *16 (Conclusions of Law ¶ F.30).  Therefore, the second and third requirements for issue preclusion are satisfied.  The fourth requirement is also satisfied because the rulings on those issues were necessary to decide the merits of CV 16-450. See id. at *16 (Conclusions of Law ¶ F.31) ("Because Plaintiffs have established their prima facia case and [Galindo] has failed to establish any affirmative defense to liability, [Galindo] is liable to Plaintiffs on their Count I claim.").  There are no genuine issues of material fact, and this Court concludes, as a

17

matter of law, that the ruling in CV 16-450 that D. Susott did not receive reasonably value for the Property in the 2010 Transfer has preclusive effect in the instant case.  This ruling is relevant both to the issue of whether the 2019 Transfer was made with actual fraudulent intent and the issue of whether Galindo was a good faith transferee in the 2019 Transfer.

### 2.   **Galindo's Claims Against D. Susott**

D. Susott states that, because of his actions and/or omissions related to the 2010 Transfer, Galindo "had to defend herself in [CV 16-450] and incur at least up to $125,000 in attorney's fees and costs and suffer substantial emotional distress and anxiety over the last two to three years" prior to the date of the declaration, and Galindo "has asked [D. Susott] to compensate her for that."  [D. Susott Decl. at ¶ 8.]  Whether Galindo had any claims against D. Susott, such as a form of indemnification claim or an emotional distress claim, arising from CV 16-450 was not litigated in that case.  However, in CV 16-450, the parties litigated the issue of whether Galindo was a good faith transferee, and this Court ultimately found, by clear and convincing evidence, that Galindo "provided no value in exchange for the [2010] Transfer" and "did not take the Property in good faith."  CV 16-450 FOF/COL, 2019 WL 993620, at *11 (Findings of Fact ¶¶ V.102-03).

18

Whether Galindo provided any value in exchange for the Property in the 2010 Transfer and whether she received the Property in good faith are also at issue in the instant case because they are relevant to the issue of whether she had any claims for indemnification or emotional distress as a result of the litigation in CV 16-450.  If she had no such claims, then her purported waiver of those claims could not constitute value paid to D. Susott in the 2019 Transfer.  The issues of whether Galindo provided value in the 2010 Transfer and whether she acted in good faith are identical to issues in CV 16-450.  Thus, the first requirement for issue preclusion is satisfied.

The second and third requirements for issue preclusion are satisfied because those issues were actually litigated and decided, after a full and fair opportunity to litigate those issues during the trial for CV 16-450.  See id. at *11 (Findings of Fact § V).  The fourth requirement is also satisfied because the rulings on those issues were necessary to decide the merits of CV 16-450.  See id. at *16 (Conclusions of Law ¶ F.31). There are no genuine issues of material fact, and this Court concludes, as a matter of law, that the rulings in CV 16-450 that Galindo did not give any value for the Property in the 2010 Transfer and that she did not act in good faith have preclusive effect in the instant case.

Based on those rulings, there are no genuine issues of material fact, and this Court concludes, as a matter of law, that Galindo had no actionable claims against D. Susott arising from CV 16-450.  Galindo's purported waiver of those claims therefore had no value.  In light of the preclusive effect of the rulings addressed in this section and in section I.B.1, *supra*, there are no genuine issues of material fact, and this Court concludes as a matter of law that Galindo provided no value in exchange for the 2019 Transfer.

**C.    Other Findings**

The same analysis set forth above also applies to the other rulings relevant to the fraudulent transfer analysis in CV 16-450: Galindo was an insider with respect to D. Susott; id. at *5 (Findings of Fact ¶ III.A.29); D. Susott possessed and controlled the Property after he purchased it on March 6, 2007; id. (Findings of Fact ¶ III.B.35); D. Susott was aware of potential claims against him that could result in legal judgments against him; id. at *6 (Findings of Fact ¶¶ III.D.46, III.E.47); the Property was substantially all of D. Susott's assets; id. at *7 (Findings of Fact ¶¶ III.F.54); and there were other circumstances that were pertinent to actual intent, id. at *9-10 (Findings of Fact § III.M).  These rulings have preclusive effect in the instant case.

