UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT, <br><br>        Plaintiffs, <br><br>    vs. <br><br> LAURYN GALINDO and DANIEL C. SUSOTT, <br><br>        Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER: CLARIFYING THE ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE ORDER**

On August 18, 2021, the Order Granting Plaintiffs'

Motion for Summary Judgment was issued ("8/18/21 Order").  [Dkt.

no. 88.[1]]  On September 1, 2021, Defendants Lauryn Galindo

("Galindo") and Daniel C. Susott ("D. Susott" and collectively

"Defendants") filed their motion for reconsideration of the

---

[1] The 8/18/21 Order is also available at 2021 WL 3669307.
The 8/18/21 Order ruled on the Motion for Summary Judgment that
was filed on June 9, 2021, [dkt. no. 60].

8/18/21 Order ("Motion for Reconsideration").[2]  [Dkt. no. 92.]
This Court hereby clarifies the 8/18/21 Order and, in light of
the clarification, denies Defendants' Motion for
Reconsideration, for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is
set forth in the 8/18/21 Order and will not be repeated here.
In the 8/18/21 Order, this Court granted summary judgment in
favor of Plaintiffs Evan Auld-Susott ("E. Auld-Susott" or
"Evan"), as Trustee for (1) Irrevocable Life Insurance Trust of
John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated,
Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life
Insurance Trust of John L. Susott and Kathryn C. Susott UAD
8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott
("Trusts"); and John L. Susott ("J. Susott" or "John" and
collectively "Plaintiffs") as to: their fraudulent conveyance
claim, brought pursuant to the Hawai`i Uniform Fraudulent
Transfer Act ("HUFTA"), Haw. Rev. Stat. Chapter 651C
("Count I"); and their constructive trust claim ("Count III").
See Complaint, filed 6/12/20 (dkt. no. 1), at ¶¶ 25-32, 37-28.

---

[2] The Court has considered the Motion for Reconsideration as
a non-hearing matter pursuant to Rule LR7.1(d) of the Local
Rules of Practice for the United States District Court for the
District of Hawaii ("Local Rules").

The 8/21/21 Order noted Plaintiffs were not seeking summary judgment as to their unjust enrichment claim ("Count II").  2021 WL 3669307, at *4; see also Complaint at ¶¶ 33-36.  Plaintiffs were directed to file a statement addressing whether they intend to pursue Count II, in light of the rulings in the 8/18/21 Order.  8/18/21 Order, 2021 WL 3669307, at *10.  On September 1, 2021, Plaintiffs filed a memorandum regarding Count II ("Count II Memorandum").  [Dkt. no. 93.]  They state that, unless reconsideration of the 8/18/21 Order is granted, Count II is moot.  [Id. at 2 & n.2.]

Defendants seek reconsideration of the 8/18/21 Order on the grounds that: issue preclusion does not apply in this case because of a lack of privity; and there are genuine issues of material fact that preclude summary judgment.

**STANDARD**

The 8/18/21 Order is a case-dispositive order, and therefore Defendants' Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable."  See Local Rule LR60.1.  Because no judgment has been issued in this case, Fed. R. Civ. P. 60 applies.  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . .

3

order, or proceeding for the following reasons: . . . (6) any

other reason that justifies relief." The Ninth Circuit has

stated:

> We use Rule 60(b)(6) "sparingly as an equitable
> remedy to prevent manifest injustice." United
> States v. Alpine Land & Reservoir Co., 984 F.2d
> 1047, 1049 (9th Cir. 1993).  To receive relief
> under Rule 60(b)(6), a party must demonstrate
> "extraordinary circumstances which prevented or
> rendered him unable to prosecute [his case]."
> [Community Dental Services v.] Tani, 282 F.3d
> [1164,] 1168 [(9th Cir. 2002)] (citing Martella
> v. Marine Cooks & Stewards Union, 448 F.2d 729,
> 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some

alterations in Lal).

As to motions for reconsideration in general, this

district court has stated:

> A motion for reconsideration must:
> (1) demonstrate reasons that the court should
> reconsider its prior decision; and (2) must set
> forth facts or law of a strongly convincing
> nature to induce the court to reverse its prior
> decision.  Fisher v. Kealoha, 49 F. Supp. 3d 727,
> 734 (D. Haw. 2014).  The Ninth Circuit has said
> that reconsideration may be appropriate if:
> (1) the district court is presented with newly
> discovered evidence; (2) the district court
> committed clear error or the initial decision was
> manifestly unjust; or (3) if there is an
> intervening change in controlling law.  See Sch.
> Dist. No. 1J, Multnomah Cty., Or. v. ACandS,
> Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is
> an insufficient basis for reconsideration.
> Fisher, 49 F. Supp. 3d at 735.  This court
> "'enjoys considerable discretion in granting or
> denying the motion.'"  Allstate Ins. Co. v.

> Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)
> (quoting McDowell v. Calderon, 197 F.3d 1253,
> 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at

*2 (D. Hawai`i Dec. 4, 2020) (footnote omitted).  There has been

no intervening change in the controlling law at issue in the

Motion for Reconsideration, and Defendants do not present any

newly discovered evidence.  Defendants assert there were

manifest errors of law and fact in the 8/18/21 Order.  [Motion

for Reconsideration at 1.]

## DISCUSSION

I.   **Reconsideration**

A.   **Privity**

Defendants first argue this Court made a manifest

error of law by applying collateral estoppel, *i.e.*, issue

preclusion, to D. Susott because he was not in privity with

Galindo as to Auld-Susott, et al. v. Galindo, CV 16-00450 LEK-

WRP ("CV 16-450").  The 8/18/21 Order stated:

> For issue preclusion to apply, four conditions
> must be met: "(1) the issue at stake was
> identical in both proceedings; (2) the issue was
> actually litigated and decided in the prior
> proceedings; (3) there was a full and fair
> opportunity to litigate the issue; and (4) the
> issue was necessary to decide the merits."
> Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir.
> 2012), *as amended* (May 3, 2012) . . . .

2021 WL 3669307, at *4 (quoting Janjua v. Neufeld, 933 F.3d

1061, 1065 (9th Cir. 2019)).

5

Ninth Circuit cases describing the issue preclusion requirements without privity arguably omitted it because it was not at issue. See, e.g., Snoqualmie Indian Tribe v. Washington, 8 F.4th 853, 864 (9th Cir. 2021) (quoting Janjua v. Neufeld, 933 F.3d 1061, 1065 (9th Cir. 2019)); id. at 864 n.5 (noting one party cited "a slightly different issue preclusion standard," but the parties agreed only the identical issue requirement and the actually litigated and decided requirement were at issue (citing Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 858 n.8 (9th Cir. 2016) (noting that issue preclusion applies if "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding" (alteration in original) (citation omitted))).

This Court previously stated:

> [B]oth res judicata and collateral estoppel may be used against a party in privity with a party to a prior case. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 322 F.3d 1064, 1081–82 (9th Cir. 2003) (explaining privity with regard to res judicata); In re Gottheiner, 703 F.2d 1136, 1139–40 (9th Cir. 1983) (explaining same with regard to collateral estoppel). "Privity exists when there is substantial identity between parties, that is, when there is sufficient commonality of interest." Gottheiner, 703 F.2d at 1140 (citation and internal quotation marks omitted); see also Tahoe-Sierra Pres.

6

> Council, 322 F.3d at 1081.  D. Susott's and
> Galindo's interests in CV 16-00450
> were identical; each wanted the transfer of property
> found valid.

[Order Denying Defendants' Motion for a Stay of Further

Proceedings, filed 1/27/21 (dkt. no. 44) ("1/27/21 Order"), at

7-8 n.4.[3]]  In their memorandum in opposition to Plaintiffs'

Motion for Summary Judgment, Defendants argued privity did not

exist, and the 1/27/21 Order's "indication" to the contrary was

erroneous.  [Defendants' Mem. in Opp. to Plaintiffs' Motion for

Summary Judgment, filed 7/2/21 (dkt. no. 74), at 2-3 & n.2.]  In

granting Plaintiffs' Motion for Summary Judgment, this Court

considered and rejected Defendants' argument that privity did

not exist.  This Court therefore clarifies the 8/18/21 Order,

insofar as the implicit ruling in the 8/18/21 Order is now made

clear here: this Court finds there are no genuine issues of

material fact, and concludes that, as a matter of law, D. Susott

and Galindo are parties in privity, with respect to CV 16-450.

Having so clarified the 8/18/21 Order, the Motion for

Reconsideration is denied as to Defendants' argument that a lack

of privity precludes the application of issue preclusion in this

case.  However, this Court notes Plaintiffs also present the

alternate argument that, "if there is any shred of doubt as to

the application of collateral estoppel against Daniel C. Susott,

---

[3] The 1/27/21 Order is also available at 2021 WL 276990.

judgment may be granted in this matter solely as to Lauryn Galindo and the relief requested in the Complaint may be ordered." [Mem. in opp. to Motion for Reconsideration, filed 9/14/21 (dkt. no. 97), at 3.] Plaintiffs argue D. Susott "is a nominal party for purposes of the . . . creation of a constructive trust and appointment of a Trustee to take possession and control of the Property[,]" *i.e.*, for purposes of Count III. [Id. at 7-8.] This Court declines to address Plaintiffs' alternate argument because Count I of the Complaint is pled against **both** Galindo and D. Susott. See Complaint at ¶ 32 ("Plaintiffs are entitled to judgment against Defendants in an amount to be determined at trial due to the fraudulent conveyance."). To the extent that Plaintiffs contend D. Susott is not a necessary party as to Count I, and judgment as to Count I should be entered as to Galindo only, Plaintiffs never dismissed the portion of Count I that they alleged against D. Susott.

