UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>        Plaintiffs,<br><br>  vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>        Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' SECOND MOTION**
**TO DISQUALIFY THE HON. LESLIE E. KOBAYASHI**

On August 17, 2021, Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott ("D. Susott" and collectively "Defendants") filed a motion seeking the disqualification of this Court ("Second Motion to Disqualify").[1]  [Dkt. no. 85.]

---

[1] The Court finds the Second Motion to Disqualify suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

Defendants' Second Motion to Disqualify is hereby denied for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and only the portions relevant to the Second Motion to Disqualify will be repeated here.

Defendants previously filed a motion seeking the disqualification or recusal of this Court, pursuant to 28 U.S.C. §§ 144 and 455.  [Defendants' Motion to Disqualify or Recuse the Hon. Leslie E. Kobayashi ("First Motion to Disqualify"), filed 12/20/20 (dkt. no. 37).]  The First Motion to Disqualify was premised upon alleged incidents of bias or prejudice during various proceedings in Auld-Susott, et al. v. Galindo, CV 16-00450 LEK-WRP ("CV 16-450").  On December 22, 2020, this Court issued an entering order referring the First Motion to Disqualify for reassignment to another judge, pursuant to 28 U.S.C. § 144 ("12/22/20 EO"), and Chief United States District Judge J. Michael Seabright issued an order assigning the motion to United States District Judge Jill A. Otake.  [Dkt. nos. 38, 39.]  On December 23, 2020, Judge Otake issue an order denying

the First Motion to Disqualify ("12/23/20 Order").  [Dkt. no. 40.[2]]

In the Second Motion to Disqualify, Defendants assert that there are new facts which have arisen since the 12/23/20 Order and which warrant disqualification of this Court, pursuant to § 455(a).  [Mem. in Supp. of Second Motion to Disqualify at 2.]  Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") argue the Second Motion to Disqualify is meritless, rising to the point that it is frivolous, and that this Court should sanction Defendants.  [Plaintiffs' mem. in opp. to Second Motion to Disqualify, filed 9/2/21 (dkt. no. 94), at 2-3.]

## DISCUSSION

### I. Reassignment of the Second Motion to Disqualify

First, this Court must address Defendants' request to have another judge consider the Second Motion to Disqualify.  A motion filed pursuant to § 144 must be assigned to another

---

[2] The 12/23/20 Order is also available at 2020 WL 7647477.

3

judge, and the judge who is the subject of the motion cannot proceed in the case until the motion is resolved.  However, a party is only allowed to bring one § 144 motion in a case.  See 28 U.S.C. § 144 (requiring a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" and stating "[a] party may file only one such affidavit in any case").  Because the declaration that was attached to the First Motion to Disqualify was found to satisfy the § 144 requirement of an affidavit, see 12/22/20 EO, the First Motion to Disqualify was decided by Judge Otake, pursuant to § 144.  Since § 144 limits Defendants to one affidavit, and therefore one § 144 motion, the Second Motion to Disqualify was not referred to Chief Judge Seabright for reassignment.

       Defendants also argue this Court should exercise its discretion to have another judge rule on the § 455 motion.  [Second Motion to Disqualify at 2 (citing United States v. Heldt, 668 F.2d 1238, 1271 (D.C. Cir. 1981)).]  In Heldt, the District of Columbia Circuit stated: "The trial court may, of course, at its option transfer [a § 455 motion] to another judge for decision."  668 F.2d at 1271.  Heldt is not binding authority on this Court, nor is this Court aware of any Ninth Circuit case that adopts Heldt or adopts a principle similar to the one for which Defendants cite Heldt.  Further, even assuming

4

that this Court has the discretion to have another judge decide the Second Motion to Disqualify, this Court declines to exercise such discretion under the facts of this case.

## II. Whether Disqualification is Warranted

Although the First Motion to Disqualify was decided pursuant to § 144, "[t]he 'substantive standard' for the disqualification or recusal of a judge under 28 U.S.C. §§ 144, 455(a), and 455(b) 'is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" 12/23/20 Order, 2020 WL 7647477, at *2 (some brackets and internal quotation marks omitted) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)). The substantive recusal and disqualification standards set forth in the 12/23/20 Order will therefore be applied to the Second Motion to Disqualify.

Defendants base the Second Motion to Disqualify, in part, on the same instances of alleged bias and prejudice that they relied upon in the First Motion to Disqualify. See Mem. in Supp. of Second Motion to Disqualify at 2-4. To the extent that the Second Motion to Disqualify is based upon those instances, the motion is denied, for the reasons that Judge Otake set forth in the 12/23/20 Order. Thus, this Court will only address the instances which occurred after the 12/23/20 Order that

5

Defendants argue displayed this Court's bias or prejudice against them.

First, Defendants point to the following statement: "In fact, it is hard to imagine any reason for the March 2019 Transfer other than a bad faith attempt to undermine the CV 16-00450 Judgment, prolong litigation, or extend the time that Defendants remain in possession of the property." [Order Denying Defendants' Motion for a Stay of Further Proceedings, filed 1/27/21 (dkt. no. 44) ("1/27/21 Order"), at 6 n.3.[3]] Defendants argue this statement "made it clear that [this Court] had predetermined and intended to influence the outcome of" the instant case. [Mem. in Supp. of Second Motion to Disqualify at 5.] When it ruled upon Defendants' Motion to Stay, this Court did not predetermine the outcome of this case. A preliminary assessment of the merits of this case was necessary to assess Defendants' argument that they would suffer hardship if this Court did not stay this case pending the outcome of Galindo's appeal from the CV 16-450 judgment. See 1/27/20 Order, 2021 WL 276990, at *1-2 (describing the standards applicable to a motion to stay and addressing Defendants' hardship argument). Thus, the statement in the 1/27/21 Order regarding bad faith was

---

[3] The 1/27/21 Order is also available at 2021 WL 276990. Defendants' Motion for a Stay of Further Proceedings ("Motion to Stay") was filed on November 4, 2020. [Dkt. no. 25.]

