FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
*Feb 28, 2022*
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, AS TRUSTEE FOR (1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT & KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, & (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT & KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, AND JOHN L. SUSOTT,<br><br>Plaintiffs,<br><br>vs.<br><br>LAURYN GALINDO, DANIEL C. SUSOTT,<br><br>Defendants. | CIV. NO. 20-00270 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES AND AWARD PREJUDGMENT INTEREST |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS'
<u>FEES AND AWARD PREJUDGMENT INTEREST</u>**

Before the Court is Plaintiffs Evan Auld-Susott, as Trustee for (1)

Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD

8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable

Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as

Restated, Non-Exempt Trust FBO Daniel C. Susott and John L. Susott's (collectively "Plaintiff") Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest ("Motion for Attorney's Fees" or "Motion"). ECF No. 116. Plaintiffs seek an award of $64,267.50 in attorney's fees and an award of prejudgment interest in the amount of $174.44 for every day from March 6, 2019 to November 22, 2021, for a total of $173,044.48 against Defendants Lauryn Galindo and Daniel C. Susott (collectively "Defendants"). The Court elects to decide this matter without a hearing pursuant to LR7.1(c) of the Local Rules of Practice for the United District Court for the District of Hawaii.

The Court FINDS that Plaintiffs are entitled their attorney's fees and RECOMMEND that the district court GRANT Plaintiffs' attorney's fees in the amount of $48,537.50 pursuant to Haw. Rev. Stat. § 607-14.5. The Court also RECOMMENDS that the district court GRANT prejudgment interest, but disagrees with the amounts proposed by the parties. Accordingly, Plaintiffs are directed to file a supplemental brief, and Defendants are given an opportunity to respond.

## BACKGROUND

As the Court and parties are familiar with the background of this case and the related case Civ. No. 16-00450 LEK-RLP, the Court includes only those facts relevant to the disposition of the Motion for Attorney's Fees. Plaintiffs

2

commenced this case on June 12, 2020.  ECF No. 1.  On August 18, 2021, the Court granted Plaintiffs' Motion for Summary Judgment ("Order Granting Summary Judgment") as to Count I (Plaintiffs' fraudulent conveyance claim) and Count III (Plaintiffs' constructive trust claim).  ECF No. 88.  In the Order Granting Summary Judgment, the district court directed Plaintiffs to file a statement whether they intended to pursue Count II.  Id. at PageID #: 1543.  On September 1, 2021, Plaintiffs filed a Memorandum Regarding Unjust Enrichment [Count II] Pursuant to Order Granting Plaintiffs' Motion for Summary Judgment [DKT. 88].  ECF No. 93.  Plaintiffs state that Count II was intended as an alternative pleading and since the Court's Order Granting Summary Judgment provided complete relief, Count II is now moot.  Id.  Plaintiffs also informed the Court of their intent to file a motion for attorney's fees, costs and pre-judgment interest upon the entry of final judgment and requested the Court set deadlines for the fee motion.  Id.  On October 4, 2021, Plaintiffs filed a Motion to Voluntarily Dismiss Count II of the Complaint, Filed June 12, 2020 [DKT.1], Without Prejudice ("Motion to Dismiss Count II") to dismiss Count II of the Complaint without prejudice.  ECF No. 104.  On October 21, 2021, the Court filed an Order Granting Plaintiffs' Motion to Dismiss Count II.  ECF No. 110.

On November 22, 2021, judgment was entered in favor of Plaintiffs.  ECF No. 115.  On December 6, 2021, Plaintiffs filed their Motion for Attorney's Fees.

ECF No. 116.  Defendants filed their Opposition to the Motion ("Opposition") on December 13, 2021; however, there was no Opposition or memorandum in support of Opposition attached to the filing.  ECF No. 117.  The Opposition consisted only of the caption of Defendants' memorandum with no supporting text and Exhibit W, which was a Notice of Property Assessment.  On December 14, 2021, Defendants filed an Erratum for Defendants' Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees ("Erratum to Opposition").  ECF No. 118.  Defendants explained that the Opposition was misfiled by oversight and that the Erratum contains the missing documents.  Id.  Plaintiffs did not file a Reply.

## DISCUSSION

This case is before this Court based on diversity jurisdiction.  A federal court sitting in diversity must apply state law in determining whether a party is entitled to attorney's fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).  In this case, Hawaii law is applicable to the request for attorney's fees.  Under Hawaiʻi law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citations omitted).

