UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>        Plaintiffs,<br><br>  vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>        Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' OBJECTIONS AND ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES AND AWARD OF PREJUDGMENT INTEREST**

On December 6, 2021, Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") filed their Motion for

Taxation of Attorneys' Fees and Award of Prejudgment Interest ("Motion"). [Dkt. no. 116] On February 28, 2022, the magistrate judge issued the Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest ("F&R"). [Dkt. no. 125.[1]] The magistrate judge issued a supplement to the F&R on April 29, 2022. See Supplement to Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest ("Supplemental F&R"), filed 4/29/22 (dkt. no. 128).

Defendants Lauryn Galindo and Daniel C. Susott (collectively "Defendants") filed their objections to the F&R on May 18, 2022 ("Objections"). [Dkt. no. 132.] Some of the arguments raised in Defendants' Objections have been previously considered and rejected by this Court. See Minute Order, filed 6/3/22 (dkt. no. 135) ("6/3/22 EO"). The only portion of Defendants' Objections that is currently before this Court is the portion asserting that the magistrate judge's prejudgment interest analysis was clearly erroneous. See id. at PageID.2015-16. On June 17, 2022, Plaintiffs filed their memorandum in opposition to that portion of the Objections. [Dkt. no. 136.] The Court has considered the remaining portion

---

[1] The F&R is also available at 2022 WL 1570869. On March 13, 2022, the defendants filed a motion for reconsideration of the F&R, and the magistrate judge denied the motion in an order issued on May 3, 2022. [Dkt. nos. 127, 129.]

2

of the Objections as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The remaining portion of Defendants' Objections is hereby denied, and the F&R and the Supplemental F&R are adopted, as modified by the analysis in this Order.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and only the events relevant to the Objections will be addressed.

Plaintiffs brought three claims in this case: a fraudulent conveyance claim, pursuant to the Hawai`i Uniform Fraudulent Transfer Act ("HUFTA"), Haw. Rev. Stat. Chapter 651C ("Count I"); unjust enrichment ("Count II"); and constructive trust ("Count III"). See Complaint, filed 6/12/20 (dkt. no. 1). Summary judgment was granted in Plaintiffs' favor as to Counts I and III. See Order Granting Plaintiffs' Motion for Summary Judgment, filed 8/18/21 (dkt. no. 88) ("8/18/21 Order"), at 26; see also Order: Clarifying the Order Granting Plaintiffs' Motion for Summary Judgment; and Denying Defendants' Motion for Reconsideration of the Order, filed 9/23/21 (dkt. no. 99) ("9/23/21 Order").[2] Plaintiffs voluntarily dismissed Count II.

---

[2] The 8/18/21 Order is also available at 2021 WL 3669307, and the 9/23/21 Order is also available at 2021 WL 4342317.

See Order Granting Plaintiffs' Motion to Voluntarily Dismiss Count II of the Complaint, Filed June 12, 2020 [Dkt. 1], Without Prejudice, filed 10/21/21 (dkt. no. 110).  Final judgment was entered on November 22, 2021.  See Judgment in a Civil Case, filed 11/22/21 (dkt. no. 115).  Defendants have appealed the judgment.  See Notice of Appeal from a Judgment or Order of a United States District Court, filed 12/17/21 (dkt. no. 119).

        Plaintiffs seek an award of $64,267.50 in attorney's fees, [Motion at PageID.1749,] and an award of prejudgment interest of $122,472.43, representing ten percent per annum from March 6, 2019 to November 22, 2021, [Supplemental Mem. in Supp. of Plaintiffs' Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest, filed 3/7/22 (dkt. no. 126) ("Motion Suppl."), at 2].  The magistrate judge has recommended that the Motion be granted in part, insofar as: Plaintiffs should be awarded attorney's fees, but at the reduced amount of $48,537.50; see F&R, 2022 WL 1570869, at *6; and Plaintiffs should be awarded the revised request of $122,472.43 in prejudgment interest, see Supplemental F&R at 2.

        Defendants did not present specific arguments in the Objections and merely "incorporate by reference Defendants' Supporting Reconsideration Memorandum, Dkt 127-1, and their

opposition, Dkt 118-1,[3] as the bases and support for their objections to this Court." [Appeal at 5.] In the 6/3/22 EO, this Court denied: the portion of Defendants' Objections incorporating Defendants' 12/14/21 Opposition; and the portion of Defendants' Objections incorporating the first section of Defendants' memorandum in support of their motion for reconsideration of the F&R, filed on March 14, 2022 ("3/14/22 Motion for Reconsideration Memorandum"), [filed 3/14/22 (dkt. no. 127-1)]. See 6/3/22 EO at PageID.2015.

The second section of the 3/14/22 Motion for Reconsideration Memorandum is the only portion still pending. See id. at PageID.2015-16. Defendants argue that the magistrate judge committed clear error in ruling that Plaintiffs were entitled to an award of prejudgment interest. [3/14/22 Motion for Reconsideration Mem. at 21.] If this Court rejects Defendants' arguments and adopts the magistrate judge's recommendation that Plaintiffs be awarded prejudgment interest, Defendants do not object to the amount of the award determined by the magistrate judge in the Supplemental F&R. See Objections at 4.

