UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>         Plaintiffs,<br><br>    vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>         Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION FOR A STAY OF THE ENFORCEMENT OF THE AMENDED FINAL JUDGMENT**

Before the Court is Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott's ("D. Susott" and collectively "Defendants") *Ex Parte* Application for a Stay of the Enforcement of the Amended Final Judgment ("Application"), filed on March 13, 2023.  [Dkt. no. 143.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Court also finds that it is not necessary for

Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") to file a response to the Application. Defendants' Application is hereby denied for the reasons set forth below.

<u>**BACKGROUND**</u>

On August 18, 2021, summary judgment was granted in favor of Plaintiffs as to their fraudulent conveyance claim, brought pursuant to the Hawai`i Uniform Fraudulent Transfer Act ("HUFTA"), Haw. Rev. Stat. Chapter 651C, and their constructive trust claim. <u>See</u> Order Granting Plaintiffs' Motion for Summary Judgment, filed 8/18/21 (dkt. no. 88) ("8/18/21 Order"), at 26; <u>see also</u> Order: Clarifying the Order Granting Plaintiffs' Motion for Summary Judgment; and Denying Defendants' Motion for Reconsideration of the Order, filed 9/23/21 (dkt. no. 99) ("9/23/21 Order").[1]  This Court ruled that the 2019 transfer of the property at issue in this case from D. Susott to Galindo was void and that the property reverted back to D. Susott.  8/18/21

---

[1] The 8/18/21 Order is also available at 2021 WL 3669307, and the 9/23/21 Order is also available at 2021 WL 4342317.

Order, 2021 WL 3669307, at *9.  In addition, this Court imposed
a constructive trust, ruling that D. Susott held the property in
trust, for the benefit of Plaintiffs, to the extent necessary to
satisfy their claims against him, but that the appointment of a
new trustee was necessary.  Id. at *9-10.

Final judgment was entered on November 22, 2021.  See
Judgment in a Civil Case, filed 11/22/21 (dkt. no. 115)
("Judgment").  Defendants have taken an appeal from the Judgment
("First Appeal").  See Notice of Appeal from a Judgment or Order
of a United States District Court, filed 12/17/21 (dkt.
no. 119).  A panel of the Ninth Circuit Court of Appeals heard
oral argument in the First Appeal on February 17, 2023, and the
First Appeal remains under submission.  See Auld-Susott, et al.
v. Galindo, et al., 9th Cir. No. 21-17078, filed 2/17/23 (dkt.
no. 29).

On January 30, 2023, this Court issued an order
awarding Plaintiffs $48,537.50 in attorney's fees and
$122,472.43 in prejudgment interest, for a total award of
$171,045.93.  See Order Denying Defendants' Objections and
Adopting, as Modified, the Magistrate Judge's Findings and
Recommendation to Grant Plaintiffs' Motion for Taxation of
Attorneys' Fees and Award of Prejudgment Interest, filed 1/30/23

(dkt. no. 138) ("1/30/23 Order"), at 13;[2] see also Minute Order -
EO: Court Order Denying Defendants' Motion for Reconsideration
of this Court's Order Denying Defendants' Objections and
Adopting Modified Magistrate Judge's Findings and Recommendation
as to Attorney's Fees and Prejudgment Interest, filed 3/3/23
(dkt. no. 140) ("3/3/23 EO").  Defendants were ordered to pay
the $171,045.93 award to Plaintiffs by April 3, 2023.  [3/3/23
EO at PageID.2137.]

An amended final judgment, reflecting the award in the
1/30/23 Order and the deadline in the 3/3/23 EO, was entered on
March 3, 2023.  See Amended Final Judgment in a Civil Case,
filed 3/3/23 (dkt. no. 141) ("Amended Judgment").  Defendants
have taken an appeal from the Amended Judgment ("Second
Appeal").  See Notice of Appeal from a Judgment or Order of a
United States District Court, filed 3/10/23 (dkt. no. 142).
Briefing has not been completed in the Second Appeal.  See Auld-
Susott, et al. v. Galindo, et al., 9th Cir. No. 23-15364, filed
3/13/23 (dkt. no. 1).

In the instant Application, Defendants ask this Court
to stay the enforcement of the Amended Judgment from April 3,
2023 until ten days after the Ninth Circuit issues its decision
in the First Appeal.  See Application at 2.

