UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>          Defendants. | **CIVIL 20-00270 LEK-RT** |

**ORDER: GRANTING PLAINTIFFS' MOTION SEEKING DISMISSAL AND SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND DENYING AS MOOT DEFENDANTS' MOTION TO RESTORE OWNERSHIP OF THE APARTMENT TO DEFENDANT GALINDO**

Before the Court are the following motions:

-the Motion to Regain the Ownership of Defendant Lauryn Galindo as to the Apartment Involved in this Case that Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott ("D. Susott" and collectively "Defendants") filed on April 26, 2023 ("Defendants' Apartment Motion"); [dkt. no. 154;]

-Defendants' Motion for Summary Judgment, filed on May 17, 2023; [dkt. no. 158;] and

-the Motion for [1] Dismissal Without Prejudice of Claims Against Defendant Daniel C. Susott; [2] Summary Judgment on

Counts I and III of the Complaint Against Lauryn Galindo;
and [3] Order Maintaining Status Quo and [4] Dismissing
Count II Against Lauryn Galindo Without Prejudice If the
Remainder of this Motion Is Granted that Plaintiffs Evan
Auld-Susott ("E. Auld-Susott"), as Trustee for
(1) Irrevocable Life Insurance Trust of John L. Susott and
Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust
FBO Daniel C. Susott, and (2) Irrevocable Life Insurance
Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988
as Restated, Non-Exempt Trust FBO Daniel C. Susott
("Trusts"); and John L. Susott ("J. Susott" and
collectively "Plaintiffs") filed on May 21, 2023
("Plaintiffs' Motion"), [dkt. no. 162].

The motions have been fully briefed,[1] and the Court finds them
suitable for disposition without a hearing pursuant to
Rule LR7.1(c) of the Local Rules of Practice for the United
States District Court for the District of Hawaii ("Local
Rules"). On June 28, 2023, an entering order was issued
informing the parties of the Court's rulings on the motions.
The instant Order supersedes that entering order. For the
reasons set forth below, Plaintiffs' Motion is granted in its
entirety, Defendants' Motion for Summary Judgment is denied, and
Defendants' Apartment Motion is denied as moot.

---

[1] Plaintiffs filed their memorandum in opposition to
Defendants' Apartment Motion on May 11, 2023, and Defendants
filed their reply on May 25, 2023. [Dkt. nos. 157, 165.]
Plaintiffs filed their memorandum in opposition to Defendants'
Motion for Summary Judgment on May 31, 2023, and Defendants
filed their reply on June 14, 2023. [Dkt. nos. 166, 172.]
Defendants filed their memorandum in opposition to Plaintiffs'
Motion on June 6, 2023, and Plaintiffs filed their reply on
June 20, 2023. [Dkt. nos. 168, 175.]

**BACKGROUND**

The instant case is related to a prior case between Plaintiffs and Galindo, <u>Auld-Susott, et al. v. Galindo</u>, CV 16-00450 LEK-WRP ("CV 16-450").  The relevant factual and procedural background of CV 16-450 is set forth in the August 18, 2021 Order Granting Plaintiffs' Motion for Summary Judgment ("8/18/21 Order") and will not be repeated in detail here.  [Dkt. no. 88.[2]]  Ultimately, after the bench trial in CV 16-450, this Court ruled that D. Susott's April 8, 2010 transfer of certain real property located at 3880 Wyllie Road, Apartment 6A, Princeville, Hawai`i 96722 ("the Property") by quitclaim deed to Galindo ("the 2010 Transfer") was fraudulent and declared it void, reverting title in the Property back to D. Susott.  See 8/18/21 Order, 2021 WL 3669307, at *1-2; see also CV 16-450, Findings of Fact and Conclusions of Law ("CV 16-450 FOF/COL"), filed 2/28/19 (dkt. no. 167), at 43.[3]  A judgment was entered on March 1, 2019.  [CV 16-450, Judgment in a Civil

---

[2] The 8/18/21 Order is also available at 2021 WL 3669307, and the order was clarified by this Court's September 23, 2021 order ("9/23/21 Order"), dkt. no. 99, *available at*, 2021 WL 4342317.  The 8/18/21 Order was vacated and remanded on appeal.  See generally Auld-Susott v. Galindo, No. 21-17078, 2023 WL 2929317 (9th Cir. Apr. 13, 2023) ("Ninth Circuit Memorandum Disposition").  However, the Ninth Circuit's decision was not based upon any holding of error in the background section of the 8/18/21 Order.

