UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>                    Defendants. | CIVIL 20-00270 LEK-RT |

## ORDER DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION

On July 26, 2023, this Court issued the Order: Granting Plaintiffs' Motion Seeking Dismissal and Summary Judgment; Denying Defendants' Motion for Summary Judgment; and Denying as Moot Defendants' Motion to Restore Ownership of the Apartment to Defendant Galindo ("7/26 Order"). [Dkt. no. 184.[1]] On July 27, 2023, the Court issued an entering order titled Court Order Denying as Moot Defendant Daniel Susott's Motion to Intervene of Right; or in the Alternative, Defendants' Motion

---

[1] The 7/26 Order is also available at 2023 WL 4763240.

for His Joinder ("7/27 EO").  [Dkt. no. 185.]  Before this Court are: Defendants Daniel C. Susott ("D. Susott") and Lauryn Galindo's ("Galindo" and collectively "Defendants") Motion for Reconsideration of this Court's Order Denying Their Motion for Summary Judgment, filed on August 8, 2023 ("Summary Judgment Motion for Reconsideration"); and Defendants' Motion for Reconsideration of this Court's Order Dismissing Defendant Daniel C. Susott or Alternatively, Not Reinstating Him, also filed on August 8, 2023 ("Dismissal Motion for Reconsideration" collectively "Motions for Reconsideration").  [Dkt. nos. 186, 187.]  The Motions for Reconsideration are suitable for disposition without a hearing and without further briefing.  See Local Rule LR7.1(d); Local Rule LR60.1.  Defendants' Motions for Reconsideration are hereby denied for the reasons set forth below.

## DISCUSSION

The parties and this Court are familiar with the factual and procedural background of this case, and it need not be repeated here.

## I.   Standards

Because the 7/26 Order was case dispositive, Plaintiffs' Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable."  See Local Rule LR60.1. Because no judgment has been issued in this case, Fed. R. Civ.

2

P. 60 applies.  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for the following reasons: . . . or (6) any other reason that justifies relief."  The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some alterations in Lal).

As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014).  The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  See Sch.

> Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration. Fisher, 49 F. Supp. 3d at 735.  This court "'enjoys considerable discretion in granting or denying the motion.'"  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at *2 (D. Hawai`i Dec. 4, 2020) (footnote omitted).  Because the 7/27 EO is not a case-dispositive order, this Court applies the standard set forth in Local Rule 60.1, which is similar to the Ninth Circuit's standard in School District No. 1J.

## II.  **Request for Reconsideration of the 7/26 Order**

Relevant to the Motions for Reconsideration, the 7/26 Order addressed: Defendants' Motion for Summary Judgment, filed on May 17, 2023; [dkt. no. 158;] and the Motion for [1] Dismissal Without Prejudice of Claims Against Defendant Daniel C. Susott; [2] Summary Judgment on Counts I and III of the Complaint Against Lauryn Galindo; and [3] Order Maintaining Status Quo and [4] Dismissing Count II Against Lauryn Galindo Without Prejudice If the Remainder of this Motion Is Granted that Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and

4

Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust

FBO Daniel C. Susott; and John L. Susott ("Plaintiffs") filed on

May 21, 2023 ("Plaintiffs' Motion"), [dkt. no. 162].  See 7/26

Order, 2023 WL 4763240, at *1.

      A.   **Dismissal of D. Susott**

        In the 7/26 Order, this Court first granted

Plaintiffs' request to dismiss their claims against D. Susott

without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  See

id. at *2-3.  Defendants argue that, before this Court addressed

any portion of Plaintiffs' Motion, this Court should have ruled

on the merits of Defendants' Motion for Summary Judgment, which

was filed first.  At a minimum, they contend this Court should

have considered the two motions simultaneously as to the main

issues.  [Summary Judgment Motion for Reconsideration, Mem. in

Supp. at 8.]  Defendants rely upon Fair Housing Council of

Riverside County, Inc. v. Riverside Two, in which the Ninth

Circuit stated that, "when parties submit cross-motions for

summary judgment, each motion must be considered on its own

merits."  249 F.3d 1132, 1136 (9th Cir. 2001) (brackets,

citations, and internal quotation marks omitted).  The parties

in the instant case, however, did not file cross-motions for

summary judgment.  It was within this Court's discretion to

choose to address Plaintiffs' request to dismiss their claims

against D. Susott before addressing the merits of Defendants'

Motion for Summary Judgment.  See Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases" (citations omitted).

