UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>        Plaintiffs,<br><br>    vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>        Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' ADDITIONAL MOTION TO DISQUALIFY JUDGE LESLIE E. KOBAYASHI, [FILED 9/26/23 (DKT. NO. 190)]**

On September 26, 2023, Defendants Lauryn Galindo and Daniel C. Susott (collectively "Defendants") filed their Additional Motion to Disqualify Judge Leslie E. Kobayashi ("Motion to Disqualify"). [Dkt. no. 190.] The Motion to Disqualify is brought pursuant to 28 U.S.C. §455(a). The Court has considered the Motion to Disqualify as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

Rules"). Further, it is not necessary for Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") to respond to the Motion to Disqualify. Defendants' Motion to Disqualify is hereby denied for the reasons set forth below.

The instant matter has had a long history, including an appeal, and Defendants have repeatedly sought to delay and otherwise prolong the litigation in the manner best described by Charles Dickens in his novel, Bleak House. However, at least for this trial court, the litigation has run its course and, despite Defendants' attempt to prolong their time in the federal district court, their next course of action, if any, lies with the appellate circuit court. As Defendants themselves recognize, they previously raised the exact generalized complaints about this Court's rulings on appeal and to no avail. See Motion to Disqualify, Mem. in Supp. at PageID 2748. Their arguments in the Motion to Disqualify consist largely of a "cut and paste" from their opening brief in the appeal where the appellate court rejected their claim of judicial bias. See

generally Auld-Susott v. Galindo, No. 21-17078, 2023 WL 2929317, at *2 (9th Cir. Apr. 13, 2023).

Defendants disagree and are dissatisfied with this Court's rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). While Defendants apparently believe that, by adding an allegation that this Court has antagonism toward them, the current Motion to Disqualify is somehow more complete or different from their prior motion (which was denied) or what was raised on appeal, it is not. The rulings are insufficient for a finding of bias or prejudice necessary to merit recusal. Defendants' disagreement with the rulings may be more properly the basis for an appeal, but do not serve as a reason for granting recusal.

The standard for recusal is "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Reasonableness is the key to any determination involving recusal, and an objective standard is applied:

> In 1974 Congress amended the section to replace the subjective test of the previous version of the section with an objective test based on public perception. The Supreme Court discussed this change in Liljeberg v. Health Servs.

3

> Acquisition Corp., explaining that, "The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists." 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) (internal quotation marks omitted). We have restated § 455(a) and ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted); cf. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (articulating a similar standard). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." In re Mason, 916 F.2d 384, 385 (7th Cir. 1990). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." Id. at 386. The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Cooley, 1 F.3d at 993.

United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (footnote omitted). Disqualification is fact-driven and must be determined by "'an independent examination of the unique facts and circumstances of the particular claim at issue.'" Id. (some citations omitted) (quoting United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 1999)).

Looking at the specific facts involved in the rulings, this Court concludes that recusal is not warranted because a

4

reasonable observer with knowledge of "the unique facts and circumstances" of this case would not "perceive[] a significant risk that [this Court] will resolve the case on a basis other than the merits."  See id.

In short, Defendants' unhappiness with the Court's rulings cannot serve as a valid basis for recusal.  See Liteky, 510 U.S. at 555.

## CONCLUSION

In the absence of a reasonable factual basis for recusal, this Court has a duty to hear all assigned cases, including this one.  See Holland, 519 F.3d at 912.  This Court FINDS that there is no reasonable factual basis for recusal and HEREBY DENIES the Motion to Disqualify.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 2, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' ADDITIONAL MOTION TO DISQUALIFY JUDGE LESLIE E. KOBAYASHI, [FILED 9/26/23 (DKT. NO. 190)]**