UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for<br>(1) IRREVOCABLE LIFE INSURANCE<br>TRUST OF JOHN L. SUSOTT AND<br>KATHRYN C. SUSOTT UAD 8/17/1988<br>AS RESTATED, EXEMPT TRUST FBO<br>DANIEL C. SUSOTT, and<br>(2) IRREVOCABLE LIFE INSURANCE<br>TRUST OF JOHN L. SUSOTT AND<br>KATHRYN C. SUSOTT UAD 8/17/1988<br>AS RESTATED, NON-EXEMPT TRUST<br>FBO DANIEL C. SUSOTT; and<br>JOHN L. SUSOTT,<br><br>         Plaintiffs,<br><br>    vs.<br><br>LAURYN GALINDO and DANIEL C.<br>SUSOTT,<br><br>         Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' MOTION TO AMEND OR
ALTER (VACATE) THE JUDGMENT ENTERED ON
AUGUST 28, 2023, [FILED 9/25/23 (DKT. NO. 191)]**

On September 25, 2023, Defendants Lauryn Galindo ("Galindo") and Daniel C. Susott ("D. Susott" and collectively "Defendants") filed their Motion to Amend or Alter (Vacate) the Judgment Entered on August 28, 2023 ("Motion"). The Motion is brought pursuant to Federal Rules of Civil Procedure 59(e). [Motion at 2.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District

of Hawaii ("Local Rules").  Further, it is not necessary for Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") to respond to the Motion.  Defendants' Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The instant matter has had a long history, and the Court here will repeat only those parts of the lengthy docket necessary for the instant Motion:  after summary judgment was granted in favor of Plaintiffs, the amended final judgment was entered on March 3, 2023; [Amended Final Judgment in a Civil Case, filed 3/3/23 (dkt. no. 141);] Defendants filed an appeal on March 10, 2023; [Notice of Appeal, filed 3/10/23 (dkt. no. 142);] the Ninth Circuit Court of Appeals vacated and remanded the claims against D. Susott and ruled that Galindo "is bound by the findings made in connection with the 2019 judgment[,]" but that "the district court's summary judgment [is vacated] in its entirety, leaving it to that court on remand to reexamine . . . the extent to which summary judgment may be warranted . . ."; [Ninth Circuit Court of Appeals Memorandum,

filed 4/13/23 (dkt. no. 151) ("Memorandum Disposition"), at 5-6 (emphasis omitted);] the mandate was filed on May 5, 2023; [Ninth Circuit Court of Appeals Mandate, filed 5/5/23 (dkt. no. 156);] Defendants filed a motion for summary judgment on May 17, 2023; [Defs.' Motion for Summary Judgment, filed 5/17/23 (dkt. no. 158);] Plaintiffs filed a motion seeking dismissal without prejudice of claims against D. Susott, summary judgment on two counts against Galindo, an order maintaining status quo, and dismissal without prejudice on one count against Galindo; [Pltfs.' Motion for [1] Dismissal Without Prejudice of Claims Against Defendant Daniel C. Susott; [2] Summary Judgment on Counts I and III of the Complaint Against Lauryn Galindo; and [3] Order Maintaining Status Quo and [4] Dismissing Count II Against Lauryn Galindo Without Prejudice If the Remainder this Motion is Granted, filed 5/21/23 (dkt. no. 162);] Plaintiffs' motion seeking dismissal of certain claims and summary judgment against Galindo was granted, and Defendants' motion seeking summary judgment was denied on July 26, 2023; [Order:  Granting Plaintiffs' Motion Seeking Dismissal and Summary judgment; Denying Defendants' Motion for Summary Judgment; and Denying as Moot Defendants' Motion to Response Ownership of the Apartment to Defendant Galindo, filed 7/26/23 (dkt. no. 184);] Defendants filed two motions for reconsideration on August 8, 2023; [Defs.' Motion for Reconsideration of this Court's Order Denying Their

