UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>                    Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR AWARD OF PREJUDGMENT INTEREST**

On September 25, 2023, Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") filed their Motion for Award of Prejudgment Interest ("Motion"). [Dkt. no. 192.] Defendant Lauryn Galindo ("Galindo") filed her memorandum in opposition on

October 11, 2023, and Plaintiffs filed their reply on
October 25, 2023.  [Dkt. nos. 204, 207.]  The Court finds this
matter suitable for disposition without a hearing pursuant to
Rule LR7.1(c) of the Local Rules of Practice for the United
States District Court for the District of Hawaii ("Local
Rules").  Plaintiffs' Motion is hereby granted for the reasons
set forth below.

**BACKGROUND**

The parties and the Court are familiar with the
factual and procedural background of this case, and only the
events relevant to the instant Motion will be addressed.

Plaintiffs brought three claims in this case: a
fraudulent conveyance claim, pursuant to the Hawai`i Uniform
Fraudulent Transfer Act, Haw. Rev. Stat. Chapter 651C
("Count I"); unjust enrichment ("Count II"); and constructive
trust ("Count III").  See Complaint, filed 6/12/20 (dkt. no. 1).
Summary judgment was granted in Plaintiffs' favor as to Counts I
and III.  See Order Granting Plaintiffs' Motion for Summary
Judgment, filed 8/18/21 (dkt. no. 88) ("8/18/21 Order"), at 26;
see also Order: Clarifying the Order Granting Plaintiffs' Motion
for Summary Judgment; and Denying Defendants' Motion for
Reconsideration of the Order, filed 9/23/21 (dkt. no. 99)

("9/23/21 Order").[1]  Plaintiffs voluntarily dismissed Count II.
See Order Granting Plaintiffs' Motion to Voluntarily Dismiss
Count II of the Complaint, Filed June 12, 2020 [Dkt. 1], Without
Prejudice, filed 10/21/21 (dkt. no. 110).  Final judgment was
entered on November 22, 2021.  See Judgment in a Civil Case,
filed 11/22/21 (dkt. no. 115) ("11/22/21 Judgment").

Galindo and Defendant Daniel C. Susott ("D. Susott"
and collectively "Defendants") appealed, see Notice of Appeal
from a Judgment or Order of a United States District Court,
filed 12/17/21 (dkt. no. 119), and the 8/18/21 Order and the
11/22/21 Judgment were vacated and remanded by the Ninth
Circuit, see generally United States Court of Appeals for the
Ninth Circuit Memorandum, filed 4/13/23 (dkt. no. 151) ("Ninth
Circuit Memorandum Disposition").[2]  On remand, all of Plaintiffs'
claims against D. Susott were dismissed, summary judgment was
granted in favor of Plaintiffs and against Galindo as to
Counts I and II, and Plaintiffs' claim against Galindo in
Count II was dismissed.  See Order: Granting Plaintiffs' Motion
Seeking Dismissal and Summary Judgment; Denying Defendants'
Motion for Summary Judgment; and Denying as Moot Defendants'

---

[1] The 8/18/21 Order is also available at 2021 WL 3669307,
and the 9/23/21 Order is also available at 2021 WL 4342317.
[2] The Ninth Circuit Memorandum Disposition is also available
at 2023 WL 2929317.

Motion to Restore Ownership of the Apartment to Defendant
Galindo, filed 7/26/23 (dkt. no. 184) ("7/26/23 Order").[3]  A
final judgment was entered pursuant to the 7/26/23 Order.  See
Judgment in a Civil Case, filed 8/28/23 (dkt. no. 189) ("8/28/23
Judgment").[4]  On September 26, 2023, Defendants filed their
notice of appeal from the 8/28/23 Judgment.  [Dkt. no. 193.]

        While Defendants' appeal from the 11/22/21 Judgment
was pending, this Court awarded Plaintiffs $122,472.43 in
prejudgment interest.  See Order Denying Defendants' Objections
and Adopting, as Modified, the Magistrate Judge's Findings and
Recommendation to Grant Plaintiffs' Motion for Taxation of
Attorneys' Fees and Award of Prejudgment Interest, filed 1/30/23
(dkt. no. 138) ("1/30/23 Order"), at 13.[5]  The Ninth Circuit
Memorandum Disposition also vacated the 1/30/23 Order.  Cf.
Minute Order - EO: Court Order Denying Defendants' Motion to
Vacate Amended Final Judgment and the Prior Decisions upon Which
It Was Based, filed 10/10/23 (dkt. no. 203), at PageID.2900-01

---

[3] The 7/26/23 Order is also available at 2023 WL 4763240.

