UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>             Plaintiffs,<br><br>     vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>             Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER: DENYING DEFENDANT LAURYN GALINDO'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES;
ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION;
AND GRANTING PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES**

On October 16, 2023, Plaintiffs Evan Auld-Susott

("E. Auld-Susott"), as Trustee for (1) Irrevocable Life

Insurance Trust of John L. Susott and Kathryn C. Susott UAD

8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and

(2) Irrevocable Life Insurance Trust of John L. Susott and

Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust

FBO Daniel C. Susott; and John L. Susott ("J. Susott" and

collectively "Plaintiffs") filed their Motion for Taxation of Attorneys' Fees ("Second Fee Motion Motion"). [Dkt. no. 205.] On February 29, 2024, the magistrate judge issued the Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees ("2/29/24 F&R"). [Dkt. no. 210.] On March 13, 2024, Defendant Lauryn Galindo ("Galindo") filed a motion for reconsideration of the 2/29/24 F&R, and the magistrate judge denied the motion for reconsideration in an order issued on June 28, 2024 ("6/28/24 Order"). [Dkt. nos. 211, 212.]

Before the Court are Galindo's objections to the 2/29/24 F&R and the 6/28/24 Order ("Objections"), filed on July 15, 2024. [Dkt. no. 213.] On July 30, 2024, this Court issued an entering order stating that it was not necessary for Plaintiffs to file a response to the Objections. [Dkt. no. 214.] The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Galindo's Objections are denied, the 2/29/24 F&R is adopted, and Plaintiffs' Second Fee Motion is granted.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background of this case, and the

2

background will only be addressed briefly here. The magistrate

judge summarized this case as follows:

> The district court in [Auld-Susott et al. v.
> Galindo,] CV 16-00450 LEK-RT found that there was
> no consideration paid for the 2010 transfer of
> [an apartment in Princeville, Hawai`i ("the
> Subject Property")] from Defendant Galindo to
> Defendant [Daniel C. Susott ("D. Susott" and "the
> 2010 Transfer")]. In CV 16-00450 LEK-RT, the
> district court ordered that the 2010 transfer was
> void and returned legal title of the Subject
> Property to Defendant D. Susott. In 2019,
> Defendant D. Susott quitclaimed the Subject
> Property back to Defendant Galindo [("the 2019
> Transfer")].

[2/29/24 F&R at 6 n.3]

In the instant case, Plaintiffs brought the following

claims: a fraudulent conveyance claim against Galindo and

D. Susott ("Defendants"), pursuant to the Hawai`i Uniform

Fraudulent Transfer Act ("HUFTA"), Hawai`i Revised Statutes

Chapter 651C ("Count I"); an unjust enrichment claim against

Galindo ("Count II"); and a constructive trust claim against

Galindo ("Count III"). See Complaint, filed 6/12/20 (dkt.

no. 1), at pgs. 5-7. In 2021, summary judgment was granted in

favor of Plaintiffs as to Counts I and III. See Order Granting

Plaintiffs' Motion for Summary Judgment, filed 8/18/21 (dkt.

no. 88) ("8/18/21 Order"), at 26; see also Order: Clarifying the

Order Granting Plaintiffs' Motion for Summary Judgment; and

Denying Defendants' Motion for Reconsideration of the Order,

filed 9/23/21 (dkt. no. 99) ("9/23/21 Order").[1] The summary judgment ruling as to Count I was based on the preclusive effect of the rulings in CV 16-450. See 8/18/21 Order, 2021 WL 3669307, at *8-9. This Court granted Plaintiffs' motion to voluntarily dismiss Count II. See Order Granting Plaintiffs' Motion to Voluntarily Dismiss Count II of the Complaint, Filed June 12, 2020 [Dkt. 1], Without Prejudice, filed 10/21/21 (dkt. no. 110). Judgment was entered on November 22, 2021 ("11/22/21 Judgment"). [Dkt. no. 115.]

