UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for<br>(1) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and<br>(2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LAURYN GALINDO and DANIEL C. SUSOTT,<br><br>          Defendants. | CIVIL 20-00270 LEK-RT |

**ORDER DENYING DEFENDANTS' MOTION TO ALTER (SET ASIDE) THE AMENDED JUDGMENT (DKT. 221) AND DEFENDANTS' <u>MOTION TO VOID THE AMENDED JUDGMENT (DKT. 221)</u>**

On May 27, 2025, Defendants Daniel C. Susott ("D. Susott") and Lauryn Galindo ("Galindo" and collectively "Defendants") filed their Motion to Alter (Set Aside) the Amended Judgment (Dkt. 221) ("5/27/25 Motion"), and they filed a document titled "Defendants' Motions to Void the Amended Judgment (Dkt. 221) and Dismiss this Case with Prejudice" on May 30, 2025 ("5/30/25 Motion" and collectively "Motions"). [Dkt. nos. 222, 223.] On June 2, 2025, this Court issued an

entering order finding the Motions suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules") and informing the parties that the Motions were denied. [Dkt. no. 224.] The instant Order supersedes that entering order. Defendants' Motions are denied for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background of this case, and the background will only be addressed briefly here. The original judgment was entered on August 28, 2023 pursuant to the July 26, 2023 summary judgment order ("7/26/23 Order"), [dkt. no. 184].[1] See Judgment in a Civil Case, filed 8/28/23 (dkt. no. 189) ("8/28/23 Judgment").

In the 7/26/23 Order, this Court:

- dismissed all claims against D. Susott without prejudice; 2023 WL 4763240, at *7;

- granted summary judgment against Galindo and in favor of Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott ("Plaintiffs") as to Plaintiffs' fraudulent transfer and constructive trust claims; id.; and

---

[1] The 7/26/23 Order is also available at 2023 WL 4763240.

2

-dismissed Plaintiffs' unjust enrichment claim against Galindo, id.

On September 26, 2023, Defendants filed a notice of appeal from the 8/28/23 Judgment. [Dkt. no. 193.] The Ninth Circuit affirmed the 8/28/23 Judgment in a memorandum disposition filed on February 13, 2025 ("2/13/25 Memorandum Disposition"). [Dkt. no. 216.[2]]

On May 2, 2025, an amended judgment was issued to incorporate the award of prejudgment interest and the award of attorney's fees and costs. See Amended Judgment in a Civil Case, filed 5/2/25 (dkt. no. 221) ("5/2/25 Amended Judgment"); see also Order Granting Plaintiffs' Motion for Award of Prejudgment Interest, filed 11/15/23 (dkt. no. 208) ("11/15/23 Order"); Order: Denying Defendant Lauryn Galindo's Objections to the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion for Taxation of Attorneys' Fees; Adopting the Magistrate Judge's Findings and Recommendation; and Granting Plaintiffs' Motion for Taxation of Attorneys' Fees, filed 3/14/25 (dkt. no. 217) ("3/14/25 Order").[3]

---

[2] The 2/13/25 Memorandum Disposition is also available at 2025 WL 484620.

[3] The 11/15/23 Order is also available at 2023 WL 7706504, and the 3/14/25 Order is also available at 2025 WL 815396. On March 29, 2025, Galindo filed a motion for reconsideration of the 3/14/25 Order, and the motion was denied in an entering order issued on April 22, 2025 ("4/22/25 EO"). [Dkt. nos. 219, 220.]

Defendants bring the 5/27/25 Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [5/27/25 Motion at 2.] Defendants argue the 5/2/25 Amended Judgment was entered because of this Court's actual bias and that this Court's "actual bias has existed since at least January 27, 2021." [5/27/25 Motion, Mem. in Supp. at 1.] Defendants rely upon the evidence of the alleged bias that they cited in prior filings in this case and in their briefing in their appeal before the Ninth Circuit. Defendants also argue the award of attorney's fees is additional evidence of this Court's bias. [Id. at 1-4.]

Defendants bring the 5/30/25 Motion pursuant to Rule 12(b)(1) and (h)(3) and Rule 60(b)(4) of the Federal Rules of Civil Procedure. [5/30/25 Motion at 2.] Defendants argue the 5/2/25 Amended Judgment should be set aside because Plaintiffs lacked standing to bring the motion that this Court granted in the 7/26/23 Order. See id., Mem. in Supp. at 2; see also Plaintiffs' Motion for [1] Dismissal Without Prejudice of Claims Against Defendant Daniel C. Susott; [2] Summary Judgment on Counts I and III of the Complaint Against Lauryn Galindo; and [3] Order Maintaining Status Quo and [4] Dismissing Count II Against Lauryn Galindo Without Prejudice If the Remainder of this Motion Is Granted, filed 5/21/23 (dkt. no. 162) ("Plaintiffs' Summary Judgment Motion").