20

Viewing the record in the light most favorable to
Defendants, the analysis of the following factors in CV 16-450
is not identical to the analysis of these factors in the instant
case: whether the transfer of the Property was disclosed or
concealed; id. at *5 (Findings of Fact § III.C); whether
D. Susott has absconded; id. at *7 (Findings of Fact § III.G);
and whether D. Susott was, or became shortly thereafter,
insolvent; and whether he made the transfer shortly after
incurring a substantial debt, id. at *8-9 (Findings of Fact
§§ III.J, K).  Although the ultimate result of each of these
issues would likely be the same in the instant case, the
analysis of each issue depends upon additional facts that were
not considered in the original analysis in CV 16-450, and
therefore these issues in the instant case are not identical to
the corresponding issues in CV 16-450.[8]

D.    **Application to the Instant Case**

Considering the rulings from CV 16-450 that have
preclusive effect in the instant case, and viewing the record in
the light most favorable to Defendants, there are no genuine
issues of material fact, and there are sufficient badges of

---

[8] The factors that were inapplicable in CV 16-450 are also
inapplicable in the instant case: whether D. Susott removed or
concealed assets; CV 16-450 FOF/COL, 2019 WL 993620, at *7
(Findings of Fact § III.H); and whether he transferred the
business's essential assets to lienor who transferred the assets
to an insider, id. at *9 (Findings of Fact § III.L).

fraud and other indicia of actual intent to establish, by clear and convincing evidence that D. Susott made the 2019 Transfer "[w]ith actual intent to hinder, delay, or defraud" Plaintiffs in their capacity as creditors of D. Susott.  See § 651C-4(a)(1).  This conclusion is based on all the evidence pertinent to D. Susott's actual intent, considered as a whole.  See Schmidt II, 136 Hawai`i at 175, 358 P.3d at 744.  As in CV 16-450, some of the badges of fraud were more important than others, and the fact that Galindo did not pay reasonably equivalent value in the 2019 Transfer was especially important to this Court's conclusion that D. Susott made the 2019 Transfer with actual fraudulent intent.  See CV 16-450 FOF/COL, 2019 WL 993620, at *15 (Conclusions of Law ¶ E.27) (citing Agretech, 916 F.2d at 537).  Plaintiffs are therefore entitled to a summary judgment ruling that they have established the prima facie case for their fraudulent transfer claim.

Similarly, considering the rulings from CV 16-450 that have preclusive effect in the instant case, and viewing the record in the light most favorable to Defendants, there is insufficient evidence to raise a genuine issue of fact for trial as to Defendants' defense that Galindo was a good faith transferee.  Defendants cannot prove that Galindo acted in good faith when she took the Property in the 2019 Transfer, nor can they prove that she gave D. Susott reasonably equivalent value

for the Property.  Defendants therefore cannot establish the affirmative defense that Galindo was a good faith transferee. See id. at *15-16 (Conclusions of Law § F) (discussing § 651C-8(a) and case law applying that provision).  Plaintiffs are entitled to a summary judgment ruling that Defendants do not have a valid affirmative defense to liability for Plaintiffs' fraudulent transfer claim.

In light of the summary judgment rulings as to Plaintiffs' prima facie case and Defendants' lack of a valid affirmative defense, Plaintiffs are entitled to summary judgment on Count I.  Further, there are no genuine issues of material fact, and Plaintiffs are entitled to a summary judgment ruling that the record establishes, by clear and convincing evidence that, in the 2019 Transfer, Galindo took the Property in objective bad faith.  Cf. id. at *16 (Conclusions of Law § H). Plaintiffs are therefore entitled to "[a]voidance of the [2019 T]ransfer to the extent necessary to satisfy" their claims.  See § 651C-7(a)(1).