> **B.    Issues of Fact**

Defendants argue there are genuine issues of material fact that preclude summary judgment. However, this portion of the Motion for Reconsideration merely expresses disagreement with this Court's rulings in the 8/18/21 Order, and Defendants' disagreement with the order is not grounds for reconsideration.

See Fisher, 49 F. Supp. 3d at 735.  The Motion for
Reconsideration is therefore denied as to this argument.

      C.    **Ruling**

        To the extent that Defendants' Motion for
Reconsideration raises any arguments not specifically addressed
in the instant Order, those arguments are rejected.  Because
Defendants have failed to establish any ground that warrants
reconsideration of the 8/18/21 Order, as the order has been
clarified by the instant Order, the Motion for Reconsideration
is denied.

**II.  Subsequent Proceedings**

        Plaintiffs have represented that, in light of the
rulings on Counts I and III, Count II is moot.  [Count II Mem.
at 2.]  Plaintiffs are therefore DIRECTED: to file a motion to
dismiss Count II by **October 4, 2021**; to include in the motion a
proposed order granting the motion; and to submit an electronic
version of the proposed order to
kobayashi_orders@hid.uscourts.gov for this this Court's review
and approval.  The motion to dismiss will be decided without a
hearing and without further briefing.  If Plaintiffs' motion to
dismiss is filed and granted, there will be no claims remaining
in this case.

There are two motions currently pending in this case:

-Plaintiffs' Application for Appointment of Trustee Pursuant to
    Minute Order Filed July 20, 2021 [Dkt. 79] ("Appointment
    Application"); [filed 8/3/21 (dkt. no. 84);] and

-Defendants' Second Motion to Disqualify the Hon. Leslie E.
    Kobayashi ("Second Motion to Disqualify"), [filed 8/17/21
    (dkt. no. 85)].

In addition, Plaintiffs intend to file a motion seeking an award
of attorneys' fees, costs, and prejudgment interest.  [Count II
Mem. at 2.]

"[C]ollateral orders that may be appealed separately
from the merits of the underlying case."  Peters v. Roberts
Markel, PC, Civil No. 11-00331 SOM/KSC, 2012 WL 5383394, at *5
(D. Hawai`i Oct. 31, 2012) (citing Hunt v. City of Los Angeles,
638 F.3d 703, 719 (9th Cir. 2011) ("an order on attorneys' fees
is collateral to, and separately appealable from, the
judgment"); United States ex rel. Shutt v. Community Home &
Health Care Servs., Inc., 550 F.3d 764, 766 (9th Cir. 2008) ("a
district court retains the power to award attorney's fees after
a notice of appeal from the decision on the merits has been
filed"); Retail Flooring Dealers of Am. v. Beaulieu of Am., LLC,
339 F.3d 1146, 1150 (9th Cir. 2003) (stating that imposition of
a sanction is a determination of a collateral issue that may be
made after the principal suit has been terminated for lack of
jurisdiction)).  Plaintiffs' intended motion for attorneys'
fees, costs, and prejudgment interest would result in a

10

collateral order from which a separate notice of appeal may be filed. Therefore, that motion may be filed and resolved after the entry of judgment on the Complaint. See Local Rule LR54.1, LR54.2.

In contrast, the Appointment Application addresses the implementation of the remedy that was awarded because Plaintiff prevailed on Count III of the Complaint, and the Second Motion to Disqualify challenges whether this Court should preside over the case. Because these are not issues that are collateral to the merits of the claims in the Complaint, the Appointment Application and the Second Motion to Disqualify must be resolved prior to the entry of judgment.

## CONCLUSION

For the foregoing reasons, this Court CLARIFIES the Order Granting Plaintiffs' Motion for Summary Judgment, filed August 18, 2021. In light of the clarification, Defendants' Motion for Reconsideration of this Court's Order Granting Plaintiffs' Motion for Summary Judgment, filed September 1, 2021, is DENIED. Plaintiffs are DIRECTED to file their motion to dismiss Count II by **October 4, 2021.**

IT IS SO ORDERED.

//

//

//

DATED AT HONOLULU, HAWAII, September 23, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL.;
CV 20-00270 LEK-RT; ORDER: CLARIFYING THE ORDER GRANTING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE ORDER**