6

relevant and necessary to the issues before this Court in the Motion to Stay, and it was not an expression of bias or prejudice against Defendants.

Defendants also assert this Court showed bias or prejudice in the 1/27/21 Order by accepting Plaintiffs' inaccurate argument about the consideration for the 2019 Transfer; and by indicating that it was inclined to find that privity existed between Galindo and D. Susott.  See 1/27/21 Order, 2021 WL 276990, at *3 & n.4.  As previously stated, a preliminary assessment of the merits of this case was necessary to evaluate whether a stay pending the outcome of the CV 16-450 appeal was warranted.  The preliminary assessment was not an expression of bias or prejudice against Defendants.

Defendants also point to the statement in the 1/27/21 Order that: "This Court will not allow Defendants to keep Plaintiffs and this Court on this hamster wheel."  1/27/21 Order, 2021 WL 276990, at *3.  This statement was relevant to this Court's analysis of the factors it considered in determining whether a stay was warranted; it was not an expression of bias or prejudice against Defendants.

Defendants state that, "[a]fter reviewing th[e 1/27/21 O]rder, defendants' counsel was very much afraid that it would be impossible for his clients to receive a fair trial, and his fears came to pass when this Court wrongfully" granted

7

Plaintiffs' Motion for Summary Judgment without a hearing,[4] which "deprived [Defendants] of the jury trial they had validly requested."  [Mem. in Supp. of Second Motion to Disqualify at 8-9 (citation omitted).]  Defendants also point to the striking of portions of their materials in opposition to the Motion for Summary Judgment as evidence of this Court's bias or prejudice against them.  See Minute Order - EO: Court Order Regarding Defendants' Mem. in Opp. and Concise Statement of Facts in Supp. Thereof, filed 7/16/21 (dkt. no. 78) ("7/16/21 EO").

First, it was within this Court's discretion to decide Plaintiffs' Motion for Summary Judgment without a hearing.  See Local Rule LR7.1(c) ("Unless specifically required, the court may decide all matters, including motions, . . . without a hearing.").  Defendants argue Local Rule 56.1(a) requires that a hearing be held on a motion for summary judgment.  Local Rule 56.1(a) states that a motion for summary judgment "shall be heard on the schedule set forth in LR7.2, as permitted by Fed. R. Civ. P. 56."  This Court does not interpret that provision as requiring that a hearing be held on **every** motion for summary judgment filed in this district.  Rather, that provision merely

---

[4] Plaintiffs' Motion for Summary Judgment was filed on June 9, 2021.  [Dkt. no. 60.]  The motion was granted in an August 18, 2021 order, [dkt. no. 88,] which was clarified in a September 23, 2021 order denying Defendants' September 1, 2021 motion for reconsideration, [dkt. nos. 92 (motion for reconsideration), 93 (order denying reconsideration)].

indicates that, if a hearing on a motion for summary judgment is set, the briefing schedule in Local Rule 7.2 applies, unless the presiding judge establishes a different briefing schedule. Defendants have not shown that this Court's decision to vacate the hearing on Plaintiffs' Motion for Summary Judgment, which had been scheduled for July 23, 2021, is evidence of this Court's bias or prejudice against them.

Second, the reasons why portions of Defendants' opposition materials were stricken were set forth in the 7/16/21 EO, and Defendants have not shown that those reasons were effectively a pretext for bias or prejudice against them. Third, although Defendants filed a jury demand on August 10, 2020, [dkt. no. 15,] this Court was required to resolve Counts I and III on summary judgement because Plaintiffs established that there were no genuine issues of material fact, and that they were entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a) ("The court **shall grant** summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (emphasis added)).  To the extent that Defendants disagree with this Court's substantive rulings on summary judgment, they can raise those arguments in a timely appeal.

Ultimately, the Second Motion to Disqualify cites a few specific statements by this Court in its orders and

otherwise attempts to second-guess the procedural and substantive rulings in this case. As Judge Otake noted when she denied Defendants' First Motion to Disqualify, Liteky v. United States, 510 U.S. 540, 555 (1994), "provide[s] . . . guidance as to when a judge's rulings or statements can form the basis for disqualification[.]" 12/23/20 Order, 2020 WL 7647477, at *2.

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They **may** do so if they reveal an opinion that derives from an extrajudicial source; and they **will** do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555 (emphases in original) (citation omitted). None of the instances cited in the Second Motion to Disqualify reveal that this Court has opinions about this case which derive from an extrajudicial source. Further, none of the

10

instances reveal that this Court has any favoritism for Plaintiffs or antagonism against Defendants, let alone favoritism or antagonism that is so severe it made a fair judgment impossible. Defendants have failed to establish any reason that warrants this Court's disqualification.

### III. Plaintiffs' Request for Sanctions

This Court declines to address the request for sanctions that Plaintiffs made in their memorandum in opposition to the Second Motion to Disqualify. To the extent that Plaintiffs seek an award of sanctions, they should file the appropriate motion because the issue of sanctions is separate from the merits of the claims in this case, and such a motion may be addressed after the entry of judgment.

### CONCLUSION

For the foregoing reasons, Defendants' Second Motion to Disqualify the Hon. Leslie E. Kobayashi, filed August 17, 2021, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 27, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' SECOND MOTION TO DISQUALIFY THE HON. LESLIE E. KOBAYASHI**