In this case, Plaintiffs seek an award of attorney's fees under Haw. Rev. Stat. § 607-14.5.  The statute provides that:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are **frivolous** and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

Haw. Rev. Stat. § 607-14.5. In order to award attorney's fees under Haw. Rev. Stat. § 607-14.5, "the Court must make a specific finding in writing that all or a portion of the claims . . . made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action." Tagupa v. VIPDESK, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015) (citing Haw. Rev. Stat. § 607-14.5(a)&(b)) (internal quotes omitted). A frivolous claim is defined as a "claim so manifestly and palpably without merit, so as to indicate bad faith on the [pleader's] part such that argument to the court was not required." Tagupua, 135 Hawaiʻi at

5

479, 353 P.3d at 1021 (quoting Coll v. McCarthy, 72 Haw. 20, 29-30, 804 P.2d 881, 887 (1991); Kawaihae v. Hawaiian Ins. Cos., 1 Haw. App. 355, 361, 619 P.2d 1086, 1091 (1980)).  It is a high bar to find frivolousness.  Tagupua, 135 Hawaiʻi at 479, 353 P.3d at 1021 (citations omitted).

### A.  Local Rule 54.2 Requirements

Defendants argue that Plaintiffs filed their Motion for Attorney's Fees in violation of LR7.8 because Plaintiffs failed to "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential partial or complete resolution."  LR7.8.  While Defendants are correct about the language in LR7.8, Defendants completely ignore that LR54.2 specifically governs motions for attorney's fees.  Under LR54.2:

> Either before or after the entry of judgment, the court may enter an order with respect to the filing of a Fee Motion pursuant to Fed. R. Civ. P. 54.  Unless the court's order includes a different schedule for such filing, the motion shall be filed in accordance with the provisions of this rule and shall be filed and served within forty-nine (49) days after the entry of the judgment or settlement agreement on which the motion is founded.  If the court has not entered such an order before a motion has been filed pursuant to Fed. R. Civ. P. 54(d)(2)(B), then after such filing the court may order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-filing procedure.

In their Motion, Plaintiffs request that this Court order post-filing compliance with the procedures outlined in LR54.2.  Plaintiffs' request follows LR54.2, but it is within the Court's discretion to elect whether to require post-filing compliance with the procedures.  The Court elects not to require post-filing compliance.

6

It is also within the Court's discretion to deny with prejudice a fee motion for a party's failure to follow the rules under attorney's fees. See LR54.2(h). Although the rules require a pre-motion meet and confer and a joint statement, the parties have failed to comply with these requirements. Nevertheless, the Court declines to deny the Motion with prejudice. Given the intensely adversarial nature of this litigation, it is doubtful that any pre-motion discussions would amount to anything other than disagreement between the parties. Accordingly, Defendants' request to disregard or strike Plaintiffs' Motion for violation of LR7.8 is denied.

LR54.2 also sets forth the deadline for responsive memorandum, which is required to be filed "within seven (7) days after service of the Fee Motion." In this case, Defendants timely filed their Opposition, but allege that the document filed was in error. Essentially, Defendants filed only the caption page of their memorandum and an exhibit. The filed document did not contain any written argument and is a total of 4 pages. Defendants claim that the Opposition was misfiled and was an oversight. On December 14, 2021, one day past the deadline to file an opposition under LR54.2, Defendants filed their Erratum to Opposition, which contains Defendants' objections to Plaintiffs' Motion for Attorney's Fees. The Court has discretion to disregard the untimely document, but elects to accept Defendants' representations and shall consider Defendants' arguments in the Erratum to Opposition.

## B. Plaintiffs are Entitled to its Reasonable Attorney's Fees Under Haw. Rev. Stat. § 607-14.5

A stated earlier, Plaintiffs are seeking attorney's fees under Haw. Rev. Stat. § 607-14.5, and the Court must therefore make specific findings that Defendants claims are frivolous. See Tagupa v. VIPDESK, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015) (citing Haw. Rev. Stat. § 607-14.5(a)&(b)). The Hawaiʻi courts have defined a frivolous claim as a "claim so manifestly and palpably without merit, so as to indicate bad faith on the [pleader's] part such that argument to the court was not required." Tagupua, 135 Hawaiʻi at 479, 353 P.3d at 1021 (quoting Coll v. McCarthy, 72 Haw. 20, 29-30, 804 P.2d 881, 887 (1991); Kawaihae v. Hawaiian Ins. Cos., 1 Haw. App. 355, 361, 619 P.2d 1086, 1091 (1980)). In the context of attorney's fees generally, "'[b]ad faith' is defined as 'actual or constructive fraud or a neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'" Sandomire v. Brown, 144 Hawaiʻi 314, 331, 439 P.3d 266, 283 (Ct. App. 2019) (citing Bank of Hawaiʻi v. Kunimoto, 91 Hawaiʻi 372, 390, 984 P.2d 1198, 1216 (1999)) (citation omitted).