---

[3] Docket number 118-1 is Defendants' Memorandum in Opposition to Plaintiffs' Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest, filed on December 14, 2021 ("Defendants' 12/14/21 Opposition").

5

**STANDARD**

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

Bank of Hawaii v. Plimpton, CIVIL NO. 22-00220 JAO-WRP, 2022 WL 17039239, at *1 (D. Hawai`i Nov. 17, 2022) (alterations in Bank of Hawaii).

**DISCUSSION**

**I.   Clarification of Prior Orders**

Because Defendants did not file timely objections, the Supplemental F&R was adopted on May 17, 2022, and the F&R was adopted on May 18, 2022. See Order Adopting Supplement to Magistrate Judge's Findings and Recommendation, filed 5/17/22 (dkt. no. 130) ("5/17/22 Order"); Order Adopting Magistrate Judge's Findings and Recommendation, filed 5/18/22 (dkt. no. 131) ("5/18/22 Order"). Defendants' Objections were not filed until after the 5/17/22 Order and the 5/18/22 Order were

filed. However, Defendants filed a motion for an extension, and this Court granted the extension in an entering order issued on June 3, 2022 ("6/3/22 EO") and stated it would consider the Objections. See Defendants' Motion for a One Day Extension of Time to File Their Objections to the Magistrate Judge's Findings and Recommendation and to Set Aside this Court's Order Adopting those Findings and Recommendation or Alterantively [sic], to Have that Order Revised, filed 6/1/22 (dkt. no. 133); 6/3/22 EO, filed 6/3/22 (dkt. no. 135).

The 6/3/22 EO expressly withdrew the 5/18/22 Order "to allow this Court to consider Defendants' Objections." [6/3/22 EO at PageID.2015.] This Court now clarifies that, for the reasons set forth in the 6/3/22 EO, the 5/17/22 Order is also withdrawn.

## II. **Remaining Portion of the Objections**

Defendants argue the magistrate judge erred in concluding that Plaintiffs were entitled to an award of prejudgment interest because:

- the purpose of an award of prejudgment interest is to compensate the prevailing party for the lost use of money, and should not be ordered here where real property, not money, was at issue; and

- Plaintiffs benefited from increase in the property's value during the period covered by the award of prejudgment interest, and ordering an additional award of prejudgment interest would result in a windfall for Plaintiffs.

[3/14/22 Motion for Reconsideration Mem. at 22-23.]

7

A.  **Prejudgment Interest Principles**

Jurisdiction in this case was based on diversity. See Complaint at ¶ 6. "State law governs prejudgment interest in a diversity action." Westport Ins. Corp. v. Cal. Cas. Mgmt. Co., 916 F.3d 769, 781 (9th Cir. 2019) (citation omitted). "Under Hawaii law, the award of prejudgment interest is within the discretion of the court." Pac. Com. Servs., LLC v. LVI Env't Servs., Inc., Civ. No. 16-00245 JMS-KJM, 2018 WL 3826773, at *33 (D. Hawai`i Aug. 10, 2018) (citations omitted). This district court has stated:

> Hawaii law permits an award of prejudgment interest in civil cases. See [Haw. Rev. Stat.] § 636-16. The decision to award prejudgment interest rests within the court's discretion. See Tri-S Corp. v. W. World Ins. Co., 110 Haw. 473, 498, 135 P.3d 82, 107 (2006). In exercising that discretion, a court must first consider whether either party is at fault for any delays leading to the final judgment. Id. If neither party is at fault, "the trial court may still award or deny prejudgment interest in its discretion, depending on the circumstances of the case." Id. Generally, however, the circumstances only justify an award of prejudgment interest if "'the issuance of judgment [was] **greatly delayed**.'" Cty. of Hawai`i v. C & J Coupe Family Ltd. P'ship (Coupe I), 120 Haw. 400, 410, 208 P.3d 713, 723,(2009) (emphasis in original) (quoting Tri-S Corp., 110 Haw. at 498, 135 P.3d at 107); see also Cty. of Hawaii v. C & J Coupe Family Ltd. P'ship (Coupe II), 124 Haw. 281, 312, 242 P.3d 1136, 1167 (2010)("a trial court can award prejudgment interest for **any substantial delay** in the proceedings" (emphasis in original) (quotation marks omitted)).

Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc., CIVIL NO. 17-00435-SOM-RT, 2020 WL 2025351, at *7 (D. Hawai`i Apr. 27, 2020) (alteration and emphases in Philadelphia Indem.).

While the judgment in this case was entered less than eighteen months after Plaintiffs filed the Complaint in this case, this Court finds that there was a substantial delay in Defendants' return of the property at issue in this case to Plaintiffs because Defendants engaged in a fraudulent transfer of the property in an attempt to avoid the effect of the previous rulings in Auld-Susott, et al. v. Galindo, CV 16-00450 LEK-WRP ("CV 16-450"). See generally 8/18/21 Order. Under the circumstances of this case, Defendants were responsible for a substantial delay in the return of the property to Plaintiffs, and therefore an award of prejudgment interest is appropriate.