---

[2] The 1/30/23 Order is also available at 2023 WL 1099632.

## STANDARD

Defendants bring the Application pursuant to Fed. R.
Civ. P. 62.  See id.

Federal Rule of Civil Procedure 62(a)
provides that, absent a court order to the
contrary, execution on a judgment and proceedings
to enforce it are stayed for 30 days after its
entry.

The losing party may otherwise obtain a stay
of the execution of the judgment by providing a
bond or other security as approved by the
District Court.  Fed. R. Civ. P. 2(b).  The stay
takes effect when the Court approves the bond or
other security and remains in effect for the time
specified in the bond or security.  Id.

Rule 62 was amended in 2018.  Under the new
rule, a stay upon filing a notice of appeal is
not automatic.  A party is entitled to a stay of
the judgment as a matter of right upon posting a
bond or security.  Mohr v. MLB Sub I, LLC, Civ.
No. 16-00493 ACK-WRP, 2020 WL 3803847, *2 (D.
Haw. July 7, 2020).  The amendment also provides
that the Court may allow a party seeking a stay
to post security in a form other than a bond.
Fed. R. Civ. P. 62(b) Advisory Committee Note to
2018 Amendments; Philadelphia Indem. Ins. Co. v.
Ohana Control Sys., Inc., Civ. No. 17-00435 SOM-
RT, 2020 WL 3013105, *1-*2 (D. Haw. June 4,
2020).

The purpose of the bond or security is to
protect the prevailing party from the risk of a
later uncollectible judgment and to compensate
the party for delay in enforcement of the
judgment.  NLRB v. Westphal, 859 F.2d 818, 819
(9th Cir. 1988).

District Courts have inherent discretionary
authority in requiring and setting the amount of
supersedeas bonds.  Rachel v. Banana Republic,
Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).
The default rule is that the losing party seeking

> to appeal must provide a full supersedeas bond
> covering the entire amount of the judgment.
> <u>Paeste v. Gov't of Guam</u>, 2014 WL 12725108, *3 (D.
> Guam May 28, 2014).  Courts frequently require a
> supersedeas bond for the amount of the judgment
> plus interest, costs, and an estimate of any
> damages attributed to the delay.  11 Wright &
> Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed.).

<u>Mueller v. Dep't of Pub. Safety</u>, CIVIL NO. 17-00571 HG-WRP, 2022

WL 614983, at *1 (D. Hawai`i Mar. 2, 2022), *appeal dismissed*,

No. 22-15330, 2022 WL 3999969 (9th Cir. Aug. 22, 2022).

> A losing party has the right to a stay of
> the execution of the judgment by paying a
> supersedeas bond, but an unsecured stay is
> reserved for unusual circumstances as determined
> in the court's discretion.  <u>Bolt v. Merrimack
> Pharms., Inc.</u>, 2005 WL 2298423, *2 (E.D. Cal.
> Sept. 20, 2005).  A party seeking a departure
> from the normal requirement of a full security
> supersedeas bond bears the burden of showing a
> sufficient basis for such a departure from the
> norm.  <u>Lewis v. Cnty. of San Diego</u>, 2018 WL
> 1071704, *2 (S.D. Cal. Feb. 27, 2018).

> Courts rely on five factors in evaluating a
> request to waive the supersedeas bond
> requirement:

> > (1)  the complexity of the collection
> > process;

> > (2)  the amount of time required to obtain a
> > judgment after it is affirmed on appeal;

> > (3)  the degree of confidence that the
> > District Court has in the availability of
> > funds to pay the judgment;

> > (4)  whether the losing party's ability to
> > pay the judgment is so plain that the cost
> > of a bond would be a waste of money; and,

(5) whether the losing party is in such a
precarious financial position that the
requirement to post a bond would place other
creditors of the losing party in an insecure
position.

Guitierrez v. City of Carson, 2013 WL 12241842,
*2 (C.D. Cal. Jan. 22, 2013) (citing Dillon v.
City of Chicago, 866 F.2d 902, 904-05 (7th Cir.
1988)).

The burden is on the losing party that
requests that the Court waive the bond
requirement to demonstrate sufficient reasons to
depart from the default rule requiring a
supersedeas bond.  Paeste v. Gov't of Guam, 2014
WL 12725108, *3 (D. Guam May 28, 2014).

. . . .