[3] The CV 16-450 FOF/COL is also available at 2019 WL 993620.

Case, filed 3/1/19 (dkt. no. 168).]  The judgment in CV 16-450 was affirmed by the Ninth Circuit, see Auld-Susott v. Galindo, 854 F. App'x 217 (9th Cir. 2021),[4] and Galindo did not seek further review.

In the instant case, Plaintiffs allege that, within days after the entry of the CV 16-450 FOF/COL, D. Susott again transferred the Property to Galindo, without consideration ("2019 Transfer").  [Complaint, filed 6/12/20 (dkt. no. 1), at ¶¶ 19-21.]  Plaintiffs argue the 2019 Transfer violated the CV 16-450 FOF/COL and was intended to prevent Plaintiffs from executing their judgments on the Property, which they contend remain unsatisfied.  [Id. at ¶¶ 9-11, 23.]  The Complaint alleges the following claims: a fraudulent conveyance claim, pursuant to the Hawai`i Uniform Fraudulent Transfer Act ("HUFTA"), Haw. Rev. Stat. Chapter 651C ("Count I"); unjust enrichment ("Count II"); and constructive trust ("Count III").

In the 8/18/21 Order, this Court applied federal common law regarding preclusion and concluded that several of the rulings in the CV 16-450 FOF/COL had preclusive effect in the instant case.  See 8/18/21 Order, 2021 WL 3669307, at *4, *7-8.  Based on the rulings from CV 16-450 that this Court found had preclusive effect, and based on the record as a whole, this

---

[4] The Ninth Circuit issued its Mandate on August 3, 2021. [CV 16-450, dkt. no. 196.]

Court granted summary judgment in Plaintiffs' favor as to Count I and ordered the 2019 Transfer void.  Id. at *8-9.  This Court also granted summary judgment in favor of Plaintiffs as to Count III and found that the appointment of a trustee for the Property was appropriate.  Id. at *9-10.  Plaintiffs subsequently dismissed Count II.  See Order Granting Plaintiffs' Motion to Voluntarily Dismiss Count II of the Complaint, Filed June 12, 2020 [Dkt. 1], Without Prejudice, filed 10/21/21 (dkt. no. 110).

George Van Buren, Esq., was appointed as trustee of the constructive trust ("the Trustee"), and he was ordered to transfer title to the Property to Plaintiffs or their nominee, if the appraised value of the Property was less than the amount of the outstanding judgments held by Plaintiffs.  See Order Granting Plaintiffs' Application for Appointment of Trustee, filed 9/27/21 (dkt. no. 101) ("9/27/21 Order"), at 12.  The Trustee conveyed the property to Plaintiffs' nominee, as required by the 9/27/21 Order.  See Trustee's Final Report, filed 8/12/22 (dkt. no. 137); id., Decl. of George W. Van Buren ("Van Buren Decl.") at ¶ 3.

The Ninth Circuit vacated the grant of summary judgment and remanded the case, holding that this Court erred in concluding that the rulings in CV 16-450 had a preclusive effect as to D. Susott, who was not a party in CV 16-450.  See

generally Ninth Circuit Memorandum Disposition, 2023 WL 2929317.
The Ninth Circuit held that this Court erred in applying federal
law regarding the preclusive effect of the rulings in CV 16-450,
holding that "[b]ecause the 2016 federal lawsuit rested on
diversity jurisdiction, and there is no sense in which Hawaii
prelusion law is 'incompatible with federal interests,' Hawaii
law governs the preclusive effect of the 2019 judgment rendered
in [CV 16-450]." Id. at *1 (quoting Semtek Int'l Inc. v.
Lockheed Martin Corp., 531 U.S. 497, 508-09 (2001)).  The Ninth
Circuit noted that Galindo was bound by the findings in
CV 16-450, but the Ninth Circuit vacated the grant of summary
judgment in its entirety and directed this Court on remand "to
reexamine in the first instance the extent to which summary
judgment may be warranted given that preclusion principles apply
only as against Galindo." Id. at *2.