Defendants also argue this Court should reconsider the dismissal of D. Susott because this Court did not consider whether he would be prejudiced by the dismissal.  [Dismissal Motion for Summary Judgment, Mem. in Supp. at 8-9 (citing Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996); Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1093 (9th Cir. 2017)).[2]]  Although this Court did not expressly address the issue of prejudice, this Court considered the issue and ultimately concluded that, "under the circumstances of this case, the dismissal of Plaintiffs' claims against D. Susott, without prejudice, is warranted."  7/26 Order, 2023 WL 4763240, at *3.  D. Susott argues he will suffer plain legal prejudice as a result of the dismissal because he may be required to compensate Galindo for her loss of the apartment unit that he conveyed to her in 2019 ("the Property").  See Dismissal Motion for Reconsideration, Mem. in Supp. at 10.  However, Galindo did

---

[2] The case law Defendants cite from outside of the Ninth Circuit is neither binding nor persuasive.  See Dismissal Motion for Reconsideration, Mem. in Supp. at 8-9 & n.2.

not plead any cross-claim against D. Susott in this case, she
has not filed a separate action against D. Susott in this
district court, nor is there any indication that she has filed
an action against him in any other court.  Even if Galindo later
does file an action against D. Susott seeking reimbursement or
other compensation for her loss of the Property, the rulings
that this Court made regarding the claims between Plaintiffs and
Galindo in this case would not have preclusive effect in that
case between Galindo and D. Susott.  See Auld-Susott v. Galindo,
No. 21-17078, 2023 WL 2929317, at *1-2 & n.1 (9th Cir. Apr. 13,
2023) (holding that this Court erred when it ruled that the
rulings in the prior litigation between Plaintiffs and Galindo
had a preclusive effect on D. Susott in this case).  This Court
therefore rejects Defendants' argument that Plaintiffs' claims
against D. Susott should not have been dismissed because he
would be prejudiced by the dismissal.

Defendants also argue this Court should reconsider the
dismissal of Plaintiffs' claims against D. Susott because there
is "actual or newly discovered facts or evidence that had not
been available" when they filed their memorandum in opposition
to Plaintiffs' Motion on June 6, 2023.  See Dismissal Motion for
Reconsideration, Mem. in Supp. at 9; see also Defendants'
Memorandum in Opposition to Plaintiffs' Motion to Dismiss and
for Summary Judgment, filed 6/6/23 (dkt. no. 168).  It is not

7

clear what new facts or evidence Defendants are relying upon.
To the extent that Defendants contend this Court's rulings in
the 7/26 Order constitute facts that were not available on
June 6, 2023, this Court rejects that argument because
Plaintiffs' Motion requested the relief that was ultimately
granted in the 7/26 Order.  The prejudice D. Susott alleges he
will suffer as the result of his dismissal could have been
anticipated and addressed in Defendants' memorandum in
opposition to Plaintiffs' Motion.

This Court also notes D. Susott previously asserted
that there were new facts that were unavailable prior to the
parties' deadline to amend their pleadings and that those new
facts warranted granting him leave to assert counterclaims
against Plaintiffs.  See generally D. Susott's Motion for Leave
to Amended His Answer to Assert Counterclaims, filed 6/28/23
(dkt. no. 178) ("Motion for Leave").  D. Susott's Motion for
Leave was denied because his proposed counterclaims arising from
the new facts were not compulsory counterclaims, and D. Susott
could assert those claims in a separate action.  See Minute
Order, filed 7/6/23 (dkt. no. 180) ("7/6 EO") (informing the
parties of the Court's inclinations regarding the Motion for
Leave); Minute Order, filed 7/17/23 (dkt. no. 182), at
PageID.2647 (finding that, for the reasons set forth in the 7/6
EO, justice did not require granting the Motion for Leave and

8

denying the motion).  For the same reasons, this Court also
finds that the asserted new facts described in D. Susott's
Motion for Leave do not warrant reconsideration of the dismissal
of Plaintiffs' claims against D. Susott.