Motion for Summary Judgment, filed 8/8/23 (dkt. no. 186); Defs.' Motion for Reconsideration of this Court's Order Dismissing Defendant Daniel C. Susott or Alternatively, Not Reinstating Him, filed 8/8/23 (dkt. no. 187);] Defendants were denied reconsideration of the order dismissing certain claims and granting summary judgment in favor of Plaintiffs and denying summary judgment to Defendants on August 28, 2023; [Order Denying Defendants' Motions for Reconsideration, filed 8/28/23 (dkt. no. 188);] and final judgment was entered in favor of Plaintiffs as to Counts I and III, terminating D. Susott as a defendant, and dismissing Count II against Galindo on August 28, 2023, [Judgment in a Civil Case, filed 8/28/23 (dkt. no. 189)]. Defendants filed the instant Motion on September 25, 2023, and their Notice of Appeal on September 26, 2023, [dkt. no. 193].

## DISCUSSION

A party may file a motion to alter or amend a judgment no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The guiding principles in considering a Rule 59(e) motion are:

> A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct **manifest errors of law**

4

> **or fact upon which the judgment is based;**" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law." Id.

Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis in Turner). Moreover, Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.03[4] (3d ed. 2000)). A motion to amend a previous order "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Id. (quotation marks and citation omitted).

Defendants bring the instant Motion on the basis that the Court committed clear error, there is newly discovered evidence, and they have suffered manifest injustice. See Motion, Mem. in Supp. at 4. The Court addresses each in turn.

### I. Motion to Dismiss D. Susott Without Prejudice

Defendants argue that Plaintiffs' motion to dismiss D. Susott should not have been granted, that he should have remained in the case, and that if he had remained in the case,

5

then summary judgment against Galindo should not have been granted. [Id. at 5.] D. Susott submits that he has been injured due to the granting of summary judgment against Galindo because he has a written agreement executed in April 2023 in which he agreed to reimburse Galindo for fees and costs, loss of the apartment, and any award against her in the instant litigation.[1] [Id. at 7.] His dismissal, he submits, deprived him of "using his excellent defenses against [the fraudulent transfer claims]." [Id. at 8.] Thus, he has suffered "tremendous plain legal prejudice." [Id. at 9.]

A motion for voluntary dismissal is examined pursuant to Rule 41(a)(2) which provides, in pertinent part, that

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). The granting of voluntary dismissal is reviewed for abuse of discretion, and a motion for voluntary

---

[1] These are the same arguments raised in Defendants' Motion for Reconsideration of this Court's Order Dismissing Defendant Daniel C. Susott or Alternatively, Not Reinstating Him, [filed 8/8/23 (dkt. no. 187), at Mem. in Supp. pgs. 8-11,] and that motion was denied on August 28, 2023, [order, filed 8/28/23 (dkt. no. 188)].

dismissal under Rule 41(a)(2) should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982)).

When Plaintiffs filed their motion to dismiss D. Susott voluntarily and without prejudice, D. Susott had not pleaded a counterclaim before being served with that motion.[2] Thus, his "excellent defenses to fraudulent transfer" are not hampered. Plaintiffs are entitled to abandon their federal court claim against D. Susott and, if litigation ensues in state court, he will still be able to defend himself in that forum.

As to his argument that summary judgment was only granted against Galindo only because he was dismissed from the litigation, and therefore he has suffered legal prejudice because of his agreement to indemnify Galindo for fees, costs, and any award against her in the instant litigation, he has failed to demonstrate he has suffered legal prejudice.

> We have previously held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." Westlands [Water Dist. v. United States], 100

---

[2] D. Susott and Galindo filed their Answer to Complaint on August 13, 2020, and their First Amended Answer to Complaint on September 3, 2020. [Dkt. Nos. 18, 20.] Neither response asserted counterclaims.

7

> F.3d [94,] 97 [(9th Cir. 1996)]. In so holding, we also explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. Id. at 96-97. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Hamilton, 679 F.2d at 145.