[4] On September 25, 2023, Defendants filed a Motion to Amend
or Alter (Vacate) the Judgment Entered on August 28, 2023.
[Dkt. no. 191.]  That motion was denied in an order filed on
October 3, 2023.  [Dkt. no. 200.]

[5] The 1/30/23 Order is also available at 2023 WL 1099632.
On February 13, 2023, Defendants filed a motion seeking
reconsideration of the 1/30/23 Order, and this Court issued an
entering order denying that motion on March 3, 2023.  [Dkt.
nos. 139, 140.]

("[T]he Ninth Circuit has already vacated the 8/21/21 Order and the orders and judgments entered based upon the 8/21/21 Order." (citations omitted)).

In the instant Motion, Plaintiffs seek an award of $122,472.43 in prejudgment interest, *i.e.*, the same amount that was awarded in the 1/30/23 Order. [Motion at 2.] Plaintiffs argue that amount should be awarded for the same reasons that supported the prior award, either because the analysis in the 1/30/23 Order is the law of the case or because "nothing has changed substantively since this matter was remanded by the Ninth Circuit and judgment was then again awarded in favor of Plaintiffs and against Defendant Lauryn Galindo." [Id.]

## DISCUSSION

The legal standards applicable to a request for prejudgment interest are set forth in the 1/30/23 Order and will not be repeated here. See 1/30/23 Order, 2023 WL 1099632, at *3-4. Although the 1/30/23 Order was vacated by the Ninth Circuit Memorandum Disposition, issues related to prejudgment interest were not before the Ninth Circuit in Defendants' appeal from the 11/22/21 Judgment. Because the analysis in the 1/30/23 Order was not reviewed by the Ninth Circuit, the prejudgment interest rulings in the 1/30/23 Order are subject to the law-of-the-case doctrine, which

generally provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Pepper v. United States, 562 U.S. 476, 506 (2011) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The doctrine "expresses the practice of courts generally to refuse to reopen what has been decided," but it does not "limit [courts'] power." Messenger v. Anderson, 225 U.S. 436 (1912).

Musacchio v. United States, 577 U.S. 237, 244-45 (2016)

(alteration in Musacchio). This district court has recognized

that:

A court may have discretion to depart from the law of the case where (1) "the first decision was clearly erroneous," (2) "an intervening change in the law has occurred," (3) "the evidence on remand is substantially different," (4) "other changed circumstances exist," or (5) "a manifest injustice would otherwise result." [United States v.] Alexander, 106 F.3d [874,] 876 [(9th Cir. 1997)] (citing Thomas [v. Bible], 983 F.2d [152,] 155 [(9th Cir. 1993)]). . . .

Duke's Invs. LLC v. Char, CIVIL NO. 22-00385 JAO-RT, 2023 WL

3166729, at *14 (D. Hawai`i Apr. 28, 2023).

The rulings in the 1/30/23 Order are not clearly

erroneous, and the Ninth Circuit Memorandum Disposition does not

constitute an intervening change in the law regarding

prejudgment interest, nor has there been any other intervening

change in the applicable law. Further, the record in this case

and the circumstances of the parties are substantially the same

now as they were when this Court issued the 1/30/23 Order.[6]  This
Court also finds that no manifest injustice would result if this
Court applied the law-of-the-case doctrine.  The arguments that
Galindo raises in her memorandum in opposition to Plaintiff's
Motion are more appropriate for the pending appeal before the
Ninth Circuit or for a separate action by Galindo against
D. Susott for contribution or indemnification.  This Court
therefore declines to depart from the law of the case in the
1/30/23 Order.  For the reasons stated in the 1/30/23 Order,
this Court concludes that Plaintiffs are entitled to an award of
prejudgment interest in the amount of $122,472.43.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for
Award of Prejudgment Interest, filed September 25, 2023, is
HEREBY GRANTED, and Plaintiffs are AWARDED prejudgment interest
in the amount of $122,472.43.  In light of the pending motion
for attorney's fees, [filed 10/16/23 (dkt. no. 205),] the
Clerk's Office will not be directed to enter an amended final
judgment that includes the prejudgment interest award until
after the attorney's fees are determined.

---

[6] This Court notes that, because Plaintiffs are seeking the
same amount for prejudgment interest as was awarded in the
1/30/23 Order that followed the 11/22/21 Judgment, the requested
amount does not include any additional interest attributable to
the proceedings after remand.

7

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 15, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF PREJUDGMENT INTEREST**