On December 17, 2021, Defendants filed a notice of appeal from the 11/22/21 Judgment. [Dkt. no. 119.] The Ninth Circuit vacated the grant of summary judgment and remanded the case, holding that this Court erred in concluding that the rulings in CV 16-450 had a preclusive effect as to D. Susott, who was not a party in CV 16-450. See generally Ninth Circuit Memorandum, filed 4/13/23 (dkt. no. 151) ("4/13/23 Memorandum Disposition").[2] The Ninth Circuit noted that Galindo was bound by the findings in CV 16-450, but the Ninth Circuit vacated the grant of summary judgment in its entirety and directed this Court on remand "to reexamine in the first instance the extent

---

[1] The 8/18/21 Order is also available at 2021 WL 3669307, and the 9/23/21 Order is also available at 2021 WL 4342317.
[2] The 4/13/23 Memorandum Disposition is also available at 2023 WL 2929317.

to which summary judgment may be warranted given that preclusion

principles apply only as against Galindo." 4/13/23 Memorandum

Disposition, 2023 WL 2929317,at *2.

     While the appeal was pending, Plaintiffs' Motion for

Taxation of Attorneys' Fees and Award of Prejudgment Interest,

filed on December 6, 2021 ("First Fee Motion"), [dkt. no. 116,]

was decided. See Order Denying Defendants' Objections and

Adopting, as Modified, the Magistrate Judge's Findings and

Recommendation to Grant Plaintiffs' Motion for Taxation of

Attorneys' Fees and Award of Prejudgment Interest, filed 1/30/23

(dkt. no. 138) ("1/30/23 Order").[3] Plaintiffs were awarded

$48,537.50 in attorney's fees, pursuant to Hawai`i Revised

Statutes Section 607-14.5.[4] 1/30/23 Order, 2023 WL 1099632, at

*5; 2/28/22 F&R, 2022 WL 1570869, at *1.

_____

     [3] The 1/30/23 Order is also available at 2023 WL 1099632.
The 1/30/23 Order modified and adopted the magistrate judge's
Findings and Recommendation to Grant Plaintiffs' Motion for
Taxation of Attorneys' Fees and Award of Prejudgment Interest,
[filed 2/28/22 (dkt. no. 125) ("2/28/22 F&R"),] and the
magistrate judge's Supplement to Findings and Recommendation to
Grant Plaintiffs' Motion for Taxation of Attorneys' Fees and
Award of Prejudgment Interest, [filed 4/29/22 (dkt. no. 128)].
The 2/28/22 F&R is also available at 2022 WL 1570869.

     [4] Hawai`i Revised Statutes Section 607-14.5(a) states, in
pertinent part:

          In any civil action in this State where a party
          seeks money damages or injunctive relief, or
          both, against another party, and the case is
          subsequently decided, the court may, as it deems
                                        (. . . continued)

After the remand from the Ninth Circuit, this Court: granted Plaintiffs' request to dismiss their claims against D. Susott without prejudice; granted summary judgment in favor of Plaintiffs and against Galindo as to Counts I and III; and granted Plaintiffs' request to dismiss their claim against Galindo in Count II. See Order: Granting Plaintiffs' Motion Seeking Dismissal and Summary Judgment; Denying Defendants' Motion for Summary Judgment; and Denying as Moot Defendants' Motion to Restore Ownership of the Apartment to Defendant Galindo, filed 7/26/23 (dkt. no. 184) ("7/26/23 Order"), at 21.[5]

On August 8, 2023, Galindo filed two motions for reconsideration of the 7/26/23 Order. [Dkt. nos. 186, 187.] On August 28, 2023, this Court issued an order denying both motions for reconsideration ("8/28/23 Order"). [Dkt. no. 188.[6]] Also on August 28, 2023, final judgment was entered in favor of Plaintiffs and against Galindo as to Counts I and III pursuant

---

just, assess against either party, whether or not
the party was a prevailing party, and enter as
part of its order, for which execution may issue,
a reasonable sum for attorneys' fees and costs,
in an amount to be determined by the court upon a
specific finding that all or a portion of the
party's claim or defense was frivolous . . . .