4

**DISCUSSION**

I. **The 5/27/25 Motion**

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). A Rule 59(e) motion cannot "simply regurgitate[] the same flawed reasons" that the moving party presented in the underlying proceeding. See 1900 Cap. Tr. III by U.S. Bank Tr. N.A. v. Garcia, Case No. 25-cv-00156-DKW-WRP, 2025 WL 1676959, at *1 (D. Hawai`i June 13, 2025) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (stating that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quotation omitted)).

Defendants argue the events that led to the filing of the 5/2/25 Amended Judgment are subsequent evidence of judicial bias that warrants relief under Rule 59(e). [5/27/25 Motion, Mem. in Supp. at 18.] This argument is properly before this Court because it is an attempt to seek relief based on facts

5

that were not available when the issue of judicial bias was previously considered in this case.

However, to the extent that the 5/27/25 Motion is based on other evidence of alleged bias, Defendants improperly attempt to relitigate matters that have been considered and rejected during the underlying proceedings in this district court and by the Ninth Circuit during the appeal. See Order Denying Defendants' Motion to Disqualify or Recuse the Hon. Leslie E. Kobayashi, filed 12/23/20 (dkt. no. 40); Order Denying Defendants' Second Motion to Disqualify the Hon. Leslie E. Kobayashi, filed 9/27/21 (dkt. no. 102); Order Denying Defendants' Additional Motion to Disqualify Judge Leslie E. Kobayashi, [Filed 9/26/23 (Dkt. No. 190)], filed 10/2/23 (dkt. no. 198); 2/13/25 Memorandum Disposition, 2025 WL 484620, at *2 (stating Defendants' judicial bias argument is rejected). Those regurgitated arguments cannot form the basis of Rule 59(e) relief.

Defendants argue this Court exhibited judicial bias in the 3/14/25 Order and the 4/22/25 EO because of the way that this Court analyzed the issue of whether Galindo's defenses were frivolous. [5/27/25 Motion, Mem. in Supp. at 18-19.] As the Ninth Circuit stated in the 2/13/25 Memorandum Disposition, a judge's "actions and comments [alone] are insufficient to prove judicial bias." 2025 WL 484620, at *3 (citing Larson v.

6

Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) (noting that "[i]n the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks" suffice to prove bias, "even if those remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their case.'")). Defendants' 5/27/25 Motion does not identify any evidence that either the 3/14/25 Order or the 4/22/25 EO was issued because this Court was biased due to an extrajudicial source. Defendants' judicial bias argument therefore fails, and Defendants have not established any ground that warrants Rule 59(e) relief from the 5/2/25 Amended Judgment.

## II.   The 5/30/25 Motion

Federal Rule of Civil Procedure 60(b)(4) permits a party to seek relief from a final judgment if the judgment is void. Defendants assert that the 5/2/25 Amended Judgment is void for lack of subject matter jurisdiction because Plaintiffs lacked standing to pursue their claims. See 5/30/25 Motion, Mem. in Supp. at 2. According to Defendants, the judgments that Plaintiffs relied upon to establish their status as D. Susott's creditors were void, and therefore Plaintiffs did not have standing to pursue a fraudulent transfer claim against Galindo. See id. Defendants argue the two judgments that Plaintiffs relied upon expired under Hawai`i law before Plaintiffs' Summary

7

Judgment Motion was filed. See id. at 6-8. Defendants acknowledge that Plaintiffs renewed the judgments in California, but Defendants argue Plaintiffs did not renew the judgments in Hawai`i, and Hawai`i law controls Plaintiffs' claims in this case. [Id. at 9.]

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (citations and internal quotation marks omitted). Defendants have failed to establish that this case is the type of exceptional case where "even an arguable basis for jurisdiction" was lacking. Even assuming, *arguendo*, that Defendants are correct that Plaintiffs' judgments were void under Hawai`i law when summary judgment was granted in favor of Plaintiffs and against Galindo, there was an arguable basis for Plaintiffs' standing because of the renewal of the judgments under California law. Defendants have therefore failed to prove that they are entitled to relief under Rule 60(b)(4) from the 5/2/25 Amended Judgment.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Alter (Set Aside) the Amended Judgment (Dkt. 221), filed May 27, 2025,

and "Defendants' Motions to Void the Amended Judgment (Dkt. 221) and Dismiss this Case with Prejudice," also filed on May 30, 2025, are HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, July 18, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO, ET AL; CV 20-00270 LEK-RT; ORDER DENYING DEFENDANTS' MOTION TO ALTER (SET ASIDE) THE AMENED JUDGMENT (DKT. 221) AND DEFENDANTS' MOTION TO VOID THE AMENDED JUDGMENT (DKT. 221)**