This Court therefore ORDERS that: the 2019 Transfer and the deeds executed to effectuate the transfer are void; and title in the Property reverts from Galindo to D. Susott.

## II.  **Count III - Constructive Trust**

In the CV 16-450 FOF/COL, this Court dismissed Plaintiffs' constructive trust and unjust enrichment claims

23

because the availability of an adequate remedy at law for the 2010 Transfer, *i.e.* the HUFTA remedies, deprived this Court of jurisdiction to award equitable remedies to Plaintiffs.  2019 WL 993620, at *16-17 (Conclusions of Law § I) (some citations omitted) (citing <u>Beneficial Haw., Inc. v. Kida</u>, 96 Hawai`i 289, 312, 30 P.3d 895, 918 (2001)).  This Court recognized that, "[u]nder Hawai`i law, 'equity will not take jurisdiction when the complainant has a complete and adequate remedy at law. . . .'"  <u>Id.</u> at *16 (quoting <u>Beneficial Haw., Inc. v. Kida</u>, 96 Hawai`i 289, 312, 30 P.3d 895, 918 (2001)).

It is undisputed that, shortly after the CV 16-450 FOF/COL was issued, D. Susott executed the 2019 Transfer.  Thus, the HUFTA remedy ordered in CV 16-450 was not a "complete and adequate remedy at law" because it did not enable Plaintiffs to use the Property to collect upon the debts that D. Susott owes them.  <u>See</u> <u>Beneficial Haw.</u>, 96 Hawai`i at 312, 30 P.3d at 918 (citation omitted).  This Court has also awarded Plaintiffs a HUFTA remedy in the instant case.  However, in light of Defendants' execution of the 2019 Transfer in an apparent attempt to avoid the effect of the rulings in CV 16-450, this Court concludes that the HUFTA remedy is not a complete and adequate remedy in the instant case, and therefore an equitable remedy - specifically a constructive trust - is appropriate in this case.  <u>See</u> <u>id.</u> at 315, 30 P.3d at 921 ("A constructive

24

trust is one way through which the conscience of equity finds expression.  When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity may convert him into a trustee." (brackets, citations, and quotation marks omitted)).

There are no genuine issues of material fact, and this Court concludes that Plaintiffs are entitled to the equitable remedy of a constructive trust.  Plaintiffs' Motion is therefore granted, insofar as summary judgment is granted in favor of Plaintiffs as to Count III.  In light of the imposition of a constructive trust, D. Susott holds the Property in trust, for the benefit of Plaintiffs, to the extent necessary to satisfy their claims against him.

However, based on the circumstances of this case, this Court finds that it is appropriate to appoint a new trustee for the Property.  In the 7/20/21 EO Ruling, this Court directed Plaintiffs to file an application for the appointment of a trustee.  [7/20/21 EO Ruling at 2.]  On August 3, 2021, Plaintiffs filed their Application for Appointment of Trustee Pursuant to Minute Order filed July 20, 2021 [Dkt. 79] ("Application").  [Dkt. no. 84.]  The Application is REFERRED to the magistrate judge.  Defendants' objections to the selection of the proposed trustee remain due by **August 17, 2021.**  If

Plaintiffs choose to file an optional reply in support of the Application, they must do so by **August 27, 2021.**

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment, filed June 9, 2021, is HEREBY GRANTED. Summary judgment is GRANTED in favor of Plaintiffs as to Counts I and III of Plaintiffs' Complaint, filed June 12, 2020.

Plaintiffs are DIRECTED to file a statement informing the Court of whether they intended to pursue Count II. Plaintiffs' statement must be filed by **September 1, 2021.** After reviewing Plaintiffs' statement, this Court will determine whether a response from Defendants, or other action by this is Court, is necessary. In other words, Defendants are not to file a response to Plaintiffs' statement unless this Court specifically directs them to file one.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 18, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**