In this case, the district court explicitly found that "Defendants do not have a valid affirmative defense to liability for Plaintiffs' fraudulent transfer claim." ECF No. 88 at PageID #: 1540. The Order Granting Summary Judgment states that "Plaintiffs are entitled to a summary judgment ruling that the record establishes, by

8

clear and convincing evidence that, in the 2019 Transfer, Galindo took [the Subject Property][1] in objective bad faith." Id. at PageID #: 1540. As to Count I, it is clear that any defense made by Defendants to the fraudulent transfer claim was in bad faith as the transfer was not by a mistake or by some mistaken understanding of Defendants' duties. The motive for the transfer was "an apparent attempt to avoid the effect of the rulings in CV 16-450." Id. at PageID #: 1541. The constructive trust was a remedy for the fraudulent transfer. The district court granted the remedy of constructive trust and found such a remedy appropriate in this case "[where] property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity may convert him into a trustee." Id. at PageID #: 1540-41. Thus, any defense argued against the constructive trust by Defendants was made in bad faith. Accordingly, the defenses to Plaintiffs' fraudulent transfer and constructive trust claims asserted by Defendants were made in bad faith and Plaintiffs are entitled to their attorney's fees pursuant to Haw. Rev. Stat. § 607-14.5.

### C. Reasonable Attorney's Fees

Hawaiʻi courts calculate reasonable attorney's fees using a method that is nearly identical to the traditional lodestar calculation set forth in Hensley. Hensley

---

[1] The Subject Property is the real property located at 3880 Wyllie Road, Apartment 6A, Princeville HI 96722, TMK (4) 5-4-005-018 CPR 0020.

9

v. Eckerhart, 461 U.S. 424, 433 (1983); Dimitrion v. Morgan Stanley Home Loans, Civ. No. 13-00125 DKW-BMK, 2014 WL 4639130, at *3 (D. Haw. Sept. 16, 2014). "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." Id. The Court may also consider a number of factors in determining the value of the attorney's services. Id.

### a. Reasonable Hourly Rate

Hawaii courts have considered federal law in determining a reasonable hourly rate. Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1041 (D. Haw. 2011) (citation omitted). The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits. Camacho, 523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). In this case, the relevant community is the District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983)) (Camacho, 523 F.3d at 980). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Blum, 465 U.S. at 895). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

Plaintiffs seek an hourly rate of $275.00 for work performed by attorney Peter Knapman. Mr. Knapman has been practicing for a total of 24 years. Prior to opening his own practice, the Law Offices of Peter Knapman, he was an attorney at Alston Hung Floyd & Ing for 12 years. He has litigated numerous cases involving complex litigation in federal and state court as well as in administrative proceedings. He taught at the University of Hawaiʻi William S. Richardson School of Law and has served in various roles on the board of Hawaiʻi State Bar Association's Natural Resources Section as well as the Board of Bar Examiners. The Court is well aware of the rates awarded in this district and finds that $275.00

11

is a reasonable hourly rate. See Roberts, 938 F.3d at 1023; Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees).

    **b.**    **Hours Reasonably Expended**

The Court now evaluates whether the fees requested are reasonably necessary to achieve the results obtained. Barranco v. 3D Sys. Corp., Civ. No. 13-00412 LEK-RLP, 2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). For the same reasons discussed above, the Court finds that federal case law is instructive to determining the reasonable hours expended in this case. See Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1043 (D. Haw. 2011). Plaintiffs request a total of 233.7 hours of work performed by Mr. Knapman.

Defendants object to the following fee request entries:

1. The descriptions of legal services performed from March 1, 2019 to April 7, 2020, which appear to be for either the first case or the appeal of it, except for the March 10, 2020 description apparently for the drafting of the complaint for this second case;

2. The September 1, 2020 description as to executing against Woodlawn Drive; and

3. The 2021 descriptions for June 18, June 22, July 20, and July 26, apparently for the appeal of the first case.

ECF No. 118-1 at PageID #: 1791. While the Court does not agree with the timeline Defendants propose, the Court agrees that the attorney's fees awarded in this case should only be related to this case and not to fees solely related to the prior related case, Civ. No. 16-00450 LEK-RLP. The Complaint in this case was filed on June 12, 2020, and the fraudulent transfer of the Subject Property occurred on March 5, 2019 when Defendant Daniel Susott executed a Quitclaim Deed giving the Subject Property to Defendant Lauryn Galindo. The Court finds that the requested hours should be reduced by the total of the following billing entries: All billing entries prior to March 10, 2020 (55.5 hours); billing entries April 2, April 7, and April 24, 2020 (0.5 hours); billing entry on September 1, 2020 (0.5 hours); billing entries on June 18 and June 22, 2021 (0.5 hours); billing entry on July 26, 2021, stating "email to/from client re 9th circuit determination" (0.2 hours). The Court thus finds that a total of 57.2 hours should be reduced from the total, which amounts to 176.5 hours of work performed.