### B.  Lack of a Monetary Judgment

This Court rejects Defendants' argument that Plaintiffs should not be awarded prejudgment interest because they did not obtain a monetary judgment. Defendants rely upon this district court's statement that "[t]he purpose of prejudgment interest is neither to punish the defendant nor to provide the plaintiff with a windfall. Rather, the purpose is to render the plaintiff whole." Towey v. Catling, 743 F. Supp. 738, 741 (D. Hawai`i 1990) (citing West Virginia v. United States, 479 U.S. 305, 107 S. Ct. 702, 93 L. Ed. 2d 639 (1987));

9

see also 3/14/22 Motion for Reconsideration Mem. at 23 (quoting Towey). Defendants argue this Court is bound by Towey and this Court should follow West Virginia. However, the decisions of other district judges in this district are not binding on this Court. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation and quotation marks omitted)). Further, Towey did not present the question of whether prejudgment interest is inappropriate where there is no monetary judgment, see Towey, 743 F. Supp. at 740 (stating a monetary judgment, consisting of special damages and general damages, was entered). Even if this Court did follow the legal analysis in Towey, the principle from West Virginia that is cited in Towey - that the purpose of an award of prejudgment interest is to render the plaintiff whole - applies in this case.

In West Virginia, the United States Supreme Court did state that "[p]rejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." 479 U.S. at 310-11 n.2 (citation omitted). However, West Virginia did not involve an award of prejudgment interest

10

under Hawai`i law. Nothing in Haw. Rev. Stat. § 636-16 suggests that prejudgment interest can only be awarded when the prevailing party recovers a monetary judgment.[4] Defendants' Objections are therefore denied as to their argument regarding a lack of a monetary judgment.

C. **Windfall**

Defendants also argue that, because the property has increased in value during the period covered by the recommended prejudgment interest award, Plaintiffs would receive a windfall if they are awarded prejudgment interest. Defendants are correct that, under Hawai`i law, an interest award to the prevailing party must not result in a windfall. Cf. Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 50, 837 P.2d 1273, 1297, *amended* (Oct. 22, 1992), *amended on reh'g in part*, 74 Haw. 650, 843 P.2d 144 (1992) ("Postjudgment interest on prejudgment interest is a windfall to plaintiff under [Haw. Rev. Stat.] § 478-3, and, as such, is more punitive than compensatory . . . ."). The award of prejudgment interest in this case, however, does not constitute a windfall because it estimates the value of Plaintiffs' lost use of the property

---

[4] Haw. Rev. Stat. § 636-16 states, in pertinent part: "In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred . . . ."

11

during the period reflected in the award.  Defendants' Objections are therefore denied as to their argument that an award of prejudgment interest would result in a windfall for Plaintiffs.

**III. Ruling**

In the 6/3/22 EO and the instant Order, this Court has rejected all of the arguments in Defendants' Objections.  As previously noted, Defendants have not raised any challenge to the amount of the prejudgment interest award.  Defendants' Objections are therefore denied in their entirety, and the F&R and the Supplemental F&R re adopted, as modified by the analysis in this Order.  Plaintiffs' Motion, as modified by their Motion Supplement, is granted in part and denied in part.  The Motion is granted, insofar as Plaintiffs are awarded $48,537.50 in attorney's fees, and the Motion is denied to the extent that Plaintiffs requested a higher award.  The Motion, as modified by the Motion Supplement, is granted, insofar as Plaintiffs are awarded $122,472.43 in prejudgment interest.

## CONCLUSION

For the foregoing reasons, Defendants' Objections to the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees and Award Prejudgment Interest, filed May 18, 2022, are HEREBY DENIED. The magistrate judge's Findings and Recommendation to Grant

12

Plaintiffs' Motion for Taxation of Attorneys' Fees and Award Prejudgment Interest, filed February 28, 2022, and the magistrate judge's Supplement to Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees and Award Prejudgment Interest, filed April 29, 2022, are ADOPTED, AS MODIFIED by the analysis in this Order.  Plaintiffs' Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest, filed December 6, 2021, as modified by their Supplemental Memorandum in Support of Plaintiffs' Motion for Taxation of Attorneys' Fees and Award of Prejudgment Interest, filed March 7, 2022, is GRANTED IN PART AND DENIED IN PART.

     Plaintiffs are HEREBY AWARDED $48,537.50 in attorney's fees and $122,472.43 in prejudgment interest, for a total award of $171,045.93.  Unless a timely motion for reconsideration of this Order is filed, the Clerk's Office is DIRECTED to enter an amended final judgment that includes these amounts on **February 14, 2023**, and Defendants are ORDERED to pay the award to Plaintiffs, through Plaintiffs' counsel, by **March 1, 2023**.

     IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 30, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' OBJECTIONS AND ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES AND AWARD OF PREJUDGMENT INTEREST**