District Courts in the Ninth Circuit
routinely rely on the Dillon test to examine the
appropriateness of waiving the supersedeas bond
requirement as the factors are more
particularized and comprehensive than the Nken
[v. Holder, 556 U.S. 418 (2009),] stay factors.
See Cotton ex rel. McClure v. City of Eureka, 860
F. Supp. 2d 999, 1028-29 (N.D. Cal. 2012) (citing
United States v. Moyer, 2008 WL 3478063, *12
(N.D. Cal. Aug. 12, 2008)).

Id. *3.

## **DISCUSSION**

In the instant case, the payment required in the

Amended Judgment is not due until April 3, 2023, *i.e.*, thirty-

one days after the date of the Amended Judgment.  See Amended

Judgment at 2.  Thus, the automatic stay of the execution or

enforcement of the Amended Judgment is incorporated in the

deadline.  See Fed. R. Civ. P. 62(a) ("Except as provided in

Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.").[3]  Defendants have a right to a stay of execution of the Amended Judgment if this Court approves their bond or other security.  See Fed. R. Civ. P. 62(b); Mohr, 2020 WL 3803847, *2.  Defendants, however, have not proposed to post a bond or provide other security.  D. Susott's declaration in support of the Application indicates that he would not be able to obtain a supersedeas bond or to provided other security.  See Application, Decl. of Daniel C. Susott at ¶¶ 4-7.  The Application does not address Galindo's ability to post a bond or provide other security.  Read as a whole, the Application appears to seek a waiver of the bond/security required for a stay of execution of the Amended Judgment.  See Fed. R. Civ. P. 62(b).

    "The first two Dillon factors relat[e] to the complexity and timing involved in collecting from" the defendants.  Mueller, 2022 WL 614983, at *4; see also Dillon, 866 F.2d at 904.  The first factor weighs against a waiver of the bond requirement because it appears that collection from

---

[3] Fed. R. Civ. P. 62(c) addresses to actions involving injunctions, receiverships, or a patent accounting, and Fed. R. Civ. P. 62(d) addresses actions involving injunctions.  Neither section (c) nor section (d) applies under the circumstances of this case.

D. Susott will be complicated by his limited assets, and Defendants have not provided any information addressing the complexity of the process to collect from Galindo.  The second factor also weighs against a waiver because Plaintiffs were required to bring this action to address Defendants' attempt to avoid the effect of the previous rulings in Auld-Susott, et al. v. Galindo, CV 16-00450 LEK-WRP ("CV 16-450"), by fraudulently transferring the property.  See generally 8/18/21 Order, 2021 WL 3669307.  Thus, delaying Plaintiffs' execution of the Amended Judgment is not warranted under the circumstances of this case.

"The third, fourth, and fifth Dillon factors relat[e] to the [defendant]'s willingness and ability to pay the bond . . . ."  Mueller, 2022 WL 614983, at *4; see also Dillon, 866 F.2d at 904-05.  As to the third factor, based on the current record, this Court does not have confidence that Defendants have available funds to pay the Amended Judgment.  As to the fourth factor, because D. Susott has limited resources and Defendants have not presented any evidence about Galindo's resources, this Court cannot find that Defendants' "ability to pay the judgment is so plain that the cost of a bond would be a waste of money."  See Mueller, 2022 WL 614983, at *3.  Finally, although Defendants have presented evidence of D. Susott's limited resources, they have not shown that D. Susott "is in such a precarious financial position that the requirement to

post a bond would place other creditors of the losing party in an insecure position." See id.  There is also no evidence that would support such a finding as to Galindo.  The third, fourth, and fifth Dillon factors therefore weigh against a waiver of the bond requirement.

Having considered all of the Dillon factors, this Court denies Defendants' request for a waiver of the bond or security requirement in Rule 62(b).  Because Defendants have not presented a bond or other security, they are not entitled to a stay of the execution or enforcement of the Amended Judgment.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' *Ex Parte* Application for a Stay of the Enforcement of the Amended Final Judgment, filed March 13, 2023, is HEREBY DENIED.  The denial of the Application is WITHOUT PREJUDICE to Defendants' ability to seek a stay or other interim relief from the Ninth Circuit, pursuant to Fed. R. Civ. P. 62(g).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 17, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ET AL. VS. LAURYN GALINDO, ET AL; cv 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR A STAY OF THE ENFORCEMENT OF THE AMENDED FINAL JUDGMENT**