## DISCUSSION

### I.   Dismissal of Plaintiffs' Claims Against D. Susott

Plaintiffs first move to dismiss their claims against
D. Susott, without prejudice, pursuant to Fed. R. Civ.
P. 41(a)(2).  Plaintiffs state D. Susott was initially named as
a defendant because they believed it may be necessary for them
to move for an injunction against him, but Plaintiffs have
decided that it is not necessary for them to seek such relief.
See Plaintiffs' Motion, Mem. in Supp. at 8-9.

> Rule 41(a)(2) states:
>
> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Defendants did not plead any counterclaims before being served with Plaintiffs' Motion, which includes a request to dismiss Plaintiffs' claims against D. Susott.  See generally Defendants' First Amended Answer to Complaint, filed 9/3/20 (dkt. no. 20).[5] Therefore, the only issue before this Court in the Rule 41(a)(2) analysis is whether the circumstances of the requested dismissal are proper.

At this point in the case, Plaintiffs are not seeking any relief against D. Susott.  Further, although some of the rulings in the CV 16-450 have preclusive effect as to Galindo,

---

[5] On February 23, 2021, Defendants filed a motion for leave to file a second amended answer that included counterclaims, and D. Susott filed a motion on June 28, 2023 seeking leave to amend to assert counterclaims.  [Dkt. nos. 48, 178.]  Both motions were denied.  See Order Denying Defendants' Renewed Motion for Leave to Amend Defendants' First Amended Answer to Complaint by Filing Defendants' Counterclaims, filed 6/23/21 (dkt. no. 63); Minute Order - EO: Court Order Denying Defendant Daniel C. Susott's Motion for Leave to Amend His Answer to Assert Counterclaims, filed 7/17/23 (dkt. no. 178).  Thus, there are no counterclaims in this case.

they do not have preclusive effect as to D. Susott.[6]  Litigation

of those issues on the merits as to D. Susott would not be an

efficient use of the parties' and the Court's time and resources

because Plaintiffs are not seeking relief against him.  This

Court therefore finds that, under the circumstances of this

case, the dismissal of Plaintiffs' claims against D. Susott,

without prejudice, is warranted.  Plaintiffs' Motion is granted

as to Plaintiffs' request to dismiss their claims against

D. Susott without prejudice.

## II.  **Plaintiffs' Claims Against Galindo**

### A.  **Count I**

Plaintiffs also move for summary judgment against

Galindo as to their HUFTA fraudulent transfer claim, arguing

Galindo cannot relitigate issues that were "finally established"

in CV 16-450.  [Plaintiffs' Motion, Mem. in Supp. at 10-11.]

Under Hawai`i law,

> claim preclusion prohibits a party from
> relitigating a previously adjudicated cause of
> action.  Issue preclusion, or collateral
> estoppel, on the other hand, applies to a
> subsequent suit between the parties or their
> privies on a **different** cause of action and
> prevents the parties or their privies from
> relitigating **any issue** that was actually

---

[6] In clarifying the 8/18/21 Order, this Court concluded that
D. Susott and Galindo were parties in privity, with respect to
CV 16-450.  9/23/21 Order, 2021 WL 4342317, at *3.  On appeal,
the Ninth Circuit held that this Court erred in concluding that
Galindo and D. Susott were in privity.  See Ninth Circuit
Memorandum Disposition, 2023 WL 2929317, at *1-2.

litigated and finally decided in the earlier
action.  See Flynn v. Gorton, 207 Cal. App.3d
1550, 255 Cal. Rptr. 768, 770 (1989) (summarizing
differences between doctrines of *res judicata* and
collateral estoppel).  Notwithstanding these
differences, *res judicata* and collateral estoppel
do share the common goals of preventing
inconsistent results, preventing a multiplicity
of suits, and promoting finality and judicial
economy.  Compare State v. Magoon, 75 Haw. 164,
189, 858 P.2d 712, 724, *reconsideration denied*,
75 Haw. 580, 861 P.2d 735 (1993) (explaining
purposes of the doctrine of *res judicata*) with
Sentinel Ins. Co., Ltd. v. First Ins. Co. of
Hawai`i, Ltd., 76 Hawai`i 277, 294, 875 P.2d 894,
911 (1994) (noting that "[t]he purpose of the
doctrine [of collateral estoppel] is to . . .
dispense with the delay and expense of two trials
on the same issue (citation and internal
quotation marks omitted)).