To the extent the motions address the portion of the
7/26 Order dismissing Plaintiffs' claims against D. Susott, the
Summary Judgment Motion for Reconsideration and the Dismissal
Motion for Reconsideration are denied.

**B.   Summary Judgment Against Galindo**

In the 7/26 Order, this Court granted summary judgment
in favor of Plaintiffs and against Galindo as to Counts I and
III, and then granted Plaintiffs' request to dismiss their claim
against Galindo in Count II.  2023 WL 4763240, at *3-7.  In
light of those rulings, this Court denied Defendants' Motion for
Summary Judgment as moot.  Id. at *7.  As previously noted, the
parties did not file cross-motions for summary judgment, and it
was within this Court's discretion to address the issues raised
in Plaintiffs' Motion before addressing the issues raised in
Defendants' Motion for Summary Judgment.  However, the fact that
this Court denied Defendants' Motion for Summary Judgment as
moot does not mean that this Court disregarded either
Defendants' Motion for Summary Judgment or the materials
Defendants submitted in support of that motion.  In granting
summary judgment in favor of Plaintiffs as to Counts I and III,

9

this Court considered the record as a whole, in the light most favorable to Galindo as the nonmoving party.  See 7/26 Order, 2023 WL 4763240, at *5-6.  The record as a whole included the evidence that Defendants submitted in connection with Defendants' Motion for Summary Judgment.  This Court also considered the arguments that Defendants presented in connection with Defendants' Motion for Summary Judgment.  Therefore, Defendants' Summary Judgment Motion for Reconsideration is denied as to their argument that this Court failed to consider Defendants' Motion for Summary Judgment.

All of Defendants' other arguments regarding the grant of summary judgment in favor of Plaintiffs and against Galindo merely express Defendants' disagreement with this Court's rulings, and their disagreement is not grounds for reconsideration.  Defendants' Summary Judgment Motion for Reconsideration is denied as to their request for reconsideration of the portion of the 7/26 Order addressing Plaintiffs' claims against Galindo.

## III. **Request for Reconsideration of the 7/27 EO**

In the 7/27 EO, this Court denied D. Susott's Motion to Intervene of Right; or in the Alternative, Defendants' Motion for His Joinder, filed on July 25, 2023 ("Motion to Intervene"), [dkt. no. 183].  This Court denied the Motion to Intervene as moot because, in light of the rulings in the 7/26 Order, there

10

were no remaining claims against Galindo in which D. Susott
could intervene or join.

This Court has denied Defendants' request for
reconsideration of the dismissal Plaintiffs' claims against
D. Susott and their request for reconsideration of this Court's
rulings as to Plaintiffs' claims against Galindo.  Thus, there
are no remaining claims in this case, and there is no pending
claim that D. Susott can intervene in or join.  Defendants have
not established that this Court made a manifest error of law or
fact in the 7/27 EO.  The Dismissal Motion for Reconsideration
is therefore denied as to Defendants' request for
reconsideration of the 7/27 EO.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for
Reconsideration of this Court's Order Denying Their Motion for
Summary Judgment, filed August 8, 2023, and Defendants' Motion
for Reconsideration of this Court's Order Dismissing Defendant
Daniel C. Susott or Alternatively, Not Reinstating Him, also
filed August 8, 2023, are HEREBY DENIED.

There being no remaining claims in this case, the
Clerk's Office is DIRECTED to enter judgment and close the case
immediately.  Judgment is to be entered in favor of Plaintiffs
and against Galindo as to Counts I and III, pursuant to this
Court's July 26, 2023 order.  D. Susott is to be terminated as a

11

defendant and Plaintiffs' claim against Galindo in Count II is
dismissed, pursuant the July 26, 2023 order.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, August 28, 2023.



                                        /s/ Leslie E. Kobayashi
                                        Leslie E. Kobayashi
                                        United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL**; CV 20-
00270 LEK-RT; ORDER DENYING DEFENDANTS' MOTIONS FOR
RECONSIDERATION