Id. at 976 (some alterations in Smith). D. Susott's agreement with Galindo was executed by him on April 28, 2023. [Defs.' Separate and Concise Statement of Material Facts in Opposition to Plaintiffs' Motion for Summary Judgment Against Defendant Lauryn Galindo, filed 6/7/23 (dkt. no. 170), Exh. A (Reimbursement Agreement).] He states that he is liable to her for fees, costs and prejudgment interest, possible loss of the apartment, and claims for emotional distress and punitive damages because of his "conduct in 2016[.]" [Id.] This agreement, at most, is a threat of future litigation and therefore insufficient to demonstrate prejudice to a legal claim, interest or argument. Moreover, whether to grant a voluntary dismissal under Rule 41(a)(2) is determined under the case law and rules applicable to that issue (*i.e.*, Rule 41(a)(2)), which is separate and apart from the determination of whether summary judgment is appropriately granted in favor of Plaintiffs and against Galindo (*i.e.*, Fed. R. Civ. P. 56(b)). D. Susott had not filed a counterclaim at the time he was served

8

with the motion to voluntarily dismiss him and failed to demonstrate legal prejudice.  Thus, the Court concludes that no error or mistake of law occurred, nor did manifest injustice result.  Therefore, the Motion's request to alter, amend or vacate the order granting voluntary dismissal of Plaintiffs' claims against D. Susott is denied.

## II.  **Newly Discovered Evidence**

Defendants next argue that his counsel's receipt of a letter from Plaintiffs' counsel notifying Defendants of their intent "to pursue claims for attorney's fees and prejudgment interest[]" is newly discovered evidence necessary to support altering, amending or vacating this Court's prior order. [Motion, Mem. in Supp. at 9; Motion, Decl. of Wayson W.S. Wong, Exh. A (Letter to Wayson Wong from Peter Knapman, Esq., dated 9/11/23).[3]]

Federal Rule of Civil Procedure 60(b) states that

> (b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1)  mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2)  newly discovered evidence that, with reasonable diligence, could not have

---

[3] A letter that Plaintiffs' counsel was required by Local Rule 54.2 to write and send.

9

>       been discovered in time to move for a new
>       trial under Rule 59(b);
>
>       (3)  fraud (whether previously called
>       intrinsic or extrinsic), misrepresentation,
>       or misconduct by an opposing party;
>
>       (4)  the judgment is void;
>
>       (5)  the judgment has been satisfied,
>       released, or discharged; it is based on an
>       earlier judgment that has been reversed or
>       vacated; or applying it prospectively is no
>       longer equitable; or
>
>       (6)  any other reason that justifies
>       relief.

The decision of whether to grant or deny a motion for relief from a final judgment is a matter of the district court's discretion.  Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1001 (9th Cir. 2007).

>       Where Rule 60(b)(2) is invoked, then:
>
>       Relief from judgment on the basis of newly
>       discovered evidence is warranted if (1) the
>       moving party can show the evidence relied on in
>       fact constitutes "newly discovered evidence"
>       within the meaning of Rule 60(b); (2) the moving
>       party exercised due diligence to discover this
>       evidence; and (3) the newly discovered evidence
>       must be of "such magnitude that production of it
>       earlier would have been likely to change the
>       disposition of the case."  Coastal Transfer Co.
>       v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d
>       208, 211 (9th Cir. 1987).

Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).  That the opposing party would seek an award of attorney's fees and prejudgment interest is not "newly

10

discovered evidence" within the meaning of Rule 60(b) because both are permitted by state law. See Haw. Rev. Stat. §§ 607-14, 636-16. In addition, the Court previously granted a motion for attorney's fees, costs and prejudgment interest. See, e.g., Order Denying Defendants' Objections an Adopting, As Modified, the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorney's Fees and Award of Prejudgment Interest, filed 1/30/23 (dkt. no. 138). That Plaintiffs as prevailing parties in the instant action are seeking attorney's fees and prejudgment interest can hardly come as a surprise to Defendants.

Therefore, the Court concludes that Defendants fail to show evidence that constitutes "newly discovered evidence" and denies the Motion as to this argument.