[5] The 7/26/23 Order is also available at 2023 WL 4763240.

[6] The 8/28/23 Order is also available at 2023 WL 5529785.

to the 7/26/23 Order. [Judgment in a Civil Case, filed 8/28/23

(dkt. no. 189) ("8/28/23 Judgment").]

On September 25, 2023, Defendants filed a Motion to

Amend or Alter (Vacate) the Judgment Entered on August 28, 2023.

[Dkt. no. 191.] That motion was denied in an order issued on

October 3, 2023 ("10/3/23 Order"). [Dkt. no. 200.[7]] On October 5,

2023, Defendants filed another motion to vacate the 8/28/23

Judgment. [Dkt. no. 202.] That motion was denied in an entering

order issued on October 10, 2023. [Dkt. no. 203.]

On September 26, 2023, Defendants filed their notice

of appeal. [Dkt. no. 193.] The Ninth Circuit affirmed the

8/28/23 Judgment in a memorandum disposition filed on

February 13, 2025 ("2/13/25 Memorandum Disposition"). [Dkt.

no. 216.[8]]

In the Second Fee Motion, Plaintiffs seek an award of

$72,294.04 in attorney's fees, representing $48,537.50 in fees

incurred through the date of the First Fee Motion, and

$23,756.54 incurred after that date. [Second Fee Motion at

PageID.2915-16.] They seek the award pursuant to Hawai`i Revised

Statutes Section 607-14.5. [Id., Mem. in Supp. at 1-2.] In the

---

[7] The 10/3/23 Order is also available at 2023 WL 6450517.

[8] The 2/13/25 Memorandum Disposition is also available at
2025 WL 484620.

Case 1:20-cv-00270-LEK-RT   Document 217   Filed 03/14/25   Page 8 of 14
                              PageID.3049

2/29/24 F&R, the magistrate judge found that Galindo's defenses

to the claims in this case were frivolous, and therefore

Plaintiffs were entitled to an award of attorney's fees and

costs pursuant to Section 607-14.5. [2/29/24 F&R at 7-9.] The

magistrate judge recommended that Plaintiffs be awarded a total

of $72,294.04 consisting of:

-$48,537.50 in attorney's fees, which was the amount awarded in
      the 1/30/23 Order, 2023 WL 1099632, at *5; see 2/29/24 F&R
      at 10-11; and

-$23,756.54 in attorney's fees for work performed since
      January 30, 2023, [2/29/24 F&R at 12].[9]

        The sole argument raised in the Objections is that the

magistrate judge erred in finding that Galindo's defenses were

frivolous. [Objections at 18.] Galindo relied upon three "major

specific defenses" in her motion for reconsideration of the

2/29/24 F&R. See Galindo's Motion for Reconsideration of this

Court's Findings and Recommendation to Grant Plaintiffs' Motion

for Taxation of Attorney's Fees, filed 3/13/24 (dkt. no. 211),

---

        [9] The $23,756.54 sought in the Second Fee Motion represents
work that Plaintiffs' counsel did from January 13, 2022 to
October 30, 2023. See Second Fee Motion, Declaration of Peter
Knapman, Esq. at ¶ 6; id., Exh. 1 (chart of counsel's time
included in the request). The fees sought in the First Fee
Motion were for work that Plaintiffs' counsel did from March 1,
2019 to December 6, 2021. See First Fee Motion, Declaration of
Peter Knapman, Esq. at ¶ 6; id., Exh. 1 (chart of counsel's time
included in the request). Thus, although the 2/29/24 F&R
erroneously states the start date of the Second Fee Request,
see, e.g., 2/29/24 F&R at 12, the error was harmless because
there is no overlap between the fees reflected in the First Fee
Motion and the additional fees sought in the Second Fee Motion.

Mem. in Supp. at 3. However, the Objections focus on two of the

three defenses – "(1) the transfer was for adequate

consideration and (2) plaintiffs were not Daniel Susott's

creditors for this case." [Objections at 2.]