### c. Total Reasonable Attorney's Fees

The Court finds that the hourly rate of $275.00 is reasonable and that it was reasonable that Mr. Knapman performed 176.5 hours or work. Plaintiffs are entitled to $48,537.50 ($275.00 x 176.5) in attorney's fees.

**D.     Prejudgment Interest**

Plaintiffs seek prejudgment interest of $173,044.48 against Defendants jointly and severally. To calculate this amount, Plaintiffs used the 2022 assessed value of the real property and calculated 10% per annum from March 6, 2019 to November 22, 2021.

Defendants object to any prejudgment interest by distinguishing this case from In re Maui Indus. Loan & Fin. Co., a bankruptcy case cited by Plaintiffs. In re Maui Indus. Loan & Fin. Co., 483 F.R. 346, 353-54 (Bankr. D. Haw. 2012). Defendants argue that the facts in In re Maui Indus. Loan & Fin. Co. are distinguishable from this case, and this case does not involve any money judgment.

Under Hawaii law, "[p]rejudgment interest, where appropriate, is awardable under HRS § 636-16 in the discretion of the court." Schmidt v. Board of Directors of Ass'n of Apt Owners of the Marco Polo Apartments, 73 Haw. 526, 533, 836 P.2d 479, 483 (1992).

> In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

Haw. Rev. Stat. § 636-16. "When there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of ten per cent a year . . ." Haw. Rev. Stat. § 478-2.

14

The Hawaii courts have recognized that the "purpose of the statute . . . .[is] to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Schmidt v. Board of Directors of Ass'n of Apt Owners of the Marco Polo Apartments, 73 Haw. 526, 534, 836 P.2d 479, 482-83 (1992).

The district court has determined that Plaintiffs are creditors and in Civ. No. 16-00450 LEK-WRP found "that D. Susott made the Transfer with actual intent to hinder, delay, or defraud Plaintiffs, in their capacity as creditors, to recover the [Subject] Property to satisfy debts Defendant Daniel Susott owes to Plaintiffs from the Surcharge Order and Judgment from the California State Court." ECF No. 167 at PageID #: 2161-62.  Thus, Plaintiffs request prejudgment interest because the delay caused by Defendants' fraudulent transfer of the Subject Property prevented Plaintiffs from collecting money judgments.  Thus, the recovery of the Subject Property is to satisfy money judgments owed to Plaintiffs.  Accordingly, Defendants' arguments are without merit and Plaintiffs should be awarded prejudgment interest.

Defendants also argue that the market value for the home should be $364,000 as shown in the 2017 Notice of Property Assessment.  ECF No. 117-1. Plaintiffs have provided a 2022 Notice of Property Assessment, which shows that

15

the market value of the property is $636,700.  ECF No. 116-4.  In the past few years, there has been a rise in real property values.  The Court finds that neither market values provided by the parties are appropriate.  The fraudulent transfer in this case occurred on March 6, 2020 and final judgment was entered in this case on November 22, 2021.  The 10% interest should thus be calculated by taking 10% of the value of the property in 2020 and 10% of the value in 2021, and adding these figures together.

## **CONCLUSION**

Based on the foregoing, the Court FINDS that Plaintiffs are entitled to their attorneys' fees for 176.5 hours of work at Mr. Knapman's hourly rate of $275.00.  The Court thus RECOMMENDS that Plaintiffs be awarded $48,537.50 in attorney's fees.  The Court RECOMMENDS that the district court GRANT prejudgment interest.  The Court FINDS that the parties failed to use the proper real property value to calculate the prejudgment interest.

The Court thus directs that Plaintiffs submit a supplemental filing regarding the calculation of prejudgment interest consistent with the Court's ruling above **by no later than March 7, 2022**.  The supplemental filing must be no longer than 2 pages, double-spaced.

Defendants may file a response to Plaintiffs' supplemental filing **by no later than March 14, 2022**, but any argument must be limited to calculation errors and

must be no longer than 2 pages, double-spaced.  The Court will then supplement its findings and recommendation with the correct figure for prejudgment interest.

    IT IS SO FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, February 28, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00270 LEK-RT;  *Evan Auld-Susott, et al. vs. Lauryn Galindo, et al.;* Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees and Award Prejudgment Interest