Dorrance v. Lee, 90 Hawai`i 143, 148–49, 976 P.2d 904, 909–10

(1999) (alterations and emphases in Dorrance).

        Plaintiffs brought a HUFTA fraudulent transfer claim

against Galindo in both CV 16-450 and the instant case.  See

Complaint at ¶¶ 25-32; CV 16-450, Complaint, filed 8/10/16 (dkt.

no. 1), at ¶¶ 19-22.  However, because the fraudulent transfer

claim in the instant case addresses the 2019 Transfer, it is not

a relitigation of the HUFTA fraudulent transfer claim in

CV 16-450, which addressed the 2010 Transfer.  Claim preclusion

therefore does not apply in this case.

        Issue preclusion, also referred to as collateral

estoppel,

        bars relitigation of an issue where: (1) the
        issue decided in the prior adjudication is

9

> identical to the one presented in the action in
> question; (2) there is a final judgment on the
> merits; (3) the issue decided in the prior
> adjudication was essential to the final judgment;
> and (4) the party against whom collateral
> estoppel is asserted was a party or in privity
> with a party to the prior adjudication
> [hereinafter, the collateral estoppel test].

Dorrance, 90 Hawai`i at 149, 976 P.2d at 910 (brackets in

Dorrance).  Galindo, the party against whom Plaintiffs attempt

to assert issue preclusion, was a party in CV 16-450, and there

was a final judgment on the merits in that case.  See *supra*

Background section (summarizing the procedural history of

CV 16-450).  Thus, the second and fourth prongs of the

collateral estoppel test are met.

As to the third prong, the following issues were

decided in CV 16-450:

-E. Auld-Susott, as trustee of the Trusts, and J. Susott were
    creditors of D. Susott; see CV 16-450, Order Granting
    Plaintiffs' Motion for Partial Summary Judgment and Denying
    Defendant's Motion for Summary Judgment, filed 6/27/18
    (dkt. no. 122) ("CV 16-450 6/27/18 Order"), at 14, 16-17;[7]

-D. Susott did not receive reasonable value for the Property in
    the 2010 Transfer; see CV 16-450 FOF/COL, 2019 WL 993620,
    at *7-8 (Findings of Fact § III.I.)

-in the 2010 Transfer, Galindo did not give any value for the
    Property and did not act in good faith; see id. at *11
    (Findings of Fact ¶¶ V.102-03).

-Galindo was an insider with respect to D. Susott; see id. at *5
    (Findings of Fact ¶ III.A.29);

---

[7] The CV 16-450 6/27/18 Order is also available at 2018 WL
3148095.

10

-D. Susott possessed and controlled the Property after he purchased it on March 6, 2007; see id. (Findings of Fact ¶ III.B.35);

-D. Susott was aware of potential claims against him that could result in legal judgments against him; see id. at *6 (Findings of Fact ¶¶ III.D.46, III.E.47);

-the Property was substantially all of D. Susott's assets; see id. at *7 (Findings of Fact ¶¶ III.F.54); and

-there were other circumstances that were pertinent to actual intent, see id. at *9-10 (Findings of Fact § III.M).

In CV 16-450, the creditor finding was critical to the issue of whether Plaintiffs had standing to bring the HUFTA fraudulent transfer claim.  See CV 16-450 6/27/18 Order, 2018 WL 3148095, at *6.  The other findings were essential to this Court's finding that "D. Susott made the [2010 T]ransfer with the actual intent to hinder, delay, or defraud Plaintiffs in their efforts to pursue their claims related to D. Susott's alleged abuse of [Kathryn C.] Susott and D. Susott's alleged breach of fiduciary duty against the Trusts," see CV 16-450 FOF/COL, 2019 WL 993620, at *10 (Findings of Fact ¶ III.M.89), and to this Court's analysis of whether Galindo was a good faith transferee in the 2010 Transfer, see id. at *11 (Findings of Fact § V).  Further, all of the findings listed above were essential to this Court's conclusions that Plaintiffs established their prima facie case as to their fraudulent transfer claim and that Galindo failed to establish any affirmative defense, rendering Galindo liable to Plaintiffs on

11

the fraudulent transfer claim in CV 16-450.  See id. at *15-16 (Conclusions of Law §§ E-F).  Because the findings listed above were essential to the judgment on the fraudulent transfer claim in CV 16-450, the third prong of the collateral estoppel test is satisfied.