### III. Granting Motion for Summary Judgment Based on Preclusion

Defendants contends that it was clear error to grant summary judgment in favor of Plaintiffs and against Galindo because the Court relied on "facts found in the First Case as facts for the Second Case and determined that plaintiffs were entitled to summary judgment against [Galindo]." [Motion, Mem. in Supp. at 14 (citation omitted).] He also submits that was manifestly unjust for "this Court . . . [to] have made or proved plaintiffs' claims for them." [Id.] Defendants are mistaken. The Ninth Circuit Court of Appeals ruled that

11

> Galindo, however, *is* bound by the findings made in connection with the 2019 judgment. Nonetheless, because the district court's ultimate conclusions and remedy were predicated on its across-the-board application of preclusion principles, we vacate the district court's summary judgment in its entirety, leaving it to that court on remand to reexamine in the first instance the extent to which summary judgment may be warranted **given that preclusion principles apply only as against Galindo**.

[Memorandum Disposition at 5-6 (italics in original) (bold emphasis added).] In other words, the Court's findings filed on February 28, 2019 are considered proven facts as against Galindo. See Auld-Susott, et al. v. Galindo, CV 16-00450 LEK-WRP ("CV 16-450"), Findings of Fact and Conclusions of Law, filed 2/28/19 (dkt. no. 167).[4] In addition, the Ninth Circuit determined that "the preclusion principles" apply to Galindo, and that this Court had to examine anew only as to whether preclusion applied to D. Susott. Therefore, the Court concludes that Defendants fail to show clear error in granting summary judgment in favor of Plaintiffs and against Galindo and merely disagree with the Court's ruling. The Motion is therefore denied as to this argument.

---

[4] Galindo's appeal in CV 16-450 was denied and this Court's judgment was affirmed. See CV 16-450, Ninth Circuit Court of Appeals Memorandum, filed 7/9/21 (dkt. no. 194).

## IV.  **Defendants' Motion for Summary Judgment**

Defendants argue that it was clear error not to rule on Defendants' motion for summary judgment before ruling on Plaintiffs' motion for summary judgment, and because D. Susott had strong legal arguments that "plaintiffs had released [D. Susott] from any individual or personal liability on their judgments on August 1, 2016 (well after the 2010 transfer) . . . ."  [Motion, Mem. in Supp. at 24.]  Defendants fail to recognize that Plaintiffs were granted their request to voluntarily dismiss D. Susott without prejudice.  As a result, there were no remaining claims against him in the instant lawsuit.  Defendants have failed to show that the granting of this dismissal was improper or a mistake of law.  As to the order in which this Court chooses to rule on motions filed before it, Defendants fail to provide any legal authority supporting its proposition that the Court was required to rule on Defendants' summary judgment motion first.  As the Court noted in its order denying Defendants' request for reconsideration of the granting of Plaintiffs' motion for summary judgment, "the parties did not file cross-motions for summary judgment, and it was within this Court's discretion to address the issues raised in Plaintiffs' Motion before addressing the issues raised in the Defendants' Motion for Summary Judgment."  [Order Denying Defendants' Motions for

13

Reconsideration, filed 8/28/23 (dkt. no. 188), at 9.]  This Court is empowered to exercise its discretion in the interest of judicial economy and deciding the motions before it.  In this instance, Plaintiffs provided equitable and legally sound reasons for their voluntary dismissal of D. Susott without prejudice, and D. Susott failed to provide any legally sound basis to deny that request.  Judicial economy dictated that this Court address Plaintiffs' motion for summary judgment before Defendants' motion for summary judgment because D. Susott was no longer a party to this action.  Moreover, in granting summary judgment in favor of Plaintiffs, this Court considered the entire record, in the light most favorable to Galindo, and that record included the arguments and evidence submitted in support of Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Defendants' September 25, 2023 Motion to Amend or Alter (Vacate) the Judgment Entered on August 28, 2023.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 3, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUCOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' MOTION TO AMEND OR ALTER (VACATE) THE JUDGMEMT ENTERED ON AUGUST 28, 2023, [FILED 9/25/23 (DKT. NO. 191)]**