**STANDARD**

> When a party objects to a magistrate judge's
> findings or recommendations, the district court
> must review de novo those portions to which the
> objections are made and "may accept, reject, or
> modify, in whole or in part, the findings or
> recommendations made by the magistrate judge." 28
> U.S.C. § 636(b)(1); United States v. Reyna-Tapia,
> 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)
> ("[T]he district judge must review the magistrate
> judge's findings and recommendations de novo if
> objection is made, but not otherwise."). Under a
> de novo standard, there is no deference to the
> lower court's ruling; rather, the Court "freely
> consider[s] the matter anew, as if no decision
> had been rendered below." Dawson v. Marshall, 561
> F.3d 930, 933 (9th Cir. 2009) (alteration in
> original) (quotations omitted); Freeman v.
> DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir.
> 2006).

Bank of Haw. v. Plimpton, CIVIL NO. 22-00220 JAO-WRP, 2022 WL

17039239, at *1 (D. Hawai`i Nov. 17, 2022) (alterations in Bank

of Haw.).

**DISCUSSION**

To support her position that the magistrate judge

erred in finding that her two primary defenses were frivolous,

Galindo "provides this Court with excerpts of the Opening Brief

defendants filed with the 9th Circuit on 7/12/24 for their

appeal of the 7/26/23 summary judgment." [Objections at 3.]

Galindo does not raise any other arguments. See id. at 3-18.

> The Hawai`i Supreme Court has stated that
>
>> an HRS § 607-14.5(b) "finding of frivolousness is
>> a high bar; it is not enough that a claim be
>> without merit, there must be a showing of bad
>> faith." Tagupa v. VIPDesk, 135 Hawai`i 468, 479,
>> 353 P.3d 1010, 1021 (2015). This court has not
>> defined the contours of HRS § 607-14.5(b)'s
>> "frivolous-plus" finding, but we have assessed
>> bad faith under certain circumstances. For
>> instance, in Tagupa we suggested that "an
>> excessive and unreasonable amount of damages may
>> be an indication of the frivolous and bad faith
>> nature." 135 Hawai`i at 480, 353 P.3d at 1022
>> (cleaned up). And Coll [v. McCarthy] reasoned
>> that the plaintiff's knowledge when filing a
>> complaint that the allegations were false,
>> clearly indicated bad faith. 72 Haw. [20,] 30-31,
>> 804 P.2d [881,] 888 [(1991)]. In Canalez [v.
>> Bob's Appliance Service Center, Inc.] this court
>> declined to award attorney fees, holding that
>> although a party made untrue or inaccurate
>> statements, whether the defendant's "negligence
>> caused the accident still remained unresolved."
>> 89 Hawai`i [292,] 300, 972 P.2d [295,] 303
>> [(1999)]. These cases do not set an
>> insurmountable bad faith bar to HRS § 607-14.5
>> attorney fees. Rather, they stress that "[a]
>> meritless claim, without more, is not sufficient
>> to show that the . . . party acted in bad faith."
>> Pub. Access Trails Hawai`i v. Haleakala Ranch
>> Co., 153 Hawai`i 1, 29, 526 P.3d 526, 554 (2023).

Bd. of Land & Nat. Res. v. Crabtree, 154 Hawai`i 113, 119, 547

P.3d 446, 452 (2024) (some alterations in BLNR).

Insofar as the Objections rely on the arguments that

Defendants raised in their appeal from the 8/28/23 Judgment,

Galindo merely argues that summary judgment should not have been

granted in Plaintiffs' favor, and that Plaintiffs would not be entitled to an award of attorney's fees if the 8/28/23 Judgment is vacated on appeal. Defendants, however, did not prevail on appeal.

Galindo also argues Plaintiffs are not entitled to a fee award under Section 607-14.5 because Defendants asserted defenses that were not frivolous – there was adequate consideration for the 2019 Transfer, and Plaintiffs were not creditors of D. Susott.