As to the first prong, the issue of whether Plaintiffs were creditors of D. Susott at the time of the 2019 Transfer is identical to the creditor issue addressed in CV 16-450 because the debts that Plaintiffs now assert render them creditors of D. Susott as to the 2019 Transfer are the same as the debts that they asserted in CV 16-450 rendered them creditors of D. Susott as to the 2010 Transfer, and Plaintiffs have presented evidence that there has been no satisfaction of those debts since the conclusion of CV 16-450.  See 8/18/21 Order, 2021 WL 4342317 at *6 (citing rulings in CV 16-450 and evidence presented in this case).

To the extent that the 2019 Transfer was based on the same purported consideration that was allegedly provided in the 2010 Transfer, CV 16-450 and the instant case involve identical issues of whether the transfer of the Property in exchange for that purported consideration indicates actual fraudulent intent and whether that purported consideration was reasonably equivalent value for the Property.  D. Susott also asserts that part of the basis for the 2019 Transfer was to compensate

Galindo for the attorney's fees and costs she incurred, and the emotional distress and anxiety she suffered, as a result of the litigation in CV 16-450.  See id. at *7 (citing evidence presented in this case).  The issues of whether Galindo provided any value in exchange for the Property in the 2010 Transfer and whether she received the Property in good faith are also at issue in the instant case because they are relevant to the issue of whether she had any claims against D. Susott for indemnification or for emotional distress that she purportedly suffered as a result of the litigation in CV 16-450.  If she had no such claims, then her purported waiver of those claims could not constitute value paid for the Property in the 2019 Transfer. The issues in the instant case of whether Galindo provided value in the 2010 Transfer and whether she acted in good faith are therefore identical to issues in CV 16-450.

The other findings listed above - Galindo was an insider, D. Susott had possession and control of the Property after he purchased it, he was aware of potential claims against him, the Property was a substantial portion of his assets, and the existence of other circumstances that are relevant to actual intent - are identical to issues presented in this case.

Thus, as to the findings in CV 16-450 listed above, all of the prongs of the Hawai`i Supreme Court's collateral estoppel test are met, and therefore this Court concludes that

13

those findings have preclusive effect in this case.  Applying

those findings in the instant case, and viewing the record in

the light most favorable to Galindo,[8] there are no genuine issues

of material fact, and Plaintiffs have established, by clear and

convincing evidence, that D. Susott made the 2019 Transfer

"[w]ith actual intent to hinder, delay, or defraud" Plaintiffs

in their capacity as creditors of D. Susott.  See Haw. Rev.

Stat. § 651C-4(a)(1) ("A transfer made or obligation incurred by

a debtor is fraudulent as to a creditor, whether the creditor's

claim arose before or after the transfer was made or the

obligation was incurred, if the debtor made the transfer or

incurred the obligation: (1) With actual intent to hinder,

delay, or defraud any creditor of the debtor[.]").[9]  This

---

[8] In considering a motion for summary judgment, this Court must view the record in the light most favorable to the nonmoving party.  See Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir. 2021).

[9] In the CV 16-450 FOF/COL, this Court stated:

> Liability under § 651C-4(a)(1) depends only on the debtor-transferor's intent.  [Schmidt v. HSC, Inc. ("]Schmidt II["),] 136 Hawai`i [158,] 170-71, 358 P.3d [727,] 739-40 [(Ct. App. 2015)].  "The transferees' fraudulent intent, lack thereof, or even good faith acceptance of the transferred asset, is not at issue."  Id. at 171, 358 P.3d at 740.  "In other words, first, the fact-finder must determine whether there is clear and convincing evidence of the transferor's fraudulent intent.  Then, the fact-finder may examine [the transferee's affirmative defense of taking] in good
> (. . . continued)

14

conclusion is based on all the evidence pertinent to D. Susott's actual intent, considered as a whole, including the relevant badges of fraud, as well as other indicia of actual intent.  See Schmidt v. HSC, Inc. ("Schmidt II"), 136 Hawai`i 158, 175, 358 P.3d 727, 744 (Ct. App. 2015); see also § 651C-4(b) (listing some of the factors that may be considered in determining actual intent under § 651C-4(a)(1)); Schmidt II, 136 Hawai`i at 165, 358 P.3d at 734 (noting that the factors are "sometimes referred to as badges of fraud").