As to the creditor defense, this Court found that "the debts that Plaintiffs now assert render them creditors of D. Susott as to the 2019 Transfer are the same as the debts that they asserted in CV 16-450 rendered them creditors of D. Susott as to the 2010 Transfer." 7/26/23 Order, 2023 WL 4763240, at *5. In CV 16-450, this Court ruled that E. Auld-Susott and J. Susott were creditors of D. Susott. [CV 16-450, Order Granting Plaintiffs' Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment, filed 6/27/18 (dkt. no. 122), at 17.[10]] The Judgment in CV 16-450 was affirmed on appeal. See CV 16-450, Ninth Circuit Order and Amended

---

[10] The June 27, 2018 Order in CV 16-450 is also available at 2018 WL 3148095.

Memorandum, filed 7/26/21 (dkt. no. 195).[11] The record in the

instant case indicated that there was no satisfaction of

D. Susott's debts since the conclusion of CV 16-450. 7/26/23

Order, 2023 WL 4763240, at *5. Based on the record in CV 16-450

and the record in the instant case, Galindo's defense that

Plaintiffs were not creditors of D. Susott was "manifestly and

palpably without merit" and therefore frivolous. See BLNR, 154

Hawai`i at 118, 547 P.3d at 451.

As to the adequate consideration defense, the alleged

consideration for the 2019 Transfer was the same purported

consideration that was allegedly provided in the 2010 Transfer,

as well as compensation to Galindo for her waiver of her claim

against D. Susott for indemnification for the attorney's fees

and costs she incurred in CV 16-450 and her claim against him

for emotional distress that she suffered because of CV 16-450.

See 7/26/23 Order, 2023 WL 4763240, at *5. In CV 16-450, this

Court found, by clear and convincing evidence that Galindo did

not provide reasonable consideration for the 2010 Transfer. See

CV 16-450, Findings of Fact and Conclusions of Law, filed

2/28/19 (dkt. no. 167), at ¶ 71.[12] This Court concluded that the

issue of whether Galindo had any claims against D. Susott to

---

[11] The Ninth Circuit's order and amended memorandum decision
are also available at 854 F. App'x 217.
[12] The Findings of Fact and Conclusions of Law in CV 16-450
is also available at 2019 WL 993620.

waive was controlled by the rulings in CV 16-450, and because of

the preclusive effect of the rulings in CV 16-450, "Galindo

[could not] prove that she acted in good faith when she took the

Property in the 2019 Transfer, nor [could] she prove that she

gave D. Susott reasonably equivalent value for the Property."

See 7/26/23 Order, 2023 WL 4763240, at *5-6. Based on the record

in CV 16-450 and the record in the instant case, Galindo's

defense that she gave adequate consideration for the 2019

Transfer was "manifestly and palpably without merit" and

therefore frivolous.

        This Court concludes that, because Galindo raised

frivolous defenses to Plaintiffs' claims in this case,

Plaintiffs are entitled to an award of attorney's fees pursuant

to Hawai`i Revised Statutes Section 607-14.5. Because Galindo

did not object to the magistrate judge's findings and

recommendation regarding the amount of the award, this Court

does not review that portion of the 2/29/24 F&R. See Reyna-

Tapia, 328 F.3d at 1121.

        Galindo's Objections are denied, and the 2/29/24 F&R

is adopted. Plaintiffs' Second Fee Motion is granted, and

Plaintiffs are entitled to an award of $72,294.04 in attorney's

fees.

## CONCLUSION

For the foregoing reasons, Galindo's Objections to the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion for Taxation Of Attorney's Fees, filed July 15, 2024, are HEREBY DENIED, and the magistrate judge's Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees, filed February 29, 2024, are ADOPTED. Plaintiffs' Motion for Taxation of Attorneys' Fees, filed October 16, 2023, is therefore GRANTED. Galindo is ORDERED to pay the $72,294.04 attorney's fee award to Plaintiffs. Galindo's counsel shall tender Galindo's payment to Plaintiffs through Plaintiffs' counsel by **April 14, 2025.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 14, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER:  DENYING DEFENDANT LAURYN GALINDO'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES; ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION; AND GRANTING PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEYS' FEES