As in CV 16-450, some of the badges of fraud are more important than others, and the fact that Galindo did not pay reasonably equivalent value in the 2019 Transfer is especially important to this Court's conclusion that D. Susott made the 2019 Transfer with actual fraudulent intent.  Accord CV 16-450 FOF/COL, 2019 WL 993620, at *15 (Conclusions of Law ¶ E.27) (noting the fact that D. Susott did not receive reasonably equivalent value for the Property in the 2010 Transfer was especially important to this Court's conclusion that he made the 2010 Transfer with actual fraudulent intent (citing In re Agric. Research & Tech. Grp., Inc., 916 F.2d 528, 537 (9th Cir.

---

faith **and** for reasonably equivalent value."  Id. at 167, 358 P.3d at 736 (emphasis in original).

2019 WL 993620, at *13 (emphasis and some alterations in CV 16-450 FOF/COL).

1990))).  Plaintiffs are therefore entitled to a summary judgment ruling that they have established the prima facie case for their fraudulent transfer claim regarding the 2019 Transfer. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Similarly, considering the rulings from CV 16-450 that have preclusive effect in the instant case, and viewing the record in the light most favorable to Galindo, there is insufficient evidence to raise a genuine issue of fact for trial as to Galindo's defense that she was a good faith transferee. Galindo cannot prove that she acted in good faith when she took the Property in the 2019 Transfer, nor can she prove that she gave D. Susott reasonably equivalent value for the Property. Galindo therefore cannot establish the affirmative defense that she was a good faith transferee.  See CV 16-450 FOF/COL, 2019 WL 993620, at *15-16 (Conclusions of Law § F) (discussing Haw. Rev. Stat. § 651C-8(a) and case law applying that provision). Plaintiffs are entitled to a summary judgment ruling that Galindo does not have a valid affirmative defense to liability for Plaintiffs' fraudulent transfer claim.

In light of the summary judgment rulings as to Plaintiffs' prima facie case and Galindo's lack of a valid

16

affirmative defense, Plaintiffs are entitled to summary judgment as to their claim against Galindo in Count I.  Further, there are no genuine issues of material fact, and Plaintiffs are entitled to a summary judgment ruling that the record establishes, by clear and convincing evidence that Galindo took the Property in the 2019 Transfer with objective bad faith.  Cf. id. at *16 (Conclusions of Law § H).  Plaintiffs are therefore entitled to "[a]voidance of the [2019 T]ransfer to the extent necessary to satisfy" their claims.  See Haw. Rev. Stat. § 651C-7(a)(1).

This Court therefore ORDERS that the 2019 Transfer and the deeds executed to effectuate the transfer are void, which would revert title in the Property back to D. Susott.

## B. <u>Count III – Constructive Trust</u>

In the CV 16-450 FOF/COL, this Court dismissed Plaintiffs' constructive trust and unjust enrichment claims because the availability of an adequate remedy at law for the 2010 Transfer, *i.e.* the HUFTA remedies, deprived this Court of jurisdiction to award equitable remedies to Plaintiffs.  2019 WL 993620, at *16-17 (Conclusions of Law § I).  This Court recognized that, "[u]nder Hawai`i law, 'equity will not take jurisdiction when the complainant has a complete and adequate remedy at law. . . .'"  Id. at *16 (quoting <u>Beneficial Haw., Inc. v. Kida</u>, 96 Hawai`i 289, 312, 30 P.3d 895, 918 (2001)).

17

This Court concludes that the HUFTA remedies granted in CV 16-450 were not complete and adequate, as evidenced by the 2019 Transfer, which occurred shortly after this Court issued the CV 16-450 FOF/COL, and which deprived Plaintiffs of the benefit of the HUFTA remedies they obtained in CV 16-450. The 2019 Transfer prevented Plaintiffs from using the Property to collect upon the debts that D. Susott owes them. See Beneficial Haw., 96 Hawai`i at 312, 30 P.3d at 918. In the instant Order, this Court has also awarded Plaintiffs a HUFTA remedy. However, in light of Defendants' execution of the 2019 Transfer in an apparent attempt to avoid the effect of the rulings in CV 16-450, this Court concludes that the HUFTA remedy alone is not a complete and adequate remedy at this time, and therefore an equitable remedy - specifically a constructive trust - is appropriate in this case. See id. at 315, 30 P.3d at 921 ("A constructive trust is one way through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity may convert him into a trustee." (brackets, citations, and quotation marks omitted)).

There are no genuine issues of material fact, and this Court concludes that Plaintiffs are entitled to the equitable remedy of a constructive trust. Plaintiffs' Motion is therefore

granted, insofar as summary judgment is granted in favor of Plaintiffs as to their claim in Count III against Galindo.   In light of the imposition of a constructive trust, D. Susott would hold the Property in trust, for the benefit of Plaintiffs, to the extent necessary to satisfy their claims against him. Further, under the circumstances of this case, this Court finds that the appointment of a trustee is appropriate.

Because this Court has granted summary judgment in Plaintiffs' favor as to their claims in Counts I and III against Galindo, and because this Court has found that the appointment of a trustee is appropriate, this Court also finds that it was appropriate to maintain the status quo of the Property's ownership as it was prior to the issuance of the Ninth Circuit Memorandum Disposition.   Therefore, Plaintiffs' Motion is granted, to the extent that Plaintiffs request an order maintaining the status quo.   Based upon that ruling, Defendants' Apartment Motion, which asks this Court to restore title to the Property to Galindo under the Ninth Circuit Memorandum Disposition, is denied as moot.

C.   **Count II**

Finally, Plaintiffs' Motion asks that, if this Court grants all of Plaintiffs' other requests in the motion, Plaintiffs' claim in Count II against Galindo be dismissed.   As previously noted, Galindo did not plead a counterclaim before

being served with Plaintiffs' Motion, which included the request
to dismiss Count II.  Therefore, the only issue before this
Court is whether the circumstances of the proposed dismissal are
proper.  See Fed. R. Civ. P. 41(a)(2).  Plaintiffs state they
pled Count II as an alternative to Counts I and III, and they
recognize that, if this Court grants summary judgment in their
favor and against Galindo as to Counts I and III, Count II would
be moot.  [Plaintiffs' Motion, Mem. in Supp. at 16.]  This Court
finds that, under the circumstances of this case, dismissal of
Plaintiffs' claim against Galindo in Count II is proper.  This
Court therefore grants Plaintiffs' Motion as to Plaintiffs'
request to dismiss Count II.

**III. Defendants' Motion for Summary Judgment**

        In light of this Court's rulings as to Plaintiffs'
Motion, all of the claim in Plaintiffs' Complaint have been
resolved, and there is no claim as to which Defendants are
entitled to summary judgment.  Defendants' Motion for Summary
Judgment is therefore denied.

**CONCLUSION**

        For the foregoing reasons, Plaintiffs' Motion for
[1] Dismissal Without Prejudice of Claims Against Defendant
Daniel C. Susott; [2] Summary Judgment on Counts I and III of
the Complaint Against Lauryn Galindo; and [3] Order Maintaining
Status Quo and [4] Dismissing Count II Against Lauryn Galindo

Without Prejudice If the Remainder of this Motion Is Granted,
filed May 21, 2023, is HEREBY GRANTED.  Specifically, all of
Plaintiffs' claims against D. Susott are DISMISSED WITHOUT
PREJUDICE, and summary judgment in GRANTED in favor of
Plaintiffs and against Galindo as to Plaintiffs' HUFTA
fraudulent transfer claim and their constructive trust claim.
In light of those rulings, Plaintiffs' unjust enrichment claim
against Galindo is DISMISSED.  Further, Defendants' Motion for
Summary Judgment, filed May 17, 2023, is DENIED, and Defendants'
Motion to Regain the Ownership of Defendant Lauryn Galindo as to
the Apartment Involved in this Case, filed April 26, 2023, is
DENIED AS MOOT.

There being no remaining claims in this case, the
Clerk's Office is DIRECTED to enter judgment and close the case
on **August 10, 2023,** unless Defendants file a timely motion for
reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 26, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

EVAN AULD-SUSOTT, ETC., ET AL VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER GRANTING PLAINTIFFS' MOTION SEEKING DISMISSAL AND SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND DENYING AS MOOT DEFENDANTS' MOTION TO RESTORE OWNERSHIP OF THE APARTMENT TO DEFENDANT GALINDO